

Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print | GrantedPublicAccess   Logoff VAUGHN2014 |

## 20SL-CC04077 - MARGARET STARKS V ST. LOUIS COUNTY, MISSOURI ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending Display Options: [ All Entries ▾ ]
○ Ascending

---

**03/30/2021** ☐ **Notice of Hearing Filed**
Notice of Hearing; Electronic Filing Certificate of Service.
     **Filed By:** JAMES CAFFRAY THOMECZEK
     **On Behalf Of:** ST. LOUIS COUNTY, MISSOURI, ST. LOUIS COUNTY DEPARTMENT OF PUBLIC HEALTH, ST. LOUIS COUNTY DEPARTMENT OF JUSTICE SERVICES

     ☐ **Cert Serv of Prod of Docs, etc**
Certificate of Service Request for Production of Documents; Electronic Filing Certificate of Service.
     **Filed By:** MARK J PEDROLI
     **On Behalf Of:** MARGARET STARKS

**03/29/2021** ☐ **Suggestions in Support**
Memorandum in Support; Electronic Filing Certificate of Service.
     **Filed By:** JAMES CAFFRAY THOMECZEK
     **On Behalf Of:** ST. LOUIS COUNTY, MISSOURI

     ☐ **Answer Filed**
Answer; Electronic Filing Certificate of Service.
     **Filed By:** JAMES CAFFRAY THOMECZEK
     **On Behalf Of:** ST. LOUIS COUNTY, MISSOURI

     ☐ **Motion to Dismiss**
Partial Motion to Dismiss; Electronic Filing Certificate of Service.
     **Filed By:** JAMES CAFFRAY THOMECZEK
     **On Behalf Of:** ST. LOUIS COUNTY, MISSOURI

**01/21/2021** ☐ **Order Granting Ext of Time**
CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITION. SO ORDERED: JUDGE JASON D. DODSON

     ☐ **Motion for Extension of Time**
Consent Motion for Extension of Time; Electronic Filing Certificate of Service.
     **Filed By:** JAMES CAFFRAY THOMECZEK
     **On Behalf Of:** ST. LOUIS COUNTY, MISSOURI, ST. LOUIS COUNTY DEPARTMENT OF PUBLIC HEALTH, ST. LOUIS COUNTY DEPARTMENT OF JUSTICE SERVICES

     ☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.

EXHIBIT A

     **Filed By:** JAMES CAFFRAY THOMECZEK
     **On Behalf Of:** ST. LOUIS COUNTY, MISSOURI, ST. LOUIS COUNTY DEPARTMENT OF PUBLIC

HEALTH, ST. LOUIS COUNTY DEPARTMENT OF JUSTICE SERVICES

12/07/2020　☐　**Summons Issued-Circuit**
Document ID: 20-SMCC-10868, for TRACHSELL, UNKNOWN.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐　**Summons Issued-Circuit**
Document ID: 20-SMCC-10867, for CRISS, E.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐　**Summons Issued-Circuit**
Document ID: 20-SMCC-10866, for ROTTNEK, FRED.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐　**Summons Issued-Circuit**
Document ID: 20-SMCC-10865, for GUNN, DELORES.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐　**Summons Issued-Circuit**
Document ID: 20-SMCC-10864, for BERNSEN, HERB.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

10/01/2020　☐　**Summons Issued-Circuit**
Document ID: 20-SMCC-9116, for KHAN, FAISAL.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐　**Summons Issued-Circuit**
Document ID: 20-SMCC-9115, for ST. LOUIS COUNTY DEPARTMENT OF JUSTICE SERVICES.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐　**Summons Issued-Circuit**
Document ID: 20-SMCC-9114, for ST. LOUIS COUNTY DEPARTMENT OF PUBLIC HEALTH.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐　**Summons Issued-Circuit**
Document ID: 20-SMCC-9113, for ST. LOUIS COUNTY, MISSOURI.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

09/23/2020　☐　**Request Filed**
Request for Issuance of Summons.
　　**Filed By:** DANIEL JOHN KOLDE
　　**On Behalf Of:** MARGARET STARKS

☐　**Motion Special Process Server**
Request for Appointment of Special Process Server; Request for Appointment of Special Process Server cont; Request for Appointment of Special Process Server cont.
　　**Filed By:** DANIEL JOHN KOLDE
　　**On Behalf Of:** MARGARET STARKS

08/14/2020　☐　**Judge/Clerk - Note**
NO SUMMONS ISSUED DUE TO DFT ADDRESS MISSING. ALL DFT'S MUST HAVE CORRECT ADDRESS LISTED ON PETITION FOR SUMMONS TO BE PROCESSED. PLEASE EFILE A SERVICE MEMO OR SUMMONS REQUEST FORM WITH THE DFTS ADDRESS LISTED AND IF IN STL COUNTY THEN THERE IS A $36/DFT FEE.

08/06/2020　☐　**Filing Info Sheet eFiling**
　　**Filed By:** DANIEL JOHN KOLDE

Case: 4:21-cv-00435-RLW   Doc. #: 1-1   Filed: 04/15/21   Page: 3 of 94 PageID #: 8

- ☐ **Note to Clerk eFiling**
  - **Filed By:** DANIEL JOHN KOLDE

- ☐ **Pet Filed in Circuit Ct**
  - Petition for Damages.
  - **On Behalf Of:** MARGARET STARKS

- ☐ **Judge Assigned**
  - DIV 10

20SL-CC04077

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

**IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY**
**TWENTY-FIRST JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | |
|---|---|
| MARGARET STARKS | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ST. LOUIS COUNTY, | ) |
| | ) |
| ST. LOUIS COUNTY DEPARTMENT | ) |
| OF PUBLIC HEALTH, | ) |
| | ) |
| ST. LOUIS COUNTY DEPARTMENT | ) |
| OF JUSTICE SERVICES, | ) |
| | ) |
| FAISAL KHAN, in his individual | ) |
| capacity, | ) |
| | ) |
| HERB BERNSEN, in his individual | ) |
| capacity, | ) |
| | ) |
| DELORES GUNN, in her individual | ) |
| capacity, | ) |
| | ) |
| FRED ROTTNEK, in his individual | ) |
| capacity, | ) |
| | ) |
| "NURSE MELISSA" DOE, in her individual | ) |
| capacity, | ) |
| | ) |
| E. CRISS, in his individual capacity, | ) |
| | ) |
| COMMANDER TRACHSELL, in his | ) |
| individual capacity, | ) |
| | ) |
| UNKNOWN GUARDS, in their individual | ) |
| capacities, | ) |
| | ) |
| and, | ) |
| | ) |
| UNKNOWN NURSES and/or MEDICAL | ) |
| PROVIDERS, in their individual | ) |
| capacities, | ) |

1

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

|                   |   |
|-------------------|---|
|                   | ) |
| Defendants.       | ) |
|                   | ) |

## PETITION FOR DAMAGES

COMES NOW, Margaret Starks, by and through undersigned counsel, and, for her Petition for Damages, states as follows:

### NATURE OF CASE

1.      This cause of action arises from the tragic and untimely death of Drexel Sparks, while he was being detained at the St. Louis County Justice Center and under the care, custody, and control of the above-named Defendants.  As alleged herein, Defendants failed to provide Mr. Starks with adequate medical attentions and care, including but not limited to failing to provide him with medical care or attention for approximately 29 hours, despite clear instructions to the contrary as provided by their "Clonidine Protocol."  Accordingly, Ms. Starks seeks damages pursuant to 42 U.S.C. 1983 and Missouri common law.

### PARTIES

2.      Plaintiff Margaret Starks, (herein "Ms. Starks"), is and was, at all time relevant, the mother of Drexel Starks (herein "Mr. Starks").  Ms. Starks is the appropriate party to bring this action.

3.      Defendant St. Louis County, Missouri (herein "Defendant St. Louis County") is a political subdivision of the State of Missouri, organized and existing pursuant to the Missouri Constitution and State Law.

4.      Defendant St. Louis County Department of Public Health (herein "Defendant Public Health") is and was, at all times, relevant hereto, an authorized and recognized subdivision and/or department of Defendant St. Louis County.

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

5.      Defendant Department of Justice Services (herein "Defendant Justice Services") is an was, at all times relevant hereto, an authorized and recognized subdivision and/or department of Defendant St. Louis County.

6.      Defendant Faizel Khan (herein "Defendant Khan") was, at all times relevant hereto, the Director of Defendant Public Health.  Defendant Khan was, at all times relevant hereto, acting under of color of state law with respect to the allegations contained herein.   For purposes of Ms. Starks' § 1983 claims, Defendant Khan is named in his individual capacity.

7.      Defendant Herb Bernsen (herein "Defendant Bernsen") was, at all times relevant hereto, the Director of Justice Services.  Defendant Bernsen was, at all times relevant hereto, acting under color of state law with respect to the allegations contained herein.  For purposes of Ms. Starks' § 1983 claims, Defendant Bernsen is named in his individual capacity.

8.      Defendant Delores Gunn (herein "Defendant Gunn") is and was, at all times relevant hereto, a licensed physician and was employee of Defendant St. Louis County and/or was under contract to Defendant St. Louis County to provide medical services and standing medical orders for persons detained by Defendant St. Louis County at the Buzz Westfall Justice Center.  Defendant Gunn was, at all times relevant hereto, acting under of color of state law with respect to the allegations contained herein.  For purposes of Ms. Starks' § 1983 claims, Defendant Gunn is named in her individual capacity.

9.      Defendant Fred Rottnek (herein "Defendant Rottnek") is and was, at all time relevant hereto, a licensed physician and was employee of Defendant St. Louis County and/or was under contract to Defendant St. Louis County to provide medical services and standing medical orders for persons detained by Defendant St. Louis County at the Buzz Westfall Justice Center.  Defendant Rottnek was, at all times relevant hereto, acting under of color of state law

Electronically Filed - St. Louis County - August 06, 2020 - 08:55 PM

with respect to the allegations contained herein.  For purposes of Ms. Starks' § 1983 claims, Defendant Rottnek is named in his individual capacity.

10.     Defendant "Nurse Melissa" Doe (known only as "Nurse Melissa" with her last name presently unknown and herein "Defendant Nurse Melissa") is and was, at all times relevant, an employee of Defendant St. Louis County and assigned to the Buzz Westfall Justice Center.  Defendant "Nurse Melissa" Doe was, at all times relevant hereto, acting under of color of state law with respect to the allegations contained herein.  For purposes of Ms. Starks' § 1983 claims, Defendant Nurse Melissa Doe is named in her individual capacity.

11.     Defendant E. Criss (herein "Defendant Criss") is and was, at all times relevant, an employee of Defendant St. Louis County and assigned to the Buzz Westfall Justice Center. Defendant Criss was, at all times relevant hereto, acting under of color of state law with respect to the allegations contained herein.  For purposes of Ms. Starks' § 1983 claims, Defendant Criss is named in his individual capacity.

12.     Defendant Commander [First Name Unknown] Trachsell is and was, at all times relevant, an employee of Defendant St. Louis County and assigned to the Buzz Westfall Justice Center.  Defendant Trachsell was, at all times relevant hereto, acting under of color of state law with respect to the allegations contained herein.  For purposes of Ms. Starks' § 1983 claims, Defendant Trachsell is named in his individual capacity.

13.     Defendants Unknown Guards are and were, at all times relevant hereto, corrections officers employed by Defendant St. Louis County at the Buzz Westfall Justice Center.  Defendants Unknown Guards were, at all times relevant hereto, acting under of state law with respect to the allegations contained herein.  For purposes of Ms. Starks' § 1983 claims, Defendant Unknown Guards are named in their individual capacities.

Electronically Filed - St. Louis County - August 06, 2020 - 08:55 PM

14.     Defendants Unknown Nurses and/or Medical Providers are and were, at all times relevant hereto, were registered nurses, licensed practical nurses, nurse's or medical assistants, and/or medical providers, of other titles and training, employed by Defendant St. Louis County at the Buzz Westfall Justice Center.  Defendants Unknown Nurses were, at all times relevant hereto, acting under color of state law with respect to the allegations contained herein.  For purposes of Ms. Starks' § 1983 claims, Defendants Unknown Nurses are named in their individual capacities.

## JURISDICTION AND VENUE

15.     As described herein, this Court has jurisdiction to hear this cause of action and over the above-named Defendants.

16.     Venue is proper to this Court, pursuant to §§ 508.010 and 508.060 MO. REV. STAT., in that Defendant St. Louis County is the county in which Plaintiff was first injured by the wrongful acts and/or negligent conduct of Defendants, as alleged herein, and/or as the Circuit Court in which Defendant St. Louis County is situated.

## FACTUAL ALLEGATIONS

17.     Drexel Starks was incarcerated at the Buzz Westfall Justice Center, located in St. Louis County, from approximately August 4, 2015 through August 6, 2015.

18.     On or about August 4, 2015, at approximately 11:58 a.m., Mr. Starks was given a general medical examination upon his intake into the Buzz Westfall Justice Center.

19.     During this intake, it was noted that Mr. Starks had a prior history of drug use.

20.     During this intake, it was noted by Mr. Starks' blood pressure was 122/96, his pulse was "101 (regular), and his pain level was 10/10.

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

21.     During this intake, it was known and/or suspected that Mr. Starks would suffer from drug withdraw symptoms during his incarceration.

22.     It was known and/or should have been known to Defendants that improperly managed drug withdraw posed health risks to Mr. Starks, including but not limited to death.

23.     Due to his past drug use, Mr. Starks was placed on Defendants' "Clonidine Protocol."

24.     Clonidine is approved, by the Food and Drug Administration, for use as a medication used to treat high blood pressure.

25.     Clonidine is often used "off-label" to treat other conditions, including alcohol withdraw and opioid withdraw.

26.     On information and belief, Defendant St. Louis County, Public Health, and Justice Services routinely use Clonidine "off-label" in the Buzz Westfall Justice Center to treat alcohol and opioid withdraw.

27.     Defendants Gunn and/or Rottnek signed "standing orders" permitting the "off-label" use of Clonidine in the Buzz Westfall Justice Center.

28.     Under these "standing orders," staff at the Buzz Westfall Justice Center are allowed the discretion to diagnose and administer Clonidine, "off-label," without having to directly contact Defendants Gunn and/or Rottnek to provide specific or individual details regarding the inmate-patient and/or obtain specific, prior, and patient-specific permission to administer dosages of Clonidine.

29.     Under the "standing orders" for the "Clonidine Protocol," staff at the Buzz Westfall Justice Center were instructed to, *inter alia:*

      a.     monitor patient vital signs and physical symptoms;

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

    b.     monitor blood pressure before each dose of Clonidine; and

    c.     "hold" (not administer) the Clonidine "if systolic blood press is less than

          90 mm Hg OR if pulse is less than 60 bpm."

30.    While the "Clonidine Protocol" provided that Clonidine should not be administered if systolic blood pressure was less than 90 mm Hg, the dosing log provided to jail staff gave contradictory instructions that Clonidine should not be given if systolic blood pressure was less than 100 mm Hg.

31.    Under the "standing orders" for the "Clonidine Protocol," staff at the Buzz Westfall Justice Center were instructed that "if patient symptomatic," they should "schedule a patient to be seen by Medical Provider."

32.    Under the "standing orders" for the "Clonidine Protocol," "if patient symptomatic" was defined only by three examples – "tremors, dehydration, lightheadedness."

33.    On information and belief, under the "standing orders" for the "Clonidine Protocol," the three examples of "tremors, dehydration, lightheadedness" were an inexhaustive list of the possible side-effects of Clonidine and thereby failed to provide staff with proper guidance to determine when urgent medical care was warranted.

34.    On information and belief, under the "standing orders" for the "Clonidine Protocol," the three examples of "tremors, dehydration, lightheadedness" were vague and failed to provide staff with adequate guidance to determine when urgent medical care was warranted.

35.    On information and belief, under the "standing orders" for the "Clonidine Protocol," "if the nurse is concerned that the patient is hemodynamically unstable, call the medial provider."

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

36.     On information and belief, the use of the term "hemodynamically unstable" was over-technical and not properly defined so as to fail to provide the staff with adequate guidance to determine when urgent medical care was warranted.

37.     On information and belief, Defendants Gunn and Rottnek were never specifically contacted regarding Mr. Starks nor personally examined him.

38.     On information and belief, Defendants Gunn and Rottnek knew and/or should have known that Defendants Unknown Nurses and Unknown Guards were not properly skilled and trained to effectively manage the "Clonidine Protocol," particularly with respect to the Defendants' use of licensed practical nurses and/or medical assistants to perform critical assessment tasks.

39.     On information and belief, Defendants Gunn and Rottnek knew and/or should have known that their "standing orders" were not always followed, particularly with respect to the instruction to check the inmate-patient's pulse.

40.     On information and belief, Mr. Starks' was given a scheduled dose of 0.1 mg of Clonidine, on or about August 4, 2020, at approximately 9:00 p.m.

41.     At approximately 12:37 a.m., Defendant Sarah Mueller conducted a "Nurse Visit."

42.     On information and belief, Defendant Mueller failed to check Mr. Starks' pulse as required by the "Clonidine Protocol" during this visit.

43.     As reported by Defendant Mueller, Mr. Starks' blood pressure at this point had fallen from 122/96 to 90/60.

44.     On information and belief, Mr. Starks was given a second dosage of 0.1 mg of Clonidine, on or about August 5, 2020, at approximately 9:00 a.m.

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

45.     On or about August 5, 2020, at approximately 8:42 a.m., a medical assistant checked Mr. Starks' blood pressure and found it to be 90/50.

46.     The medical assistant was concerned about Mr. Starks' blood pressure and notified Defendant Nurse Melissa Doe of her concerns.

47.     On information and belief, Mr. Starks advised jail staff that he was not feeling well, complained of dehydration, and requested to be taken to the infirmary.

48.     On information and belief, Defendants Unknown Guards ignored Mr. Starks' concerns and request to be taken to the infirmary.

49.     On information and belief, Defendant Unknown Guards knew and/or should have known that Mr. Starks was in medical distress, as such distress was and/or should have been readily apparent through regular jail procedures, such as bed-checks, rounds, and other routine interactions with the inmates.

50.     On or about August 6, 2020, at approximately 2:00 p.m., Mr. Starks was found "lying of [*sic.*] floor of cell; small pool of clear saliva noted by patient's fact."

51.     A licensed practical nurse was called to Mr. Starks' cell.

52.     As described by the nurse" Mr. Starks "had rapid breathing, unable to palpate pulse (wrist), or obtain blood pressure; patient's hands/fingers cold, pulse oximeter unable to read Pulse/O2 sats [*sic.*]."

53.     The licensed practical nurse obtained permission from Defendant Criss to transfer Mr. Starks to the infirmary.

54.     On information and belief, despite the urgency of Mr. Starks' condition, forty-five (45) minutes elapsed from the time that Mr. Starks' was discovered in distress in his cell, at approximately 2:00 p.m., until he reached the infirmary, at approximately 2:45 p.m.

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

55.     Upon arrival at the infirmary: "[Mr. Starks'] extremities were cold to the touch and [the nurse] was unable to obtain vital signs . . . with a DINAMAP machine. [Mr. Starks'] breathing was noted to appear slightly labored. [Mr. Starks'] pupils examined and they were noted to be @ 3 in size and sluggishly responded to light. Manual attempt to obtain blood pressure resulted in a reading of 78/50, pulse weak and thread."

56.     The nurse informed staff of "her intention to obtain orders to send [Mr. Starks'] out via 911."

57.     At 2:55 p.m., Defendants' staff working to complete "transfer paperwork."

58.     At 2:57 p.m., Mr. Starks' was transferred to a seating area to wait for EMS.

59.     At 2:59 p.m., Mr. Starks went into distress, was lowered to the floor, and appeared to be "no longer breathing."

60.     At 2:59 p.m., the staff nurse called for the "crash cart" and start "rescue breathing."

61.     At 3:00 p.m., a "Code 1" was called in the infirmary.

62.     At 3:01 p.m., an IV was inserted into Mr. Starks' arm, a "shock was delivered via AED," and CPR was resumed.

63.     By 3:02 p.m., EMS had arrived.

64.     At 3:05 p.m., "EPI [was] given."

65.     At 3:06 p.m., an endotracheal tube had been placed into Mr. Starks.

66.     At 3:07 p.m., no heart rhythm could be found for Mr. Starks.

67.     At 3:09 p.m., Mr. Starks was in "FIB," another shock was given, and CPR was resumed.

68.     At 3:10 p.m., Mr. Starks was given another dose of EPI.

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

69.     At 3:13 p.m., Mr. Starks' pupils were fixed and dilated.

70.     At 3:51 p.m., on August 6, 2015, Mr. Starks was pronounced dead at St. Mary's Health Center, in St. Louis County, Missouri.

71.     Mr. Starks' official cause of death was listed as "unexpected death in patient withdrawing from heroin and cocaine with **dehydration and cardiac dysrhythmia.**"

72.     The medical examiner found that Mr. Starks had been and still was, at the time of his death, restrained at his wrists and ankles.

73.     On information and belief, approximately 29 hours had passed between when Mr. Starks was last checked by medical staff and Defendant Nurse Melissa Doe was notified of concerns about Mr. Starks' blood pressure, on or about August 5, 2020, at approximately 8:42 a.m., and the nurse was called to his cell, on or about August 6, 2020, at approximately 2:00 p.m.

74.     On information and belief, Defendants St. Louis County, Public Health, Justice Services, Khan, and/or Bernsen knew and/or should have known that inmates were reporting health concerns but being denied access to the infirmary.

75.     On information and belief, Defendants St. Louis County, Public Health, Justice Services, Khan, and/or Bernsen knew and/or should have known that the jail staff, including both Defendant Unknown Guards and Unknown Nurses, were not following the "Clonidine Protocol."

76.     On information and belief, Defendants St. Louis County, Public Health, Justice Services, Khan, and/or Bernsen knew and/or should have known that the jail staff, including both Defendant Unknown Guards and Unknown Nurses, were not properly trained to properly follow and manage the "Clonidine Protocol.

### LEGAL CLAIMS

### Count I – Deprivation of Medical Care Pursuant to the 8th and 14th Amendments and Cognizable under 42 U.S.C. 1983

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

### *For All Individual Defendants*

77.    Plaintiff Margaret Starks hereby incorporates by reference, as if set forth fully herein, the preceding paragraphs of this Petition.

78.    Drexel Starks had a serious need for medical treatment, care, and attention while detained at Defendant St. Louis County's Buzz Westfall Justice Center.

79.    Defendants were aware of Mr. Starks' serious need for ongoing medical treatment, care, and attention, pursuant to their own "Clonidine Protocol," statements made by Mr. Starks, and own medical examinations.

80.    Mr. Starks' medical needs were so obvious and apparent as to be recognizable even to a layperson.

81.    While acting under color of state law, Defendants, despite the obviousness and apparentness of Mr. Starks' medical needs, failed and/or refused to provide him with medical care, treatment, and attention, even when directly requested by him.

82.    Defendants had actual knowledge of the substantial risk that Mr. Sparks would suffer serious injury to his health, including the possibility of death, from his medical condition but disregarded that risk by intentionally refusing and/or failing to take any reasonable measures to treat his medical conditions and/or address his medical needs.

83.    As the direct and proximate result of the acts and omissions of Defendants and their deliberate indifference to the serious medical needs of Mr. Starks, while acting alone and acting in concert, Mr. Starks suffered severe and devasting damages and injuries, prior to his death, including but not limited to physical pain and suffering and severe anxiety, fear, and mental anguish.

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

84.     As the direct and proximate result of the acts and omissions of Defendants and their deliberate indifference to the serious medical needs of Mr. Starks, while acting alone and acting in concert, decedent Drexel Starks suffered the loss of life, loss of future enjoyment of life, and loss of future income.

85.     As the direct and proximate result of the acts and omissions of Defendants and their deliberate indifference to the serious medical needs of Mr. Starks, while acting alone and acting in concert, Margaret Starks has been deprived of decedent Drexel Sparks valuable services, companionship, comfort, consortium, support, love, and affection.

86.     The conduct of Defendants, as alleged herein, was wanton, willful, undertaken with evil motives, and/or displayed a deliberate indifference to Drexel Starks' constitutional rights, privileges, and immunities, thereby justifying an award of punitive damages against each individual Defendant, in his or her individual capacity, so as to punish and deter him/her and others from engaging in like misconduct in the future.

87.     As a result of Defendants' unlawful actions and infringements of her protected rights, Plaintiff has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Margaret Starks respectfully prays that this Honorable Court enter judgement in her favor and against each of the individually-named Defendants; award her compensatory and punitive damages; award her reasonable costs and attorneys' fees; and grant her any and all such other relief as this Court deems just and proper.

### Count II – Negligence *Per Se* in Violation of § 221.120 MO. REV. STAT.

#### *For All Individual Defendants*

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

88.     Plaintiff Margaret Starks hereby incorporates by reference, as if set forth fully herein, the preceding paragraphs of this Petition.

89.     Pursuant to § 221.120.1 Mo. Rev. Stat., "[i]f any prisoner confined to the county jail is sick and in the judgment of the jailer, requires the attention of a physician, dental care, or medicine, the jailer shall procure the necessary medicine, dental care or medical attention necessary and proper to maintain the health of the prisoner."

90.     Between August 4, 2020 and August 6, 2020, Drexel Starks was a detainee and inmate at the Buzz Westfall Justice Center and under the care, custody, and control of Defendants.

91.     While Drexel Starks was a detainee and inmate at the Buzz Westfall Justice Center, he was in serious need of medical care and attention.

92.     Despite knowledge of the fact that Drexel Starks was in need of serious medical care and attention, Defendants failed to provide such medical care and attention.

93.     Through their acts and omissions, Defendants violated the requirements of § 211.120 Mo. Rev. Stat., with regard to the rights Drexel Starks to have access to and receive necessary and proper medical attention.

94.     In enacting § 211.120 Mo. Rev. Stat., the Missouri legislature clearly exercised its legislative will and intent to protect a class of persons, namely jail detainees and inmates, by establishing the requirement that they be provided with necessary and proper medical care and attention.

95.     In committing the acts and omissions, as alleged herein, Defendants violated their duties of care, as established in § 211.120 Mo. Rev. Stat.

14

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

96.     As the direct and proximate result of Defendants' acts and omissions, as alleged herein, Drexel Starks suffered devastating personal injuries, physical pain and suffering, emotional distress, and mental anguish, and ultimately death.

97.     As the direct and proximate result of Defendants' acts and omissions, as alleged herein, Margaret Starks has been deprived of Drexel Starks' valuable services, companionship, comfort, consortium, support, love, and affection.

98.     As the direct and proximate result of Defendants' acts and omissions, as alleged herein, decedent Drexel Starks suffered loss of life, loss of future enjoyment of life, and loss of future income.

99.     The conduct of Defendants, as alleged herein, displayed a complete and utter indifference to and/or conscious disregard for the life and safety of Drexel Starks and others, such that punitive damages are warranted to deter Defendants and others from like misconduct in the future.

WHEREFORE, Plaintiff Margaret Starks respectfully prays that this Honorable Court enter judgement in her favor and against each of the individually-named Defendants; award her compensatory and punitive damages; award her reasonable costs and attorneys' fees; and grant her any and all such other relief as this Court deems just and proper.

### Count III – Failure to Train, Supervise, and/or Discipline

***Monell Liability Against Defendants St. Louis County, Public Health, and Justice Services***

100.     Margaret Starks hereby incorporates by reference, as if set forth fully herein, the preceding paragraphs of this Petition.

101.     As described herein, Defendants Khan, Bernsen, Gunn, Rottnek, "Nurse Melissa" Doe, E. Criss, Commander Trachsell, Unknown Guards, and Unknown Nurses and/or Medical

15

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

Providers, while acting under color of state law and in concert with others, deprived Drexel Starks of his rights, privileges, and immunities as secured by the Constitution of the United States of America.

102.    Defendants St. Louis County, Public Health, and Justice Services knew and/or should have known that the individually-named Defendants had a history and ongoing pattern and practice of acting in a manner that was violative of the constitutional rights of the jail inmates, misused and/or abused their positions and/or failed to adequately perform their job duties.

103.    Defendants St. Louis County, Public Health, and Justice Services knew and/or should have known that the individually-named Defendants were improperly trained with respect to their job duties, including but not limited to management of inmates suffering from opioid withdraw and/or application of the "Clonidine Protocol."

104.    Despite their knowledge of the individually-named Defendants history, ongoing pattern and practices of acting in an unreasonable and/or unconstitutional manner, and/or improper training, Defendants St. Louis County, Public Health, and Justice Services' training and/or disciplinary policies were inadequate to prevent the individually-named Defendants from continuing to engage in actions which violated the constitutional protections afforded to the inmates of the jail.

105.    Defendant St. Louis County, Public Health, and Justice Services' acts and failures to act with respect to the conduct of the individually-named Defendants was due to deliberate indifference and was so closely related to the individually-named Defendants violations of Drexel Starks constitutional rights as to be a moving factor.

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

106.    As a direct and proximate results of the acts of Defendants St. Louis County, Public Health, and Justice Center, Drexel Starks suffered damages in the form of, *inter alia*, deprivation of her constitutional rights as guaranteed under the Eighth and Fourteenth Amendments and as protected by 42 U.S.C. § 1983.

107.    As the direct and proximate results of the actions of the individually-named Defendants and Defendants St. Louis County, Public Health, and Justice Services, Drexel Starks suffered devastating personal injuries, physical pain and suffering, emotional distress, and mental anguish, and ultimately death.

108.    As the direct and proximate result of the acts and omissions of the individually-named Defendants and Defendants St. Louis County, Public Health, and Justice Services, Margaret Starks has been deprived of Drexel Starks' valuable services, companionship, comfort, consortium, support, love, and affection.

109.    As a result of Defendants St. Louis County, Public Health, and Justice Services' unlawful actions and infringements of her protected rights, Plaintiff has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Margaret Starks respectfully prays that this Honorable Court enter judgement in her favor and against each of the individually-named Defendants; award her compensatory and punitive damages; award her reasonable costs and attorneys' fees; and grant her any and all such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Daniel J. Kolde*
Daniel J. Kolde, MoBar No. 64965
P.O. Box 440344

Electronically Filed - St Louis County - August 06, 2020 - 08:55 PM

St. Louis, Missouri 63144-9998
Tel:     636.675.5383
Email: daniel.kolde.law@gmail.com




*/s/ Mark J. Pedroli*
Mark J. Pedroli, MoBar No. 50787
7777 Bonhomme Ave., Ste 2100
Clayton, Missouri 63102
314.669.1817 (telephone)
314.789.7400 (fax)
Mark@PedroliLaw.com

*ATTORNEYS FOR PLAINTIFF*

Electronically Filed - St Louis County - September 23, 2020 - 04:54 PM

**IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY**
**TWENTY-FIRST JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

MARGARET STARKS                         )
                                        )     Case No.: 20SL-CC04077
                                        )
v.                                      )     Division 10
                                        )
ST. LOUIS COUNTY, et al.,               )
                                        )
        Defendants.                     )

**REQUEST FOR ISSUANCE OF SUMMONS**

COMES NOW Plaintiff Margaret Starks, by and through undersigned counsel, and

hereby requests the Issuance of Summons, in the above captioned matter and for the below listed

Defendants, to be served by special process server (Requests for Appointment of Special Process

Server filed contemporaneously with this present Request):

St. Louis County, Missouri
41 South Central Avenue, 9th Floor
St. Louis, Missouri 63105

St. Louis County – Department of Public Health
6121 North Hanley Road
St. Louis, Missouri 63134

St. Louis County – Department of Justice Services
100 South Central Avenue, Suite 7
St. Louis, Missouri 63105

Faisal Khan
41 South Central Avenue, 9th Floor
St. Louis, Missouri 63105

Herb Bernsen
41 South Central Avenue, 9th Floor
St. Louis, Missouri 63105

Delores Gunn
41 South Central Avenue, 9th Floor
St. Louis, Missouri 63105

Electronically Filed - St Louis County - September 23, 2020 - 04:54 PM

Fred Rottnek
41 South Central Avenue, 9th Floor
St. Louis, Missouri 63105

E. Criss
100 South Central Avenue, Suite 7
St. Louis, Missouri 63105

[First Name Unknown] Trachsell
100 South Central Avenue, Suite 7
St. Louis, Missouri 63105.

Respectfully submitted,


*/s/ Daniel J. Kolde*
Daniel J. Kolde, MoBar No. 64965
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel:     636.675.5383
Email: daniel.kolde.law@gmail.com

*/s/ Mark J. Pedrolli*
Mark J. Pedrolli, MoBar No. 50787
7777 Bonhomme Ave., Ste 2100
Clayton, Missouri 63102
314.669.1817 (telephone)
314.789.7400 (fax)
Mark@PedroliLaw.com

*ATTORNEYS FOR PLAINTIFF*

Electronically Filed - St Louis County - September 23, 2020 - 04:39 PM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

Margaret Starks
_____
Plaintiff/Petitioner

vs.

St. Louis County, et al.
_____
Defendant/Respondent

September 23, 2020
_____
Date

20SL-CC04077
_____
Case Number

10
_____
Division

For File Stamp Only

## __REQUEST FOR APPOINTMENT OF PROCESS SERVER__

Comes now  Plaintiff Margaret Starks _____, pursuant
                      Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Robert Pedroli, 130 S. Bemiston, Suite 300, Clayton, MO  63105; 314-775-4948
_____
Name of Process Server            Address                                    Telephone

Kathleen Langdon, Same Address
_____
Name of Process Server            Address or in the Alternative              Telephone

_____
Name of Process Server            Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
[First Name Unknown] Trachsell
_____
Name
100 S. Central Avenue, Suite 7
_____
Address
St. Louis, Missouri 63105
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk


By _____
      Deputy Clerk

_____
Date

/s/ Daniel J. Kolde
_____
Attorney/Plaintiff/Petitioner
# 64965
_____
Bar No.
P.O. Box 440344
_____
Address
(636) 675-5383
_____
Phone No.                              Fax No.

CCADM62-WS    Rev. 03/14

Electronically Filed - St Louis County - September 23, 2020 - 04:39 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - September 23, 2020 - 04:39 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

 Margaret Starks
Plaintiff/Petitioner

vs.

 St. Louis County, et al.
Defendant/Respondent

 September 23, 2020
Date

 20SL-CC04077
Case Number

 10
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Margaret Starks , pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Robert Pedroli, 130 S. Bemiston, Suite 300, Clayton, MO  63105; 314-775-4948
Name of Process Server          Address                                                      Telephone

 Kathleen Langdon, Same Address
Name of Process Server          Address or in the Alternative                     Telephone

Name of Process Server          Address or in the Alternative                     Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
 Herb Bernsen
Name
 41 South Central Avenue, 9th Floor
Address
 St. Louis, MO 63105
City/State/Zip

SERVE:
 Delores Gunn
Name
 41 South Central Avenue, 9th Floor
Address
 St. Louis, MO 63105
City/State/Zip

SERVE:
 Fred Rottnek
Name
 41 South Central Avenue, 9th Floor
Address
 St. Louis, MO 63105
City/State/Zip

SERVE:
 E. Criss
Name
 100 South Central Avenue, Suite 7
Address
 St. Louis, MO 63105
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____
Deputy Clerk

_____
Date

 /s/ Daniel J. Kolde
Attorney/Plaintiff/Petitioner
 # 64965
Bar No.
 P.O. Box 440344
Address
 (636) 675-5383
Phone No.                                          Fax No.

CCADM62-WS    Rev. 03/14

Electronically Filed - St Louis County - September 23, 2020 - 04:39 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - September 23, 2020 - 04:39 PM

**In the**

# CIRCUIT COURT
**Of St. Louis County, Missouri**

 Margaret Starks
Plaintiff/Petitioner

vs.

 St. Louis County, et al.
Defendant/Respondent

September 23, 2020
Date

20SL-CC04077
Case Number

10
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Margaret Starks                                        , pursuant
                          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Robert Pedroli, 130 S. Bemiston, Suite 300, Clayton, MO  63105; 314-775-4948
Name of Process Server                          Address                                              Telephone

 Kathleen Langdon, Same Address
Name of Process Server                          Address or in the Alternative                  Telephone


Name of Process Server                          Address or in the Alternative                  Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
 [First Name Unknown] Trachsell
Name                                            Name
 100 S. Central Avenue, Suite 7
Address                                         Address
 St. Louis, Missouri 63105
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                 /s/ Daniel J. Kolde
                                                Attorney/Plaintiff/Petitioner
                                                 # 64965
By    */s/LaKrisha Gardner*                      Bar No.
Deputy Clerk                                     P.O. Box 440344
                                                Address
        *12/7/2020*                              (636) 675-5383
Date                                            Phone No.                          Fax No.

CCADM62-WS     Rev. 03/14

Electronically Filed - St Louis County - September 23, 2020 - 04:39 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM6-WS      Rev. 03/14

Electronically Filed - St Louis County - September 23, 2020 - 04:39 PM

**In the**

# CIRCUIT COURT
### Of St. Louis County, Missouri

_September 23, 2020_
Date

Margaret Starks
Plaintiff/Petitioner

_20SL-CC04077_
Case Number

vs.

_10_
Division

St. Louis County, et al.
Defendant/Respondent

For File Stamp Only

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now  Plaintiff Margaret Starks , pursuant
　　　　　　　　　　Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Robert Pedroli, 130 S. Bemiston, Suite 300, Clayton, MO  63105; 314-775-4948
Name of Process Server　　　　　　　Address　　　　　　　　　　　　　　　Telephone

Kathleen Langdon, Same Address
Name of Process Server　　　　　　　Address or in the Alternative　　　　　　Telephone


Name of Process Server　　　　　　　Address or in the Alternative　　　　　　Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
 Herb Bernsen
Name
 41 South Central Avenue, 9th Floor
Address
 St. Louis, MO 63105
City/State/Zip

SERVE:
 Delores Gunn
Name
 41 South Central Avenue, 9th Floor
Address
 St. Louis, MO 63105
City/State/Zip

SERVE:
 Fred Rottnek
Name
 41 South Central Avenue, 9th Floor
Address
 St. Louis, MO 63105
City/State/Zip

SERVE:
 E. Criss
Name
 100 South Central Avenue, Suite 7
Address
 St. Louis, MO 63105
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk


By ___/s/LaKrisha Gardner_____
　　Deputy Clerk

_____12/7/2020_____
Date

 _/s/ Daniel J. Kolde_____
Attorney/Plaintiff/Petitioner
 # 64965
Bar No.
 P.O. Box 440344
Address
 (636) 675-5383
Phone No.　　　　　　　　　　　　Fax No.

CCADM62-WS    Rev. 03/14

Electronically Filed - St Louis County - September 23, 2020 - 04:39 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM6-WS      Rev. 03/14



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JASON DAVID DODSON | Case Number:  20SL-CC04077 |
| Plaintiff/Petitioner:<br>MARGARET STARKS | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN KOLDE<br>SUITE 200<br>906 OLIVE STREET<br>SAINT LOUIS, MO  63101 |
|                                vs. | |
| Defendant/Respondent:<br>ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  ST. LOUIS COUNTY, MISSOURI
                             Alias:

**41 SOUTH CENTRAL**
**ST. LOUIS, MO  63105**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

      **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>01-OCT-2020</u>                                  _____
**Date**                                               Clerk

**Further Information:**
**MG**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
     Printed Name of Sheriff or Server               Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

      My commission expires: _____      _____
                                 Date                      Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JASON DAVID DODSON | Case Number:  20SL-CC04077 |
| Plaintiff/Petitioner:<br>MARGARET STARKS | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN KOLDE<br>SUITE 200<br>906 OLIVE STREET<br>SAINT LOUIS, MO  63101 |
| vs. | |
| Defendant/Respondent:<br> ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:**  ST. LOUIS COUNTY DEPARTMENT OF PUBLIC HEALTH<br>Alias: | |

**6121 NORTH HANLEY ROAD<br>ST. LOUIS, MO  63134**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>01-OCT-2020</u>
**Date**

_____
Clerk

**Further Information:**
MG

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____  _____
  Printed Name of Sheriff or Server         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*  Subscribed and sworn to before me on _____ (date).

  My commission expires: _____  _____
               Date         Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3)** __Early Neutral Evaluation ("ENE"):__ A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4)** __Mini-Trial:__ A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5)** __Summary Jury Trial:__ A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JASON DAVID DODSON | Case Number:  20SL-CC04077 |
| Plaintiff/Petitioner:<br>MARGARET STARKS | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN KOLDE<br>SUITE 200<br>906 OLIVE STREET<br>SAINT LOUIS, MO  63101 |
|                                     vs. | |
| Defendant/Respondent:<br> ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  ST. LOUIS COUNTY DEPARTMENT OF JUSTICE SERVICES
                **Alias:**

**100 SOUTH CENTRAL, SUITE 7**
**ST. LOUIS, MO  63105**

***COURT SEAL OF***



***ST. LOUIS COUNTY***

        **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>01-OCT-2020</u>                          _____
**Date**                                                 Clerk

**Further Information:**
**MG**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
     Printed Name of Sheriff or Server                          Signature of Sheriff or Server
              **Must be sworn before a notary public if not served by an authorized officer:**

              Subscribed and sworn to before me on _____ (date).

*(Seal)*              My commission expires: _____     _____
                                        Date                               Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JASON DAVID DODSON | Case Number:  20SL-CC04077 |
|---|---|
| Plaintiff/Petitioner:<br>MARGARET STARKS | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN KOLDE<br>SUITE 200<br>906 OLIVE STREET<br>SAINT LOUIS, MO  63101 |
| **vs.** | |
| Defendant/Respondent:<br> ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **FAISAL KHAN**
                     **Alias:**

**41 SOUTH CENTRAL**
**ST. LOUIS, MO  63105**

***COURT SEAL OF***



***ST. LOUIS COUNTY***

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>01-OCT-2020</u>          _____
**Date**                           |  Clerk

**Further Information:**
**MG**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____   _____
Printed Name of Sheriff or Server       Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*  Subscribed and sworn to before me on _____ (date).

    My commission expires: _____  _____
               Date          Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.   **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** <u>**Mediation:**</u> A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JASON DAVID DODSON | Case Number:  20SL-CC04077 |
|---|---|
| Plaintiff/Petitioner:<br>MARGARET STARKS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN KOLDE<br>P.O. BOX 440344<br>ST. LOUIS, MO  63144 |
| Defendant/Respondent:<br> ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

## Summons in Civil Case

| The State of Missouri to:  UNKNOWN TRACHSELL<br>          Alias:<br><br>**100 SOUTH CENTRAL, SUITE 7**<br>**ST. LOUIS, MO  63105** |
|---|



*COURT SEAL OF*

*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>07-DEC-2020</u>
Date                                                                                                _____ Clerk
Further Information:
LG

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                                     Signature of Sheriff or Server
                        **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*            Subscribed and sworn to before me on _____ (date).

                   My commission expires: _____          _____
                                                     Date                                               Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JASON DAVID DODSON | Case Number:  20SL-CC04077 |
| Plaintiff/Petitioner:<br>MARGARET STARKS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN KOLDE<br>P.O. BOX 440344<br>ST. LOUIS, MO  63144 |
| Defendant/Respondent:<br> ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  HERB BERNSEN
                              Alias:
**41 SOUTH CENTRAL AVE 9TH FLOOR**
**ST. LOUIS, MO  63105**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>07-DEC-2020</u>
Date                                                          Clerk

Further Information:
LG

## Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                  _____
        Printed Name of Sheriff or Server                                  Signature of Sheriff or Server
                    **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

              My commission expires: _____         _____
                                                Date                               Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JASON DAVID DODSON | Case Number:  20SL-CC04077 |
| Plaintiff/Petitioner:<br>MARGARET STARKS<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN KOLDE<br>P.O. BOX 440344<br>ST. LOUIS, MO  63144 |
| Defendant/Respondent:<br> ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

<div align="right">(Date File Stamp)</div>

## Summons in Civil Case

The State of Missouri to:  FRED ROTTNEK
                              Alias:

**41 SOUTH CENTRAL ave 9th floor**
**ST. LOUIS, MO  63105**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>07-DEC-2020</u>
  **Date**

                                     /Clerk

**Further Information:**
**LG**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*     Subscribed and sworn to before me on _____ (date).

          My commission expires: _____          _____
                                Date                                                          Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JASON DAVID DODSON | Case Number: 20SL-CC04077 |
| Plaintiff/Petitioner:<br>MARGARET STARKS | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN KOLDE<br>P.O. BOX 440344<br>ST. LOUIS, MO 63144 |
| vs. | |
| Defendant/Respondent:<br>ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: E CRISS
Alias:

**100 SOUTH CENTRAL, SUITE 7**
**ST. LOUIS, MO 63105**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>07-DEC-2020</u>
**Date**

_____ Clerk

**Further Information:**
**LG**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                              Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JASON DAVID DODSON | Case Number:  20SL-CC04077 |
|---|---|
| Plaintiff/Petitioner:<br>MARGARET STARKS<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN KOLDE<br>P.O. BOX 440344<br>ST. LOUIS, MO  63144 |
| Defendant/Respondent:<br>ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  DELORES GUNN
>    Alias:

**41 SOUTH CENTRAL9TH FLOOR**
**ST. LOUIS, MO  63105**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>07-DEC-2020</u>
**Date**

_____ Clerk

**Further Information:**
**LG**

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server                         Signature of Sheriff or Server
   **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

          My commission expires: _____          _____
                                                    Date                              Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $   10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - January 21, 2021 - 09:06 AM

**IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY**
**21st JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MARGARET STARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20SL-CC04077 |
| v. | ) | |
| | ) | Div. 10 |
| ST. LOUIS COUNTY, MISSOURI, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, James C. "Jake" Thomeczek, Assistant County Counselor, and the Office

of the County Counselor, and enters his appearance on behalf of Defendant St. Louis County,

Missouri.[1]

Respectfully submitted,

BETH ORWICK
ST. LOUIS COUNTY COUNSELOR

*/s/ James C. "Jake" Thomeczek*
James C. "Jake" Thomeczek, #70385
Assistant County Counselor
Lawrence K. Roos County Government Building
41 S. Central Avenue, Ninth Floor
Clayton, MO 63105
Phone: (314) 615-8535
Fax: (314) 615-3732
Jthomeczek@stlouisco.com

*Attorneys for Defendants*

---

[1] This is an Entry for St. Louis County, Missouri, a suable entity which includes divisions and subdivisions of County government.  Defendants St. Louis County Department of Public Health and St. Louis County Department of Justice Services are mere subdivisions of St. Louis County Government and cannot be sued in their own capacity. *See Jordan v. Kansas City,* 929 S.W.2d 882, 887-88 (Mo. App. W.D. 1996)*; Catlett v. Jefferson County*, 299 F.Supp.2d 967, 968-69 (E.D. Mo. 2004) (quoting Missouri law); *Franklin v. St. Louis County Board of Police Commissioners*, 2015 WL 4131486 (E.D. Mo. July 8, 2015).

Electronically Filed - St Louis County - January 21, 2021 - 09:06 AM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court and served on all counsel of record via the Court's electronic filing system on this 21st day of January, 2021.

*/s/ James C. "Jake" Thomeczek*

2

Electronically Filed - St Louis County - January 21, 2021 - 09:06 AM

**IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY**
**21st JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

MARGARET STARKS,                          )
                                          )
      Plaintiff,                        )
                                          )          Case No. 20SL-CC04077
v.                                        )
                                          )          Div. 10
ST. LOUIS COUNTY, MISSOURI, et. al.,      )
                                          )
      Defendants.                       )

## CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITION

COMES NOW Defendant St. Louis County, Missouri, by and through undersigned counsel, and hereby moves that the time for filing responsive pleadings to the Petition be extended for a period of sixty (60) days.  Defendant County requests through **March 29, 2021** to file its response.  Counsel for Plaintiff, Mark Pedroli, has consented to the proposed extension of time.

WHEREFORE, Defendant prays this Court grant leave for Defendant County to file its responsive pleadings on or before March 29, 2021, and for all other relief this Court deems just and proper.

Respectfully submitted,

BETH ORWICK
ST. LOUIS COUNTY COUNSELOR

*/s/ James C. "Jake" Thomeczek*
James C. "Jake" Thomeczek, #70385
Assistant County Counselor
Lawrence K. Roos County Government Building
41 S. Central Avenue, Ninth Floor
Clayton, MO 63105
Phone: (314) 615-8535
Fax: (314) 615-3732
Jthomeczek@stlouisco.com

*Attorneys for Defendant St. Louis County, Missouri*

Electronically Filed - St Louis County - January 21, 2021 - 09:06 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court and served on all counsel of record via the Court's electronic filing system on this 21st day of January, 2021.

*/s/ James C. "Jake" Thomeczek*

Electronically Filed - St. Louis County - January 21, 2021 - 09:06 AM

**IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY**
**21st JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

|                                          |     |
|------------------------------------------|-----|
| MARGARET STARKS,                         | )   |
|                                          | )   |
|     Plaintiff,       | )   |
|                                          | )   |
| v.                                       | )   |
|                                          | )   |
| ST. LOUIS COUNTY, MISSOURI, et. al.,     | )   |
|                                          | )   |
|     Defendants.      | )   |

FILED
01/21/21
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY, MO

Case No. 20SL-CC04077

Div. 10

**CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITION**

COMES NOW Defendant St. Louis County, Missouri, by and through undersigned counsel, and hereby moves that the time for filing responsive pleadings to the Petition be extended for a period of sixty (60) days.  Defendant County requests through **March 29, 2021** to file its response.  Counsel for Plaintiff, Mark Pedroli, has consented to the proposed extension of time.

WHEREFORE, Defendant prays this Court grant leave for Defendant County to file its responsive pleadings on or before March 29, 2021, and for all other relief this Court deems just and proper.

Respectfully submitted,

BETH ORWICK
ST. LOUIS COUNTY COUNSELOR

*/s/ James C. "Jake" Thomeczek*
James C. "Jake" Thomeczek, #70385
Assistant County Counselor
Lawrence K. Roos County Government Building
41 S. Central Avenue, Ninth Floor
Clayton, MO 63105
Phone: (314) 615-8535
Fax: (314) 615-3732
Jthomeczek@stlouisco.com

*Attorneys for Defendant St. Louis County, Missouri*

**LEAVE GRANTED:**

Judge Dodson    Division 10
January 21, 2021

Electronically Filed - St Louis County - January 21, 2021 - 09:06 AM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court and served on all counsel of record via the Court's electronic filing system on this 21st day of January, 2021.

<div align="right">

*/s/ James C. "Jake" Thomeczek*

</div>

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
21st JUDICIAL CIRCUIT
STATE OF MISSOURI

MARGARET STARKS,                          )
                                          )
      Plaintiff,                          )
                                          )        Case No. 20SL-CC04077
v.                                        )
                                          )        Div. 10
ST. LOUIS COUNTY, MISSOURI, et. al.,      )
                                          )
      Defendants.                         )

**DEFENDANT ST. LOUIS COUNTY, MISSOURI'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION FOR
DAMAGES**

      Defendant St. Louis County, Missouri (the "County") answers Plaintiff's Petition for Damages as follows:

**NATURE OF CASE**

      1.     The County denies Paragraph 1.

**PARTIES**

      2.     The County is without sufficient information to admit or deny Paragraph 2, and therefore, denies the same.

      3.     Paragraph 3 states a legal conclusion and requires no response.  Further answering, St. Louis County, Missouri is a political subdivision of the State of Missouri, organized and existing pursuant to the Missouri Constitution and the St. Louis County Charter.  Defendant County denies all other allegations contained in Paragraph 3.

      4.     The County admits the Department of Public Health is a department of St. Louis County, Missouri. The County denies all other allegations in Paragraph 4.

1

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

5.      The County admits the Department of Justice Services is a department of St. Louis County, Missouri. The County denies all other allegations in Paragraph 5.

6.      Paragraph 6 states a legal conclusion and requires no response.  To the extent a response is required, The County denies 6.

7.      Paragraph 7 states a legal conclusion and requires no response.  To the extent a response is required, The County denies 7.

8.      Paragraph 8 states a legal conclusion and requires no response.  To the extent a response is required, The County denies 8.

9.      Paragraph 9 states a legal conclusion and requires no response.  To the extent a response is required, The County denies 9.

10.      The County is without sufficient information to admit or deny Paragraph 10 and therefore denies the same.

11.      The County is without sufficient information to admit or deny Paragraph 11 and therefore denies the same.

12.      The County is without sufficient information to admit or deny Paragraph 12 and therefore denies the same.

13.      The County is without sufficient information to admit or deny Paragraph 13 and therefore denies the same.

14.      The County is without sufficient information to admit or deny Paragraph 14 and therefore denies the same.

## JURISDICTION AND VENUE

15.      Paragraph 15 states a legal conclusion and requires no response.  To the extent a response is required, The County denies Paragraph 15.

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

16.     Paragraph 16 states a legal conclusion and requires no response.  To the extent a response is required, The County denies Paragraph 16.

## FACTUAL ALLEGATIONS

17.     The County admits Paragraph 17.

18.     The County admits Drexel Stark underwent a routine general medical examination on August 4, 2015.  The County denies the remainder of Paragraph 18.

19.     The County admits that Drexel Stark's drug abuse was noted.  The County denies the remainder of Paragraph 19.

20.     The County denies Paragraph 20.

21.     The County denies Paragraph 21.

22.     The County denies Paragraph 22.

23.     The County admits Paragraph 23.

24.     The County admits that Clonidine is approved to treat high blood pressure.  The County denies all other allegations contained in Paragraph 24.

25.     The County admits clonidine is used to manage withdrawal symptoms.  The County denies all other allegations contained in Paragraph 25.

26.     The County admits clonidine is used to treat opioid withdrawal.  The County denies all other allegations contained in Paragraph 26.

27.     The County denies Paragraph 27.

28.     The County denies Paragraph 28.

29.     The County denies Paragraph 29.

30.     The County denies Paragraph 30.

31.     The County denies Paragraph 31.

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

32.     The County denies Paragraph 32.

33.     The County denies Paragraph 33.

34.     The County denies Paragraph 34.

35.     The County denies Paragraph 35.

36.     The County denies Paragraph 36.

37.     The County denies Paragraph 37.

38.     The County denies Paragraph 38.

39.     The County denies Paragraph 39.

40.     The County denies Paragraph 40.

41.     The County admits Paragraph 41.

42.     The County denies Paragraph 42.

43.     The County denies Paragraph 43.

44.     The County denies Paragraph 44.

45.     The County admits Paragraph 45.

46.     The County denies Paragraph 46.

47.     The County denies Paragraph 47.

48.     The County denies Paragraph 48.

49.     The County denies Paragraph 49.

50.     The County denies Paragraph 50.

51.     The County lacks sufficient information to admit or deny Paragraph 51 and therefore denies the same.

52.     The County denies Paragraph 52.

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

53.     The County lacks sufficient information to admit or deny Paragraph 53 and therefore denies the same.

54.     The County denies Paragraph 54.

55.     The County denies Paragraph 55.

56.     The County denies Paragraph 56.

57.     The County denies Paragraph 57.

58.     The County denies Paragraph 58.

59.     The County denies Paragraph 59.

60.     The County denies Paragraph 60

61.     The County denies Paragraph 61.

62.     The County denies Paragraph 62.

63.     The County denies Paragraph 63.

64.     The County denies Paragraph 64.

65.     The County denies Paragraph 65.

66.     The County denies Paragraph 66.

67.     The County denies Paragraph 67.

68.     The County denies Paragraph 68.

69.     The County denies Paragraph 69.

70.     The County denies Paragraph 70.

71.     The County denies Paragraph 71.

72.     The County denies Paragraph 72.

73.     The County denies Paragraph 73.

74.     The County denies Paragraph 74.

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

75.     The County denies Paragraph 75.

76.     The County denies Paragraph 76.

## Count I – Deprivation of Medical Care Pursuant to the 8th and 14th Amendments and Cognizable under 42 U.S.C. 1983

77.     The County hereby incorporates by reference its previous responses to Plaintiff's allegations.  The County denies any other allegations asserted in Paragraph 77.

78.     The County denies Paragraph 78.

79.     The County denies Paragraph 79.

80.     The County denies Paragraph 80.

81.     The County denies Paragraph 81.

82.     The County denies Paragraph 82.

83.     The County denies Paragraph 83.

84.     The County denies Paragraph 84.

85.     The County denies Paragraph 85.

86.     The County denies Paragraph 86.

87.     The County denies Paragraph 87.

WHEREFORE, The County prays this Honorable Court enter judgment in favor of St. Louis County, Missouri, dismiss Count I with prejudice, and for all other relief this Court deems just and proper.

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

**<u>Count II – Negligence *Per Se* in Violation of § 221.120 MO. REV. STAT.</u>**[1]

88.     The County hereby incorporates by reference its previous responses to Plaintiff's allegations.  The County denies any other allegations asserted in Paragraph 88.

89.     Paragraph 89 states a legal conclusion and requires no response.  To the extent Paragraph 89 requires a response, The County denies Paragraph 89.

90.     The County admits Drexel Starks was detained at the Buzz Westfall Justice Center. The County denies all other allegations asserted in Paragraph 90.

91.     The County denies Paragraph 91.

92.     The County denies Paragraph 92.

93.     The County denies Paragraph 93.

94.     The County denies Paragraph 94.

95.     The County denies Paragraph 95.

96.     The County denies Paragraph 96.

97.     The County denies Paragraph 97.

98.     The County denies Paragraph 98.

99.     The County denies Paragraph 99.

WHEREFORE, The County prays this Honorable Court enter judgment in favor of St. Louis County, Missouri, dismiss Count II with prejudice, and for all other relief this Court deems just and proper.

---

[1] For reasons described in The County's Partial Motion to Dismiss and Memorandum in Support, Count II of Plaintiff's Petition does not describe a cognizable cause of action, fails to state a cause of action upon which relief can be granted, and should be dismissed with prejudice.  The County prays this Court dismiss Count II, but to the extent an answer to Count II is required, The County denies all allegations not expressly admitted herein.

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

### Count III – Failure to Train, Supervise, and/or Discipline

100.    The County hereby incorporates by reference its previous responses to Plaintiff's allegations.  The County denies any other allegations asserted in Paragraph 100.

101.    The County denies Paragraph 101.

102.    The County denies Paragraph 102.

103.    The County denies Paragraph 103.

104.    The County denies Paragraph 104.

105.    The County denies Paragraph 105.

106.    The County denies Paragraph 106.

107.    The County denies Paragraph 107.

108.    The County denies Paragraph 108.

109.    The County denies Paragraph 109.

*Defendant St. Louis County, Missouri denies all allegations not expressly admitted herein.*

WHEREFORE, Defendant Country prays this Honorable Court enter judgment in favor of St. Louis County, Missouri, dismiss Count III with prejudice, and for all other relief this Court deems just and proper.

### AFFIRMATIVE AND FURTHER DEFENSES

1.    Plaintiff fails to state a claim upon which relief can be granted. Rule 55.27

2.    Plaintiff's claims are barred, in whole or in part, by the doctrine of sovereign immunity.

3.    Count II fails to state a recognized and/or cognizable cause of action upon which relief can be granted because Missouri Revised Statute section 221.120 describes the mechanism

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

for payment of medical treatment during pre-trial detention and does not bestow any substantive rights upon Decedent or Decedent's survivors.

4.      The St. Louis County Department of Public Health and Department of Justice Services are administrative arms of St. Louis County, Missouri.  As administrative arms of County government, both the Department of Public Health and the Department of Justice Services lack the capacity to be sued.

5.      Decedent Drexel Starks's death was caused by the effects of his own drug abuse. Therefore, The County cannot be held liable under any theory.

6.      Plaintiff's damages, if any, must be reduced to the extent they were caused by Decedent's own actions, including, but not limited to, Decedent's drug abuse.

7.      The County expressly denies that the award of attorney's fees and costs are appropriate in this matter for one or more of the following reasons:

     (a)      The County did not act unlawfully or infringe on Plaintiff's civil rights;

     (b)      The County did not act unlawfully or infringe on Decedent's civil rights;

     (c)      Plaintiff is attempting to collect fees and costs that are unreasonable; and/or

     (d)      the specific facts underlying this matter do not merit the award of attorneys' fees and costs.

8.      Should Plaintiff be awarded damages in relation to state law claims brought in this action, Plaintiff's claim for attorney's fees is barred pursuant to *Webb v. Board of Educ. of Dyer County*, 471 U.S. 234 (1985) and related cases.

9.      Plaintiff fails to state a custom or policy sufficient to establish liability under 42 U.S.C. § 1983.

10.     Defendant County expressly denies punitive damages are appropriate for one or more of the following reasons:

a.      punitive damages are barred by sovereign immunity, official immunity, and/or qualified immunity;

b.      the Fourteenth Amendment to the United States constitution prohibits award of punitive damages; and/or

c.      the Missouri Constitution prohibits an award of punitive damages.

11.     To the extent Defendant County is liable for damages, Defendant County is entitled to a set off funds collected from any other party.

12.     Decedent Drexel Starks's preexisting medical conditions caused his death and therefore Plaintiff's damages are not the result of Defendant County's actions.

13.     Decedent Drexel Starks's death and Plaintiff's damages were caused by intervening and/or superseding events which cut off Defendant County's liability.

14.     Plaintiff failed to file her action in a timely manner.  Therefore, Plaintiff's claims are barred by the applicable statute of limitations.

15.     Plaintiff fails to plead and cannot prove an exception to the sovereign immunity doctrine.  Therefore, Plaintiff fails to state a claim upon which relief can be granted.

16.     Plaintiff fails to allege facts and cannot prove deliberate difference on behalf of Defendant County.

17.     Plaintiff's damages, if any, are subject to damage caps, including, but not limited to, those described in Missouri Revised Statute section 537.610.

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

18.     The County expects additional defenses to present themselves through the course of litigation. The County reserves the right to amend this Answer to include said defenses incorporates these defenses by reference.

19.     As to Count I of the Petition, St. Louis County provided medical care to Drexel Stark and therefore was not deliberately indifferent.

WHEREFORE, having fully answered Plaintiff's Petition for Damages, Defendant St. Louis County, Missouri prays this Court dismiss this cause of action with prejudice, order each party to bear their own costs, and for all other relief this Court deems just and proper.

Respectfully submitted,

BETH ORWICK
ST. LOUIS COUNTY COUNSELOR

*/s/ James C. "Jake" Thomeczek*
Catherine M. Robertson, #63200
James C. "Jake" Thomeczek, #70385
Office of the County Counselor
Lawrence K. Roos County Government Building
41 S. Central Avenue, Ninth Floor
Clayton, MO 63105
Phone: (314) 615-7042
Fax: (314) 615-3732
crobertson@stlouisco.com
jthomeczek@stlouisco.com

*Attorneys for Defendant*
*St. Louis County, Missouri*

Electronically Filed - St Louis County - March 29, 2021 - 04:58 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court and served on all counsel of record on this 29th day of March, 2021.


*/s/ James C. "Jake" Thomeczek*

Electronically Filed - St Louis County - March 29, 2021 - 04:55 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
21st JUDICIAL CIRCUIT
STATE OF MISSOURI

MARGARET STARKS,                          )
                                          )
        Plaintiff,                        )
                                          )        Case No. 20SL-CC04077
v.                                        )
                                          )        Div. 10
ST. LOUIS COUNTY, MISSOURI, et. al.,      )
                                          )
        Defendants.                       )

**DEFENDANT ST. LOUIS COUNTY, MISSOURI'S**
**PARTIAL MOTION TO DISMISS**

COMES NOW, Defendant St. Louis County, Missouri (the "County") and, pursuant to Rule 55.27, moves this Court to dismiss Count II of Plaintiff's Petition for Damages (the "Petition") and all counts asserted against the St. Louis County Department of Public Health and the St. Louis County Department of Justice Services.  In support Defendant County states:

1.      Where a plaintiff fails to state a cause of action or fails to state facts entitling the plaintiff to relief, the Court should dismiss the plaintiff's claim.  *ITT Commercial Fin. Corp. v. Mid-Am Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

2.      Count II fails to state a recognized and/or cognizable cause of action upon which relief can be granted.  Therefore, Count II should be dismissed.

3.      To the extent Count II states a cause of action, sovereign immunity bars it.  RSMo. § 537.600.

4.      Because Defendants St. Louis County Department of Public Health and St. Louis County Department of Justice Services are merely administrative arms of St. Louis County Missouri, they lack capacity to be sued.  *See Jordan v. Kansas City*, 929 S.W.2d 882, 887-88 (Mo. App. W.D. 1996); *Franklin v. St. Louis County Bd. of Police Com'rs*, No. 4:14-CV-1540-SPM,

1

Electronically Filed - St. Louis County - March 29, 2021 - 04:55 PM

2015 WL 4131486, at *3 (E.D. Mo. July 8, 2015) (applying Missouri law, holding that an administrative arm of St. Louis County is not a suable entity).  Therefore, these defendants must be dismissed.

      5.    Defendant County files its Memorandum in Support of Defendant St. Louis County's Partial Motion to Dismiss contemporaneously with this Motion and incorporates it by reference.

      WHEREFORE, Defendant St. Louis County, Missouri prays this Court dismiss Count II of Plaintiff's Petition, dismiss all County administrative divisions from this action, and for all other relief this Court deems just and proper.

Respectfully submitted,

BETH ORWICK
ST. LOUIS COUNTY COUNSELOR

*/s/ James C. "Jake" Thomeczek*
Catherine M. Robertson, #63200
James C. "Jake" Thomeczek, #70385
Office of the County Counselor
Lawrence K. Roos County Government Building
41 S. Central Avenue, Ninth Floor
Clayton, MO 63105
Phone: (314) 615-7042
Fax: (314) 615-3732
crobertson@stlouisco.com
jthomeczek@stlouisco.com

*Attorneys for Defendant*
*St. Louis County, Missouri*

Electronically Filed - St Louis County - March 29, 2021 - 04:55 PM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court and served on all counsel of record on this 29th day of March, 2021.

*/s/ James C. "Jake" Thomeczek*

Electronically Filed - St Louis County - March 29, 2021 - 09:02 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
21st JUDICIAL CIRCUIT
STATE OF MISSOURI

MARGARET STARKS,                       )
                                       )
        Plaintiff,                     )
                                       )       Case No. 20SL-CC04077
v.                                     )
                                       )       Div. 10
ST. LOUIS COUNTY, MISSOURI, et. al.,   )
                                       )
        Defendants.                    )

**MEMORANDUM IN SUPPORT OF DEFENDANT**
**ST. LOUIS COUNTY, MISSOURI'S  PARTIAL MOTION TO DISMISS**

Defendant St. Louis County, Missouri (the "County") submits this Memorandum in

Support of its Partial Motion to Dismiss.

## BACKGROUND

Plaintiff Margaret Starks ("Plaintiff") alleges her son Drexel Starks ("Decedent") was

incarcerated at the Buzz Westfall Justice Center (Jail) from approximately August 4, 2015 to

August 6, 2015. (Pet. at ¶ 17).  Plaintiff alleges Decedent underwent various withdrawal symptoms

while incarcerated, (*Id.*, *passim.*), and died on August 6, 2015, (*Id.* at ¶ 70). Plaintiff alleges that

Decedent's official cause of death was "unexpected death in patient withdrawing from heroin and

cocaine with dehydration and cardiac dysrhythmia."  (*Id.* at ¶ 71).

Plaintiff filed this action on August 6, 2020, alleging three claims against the County.

Count I, "Deprivation of Medical Care pursuant to the 8th and 14th Amendments and Cognizable

under 42 US.C. 1983", while unclear, appears to be asserted against all named defendants. Count

I alleges that the defendants "failed and/or refused to provide [Decedent] with medical care,

treatment, and attention," (Pet. at ¶ 81), causing Decedent to suffer a variety of harms, including

his eventual death. (*Id.* at ¶¶ 83-85).  Count II, "Negligence *Per Se* in Violation of § 221.120 Mo.

1

Electronically Filed - St Louis County - March 29, 2021 - 09:02 PM

Rev Stat," and again, while unclear, appears to be asserted against all named defendants.  Count II alleges the defendants violated a statutorily created duty of care, (Pet. at ¶ 95), causing Decedent to suffer various harms, including his eventual death, (*Id.* at ¶¶ 96-98).  Count II attempts to apply negligence *per se* to hold the County liable. *(Id.* at ¶¶ 94-95).  Count III, "Failure to Train, Supervise, and/or Discipline," is asserted against the County and two County administrative arms: the Department of Public Health and the Department of Justice Services.  Count III alleges the County, by and through its departments, failed to train its employees and contractors to adequately treat drug abusers, *(Id.* at ¶¶ 103-104), causing Decedent to suffer various harms, including the deprivation of his constitutional rights and his eventual death.  (*Id.* at ¶¶ 106-108).

<div align="center">

**STANDARD FOR DISMISSAL**

</div>

A motion to dismiss is intended to resolve claims early, to avoid the expense and burden of meritless claims, and to foster the efficient use of judicial resources. *Town & Country Appraisals, LLC v.* Hart, 244 S.W.3d 187, 189 (Mo. App. E.D. 2007).  In reviewing a motion to dismiss, the Court examines the adequacy of the petition.  *Grewell v. State Farm Mut. Auto. Ins. Co.*, 102 S.W.3d 33, 36 (Mo. banc 2003).  Where a plaintiff fails to state a cause of action or fails to state fats entitling the plaintiff to relief, the Court should dismiss the plaintiff's claim. *ITT Commercial Fin. Corp. v. Mid-Am Marine Supply Corp.*, 854 S.W2d 371, 376 (Mo. banc 1993).

<div align="center">

**ARGUMENT**

</div>

**I.**    **Count II of Plaintiff's Petition Does Not State a Cognizable Cause of Action.**

Missouri law defines negligence *per se* as "[n]egligence established as a matter of law, so that breach of the duty is not a jury question." *Eckelkamp v. Burlington N. Santa Fe Ry. Co.*, 298 S.W.3d 546, 553 (Mo. App. E.D. 2009) (citing *Black's Law Dictionary* 1135 (9th ed.2009)).  "The test to determine whether a violation of a statute may constitute negligence *per se* depends on

<div align="center">

2

</div>

Electronically Filed - St Louis County - March 29, 2021 - 09:02 PM

**legislative intent**.” *Lowdermilk v. Vescovo Bldg. and Realty Co., Inc.*, 91 S.W3d 617, 629 (Mo. App. E.D. 2002) (citing 65 CJA Negligence Section 135) (emphasis added).  Statutes giving rise to claims for *per se* negligence are generally safety statutes.  *Id.* at 628; *see also, Burns v. Frontier II Properties Ltd. P'ship*, 106 S.W.3d 1, 3 (Mo. App. E.D. 2003) (“Negligence per se arises when the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct[.]”).  “Negligence per se is in effect a presumption that one who has violated a safety statute has violated his legal duty to use due care.” *Lowdermilk*, 91 S.W.3d at 629 (quoting 571 AM.JUR 2d *Negligence* section 727 (1989)).

Section 221.120 describes the mechanism for medical treatment payment during pre-trial detention,[1] making prisoners financially liable for medical care provided to them while confined in a jail. *Hammer v. Stevens*, 2007 WL 1565933, at *3 (E.D. Mo. May 29, 2007).  Section 221.120 does not bestow a cause of action upon prisoners or their survivors.  Moreover, the Eastern District of Missouri district court, when confronted with this concept, found that “a fair reading of the statute indicates that it is designed to help jails defray the costs of providing medical care by shifting the financial burden to the detainee’s private health insurance provider or, if lacking insurance, to the detainee.” *Id.* (analyzing RSMo. § 221.120).  Accordingly, Section 221.120 does not create a cause of action to detainees, much less a *per se* cause of action.  *See, generally, Slade v. Hampton Rds Reg'l Jail*, 407 F.3d 243, 251-52 (4th Cir.2005) (pretrial detainee’s rights not violated by having to contribute to the cost of his housing and care).

---

[1] RSMo. Section 221.120.1 states, in pertinent part:

> If any prisoner confined in the county jail is sick and in the judgment of the jailer, requires the attention of a physician, dental care or medicine, the jailer shall procure the necessary medicine, dental care or medical attention necessary or proper to maintain the health of the prisoner.  The costs of such medicine, dental care, or medical attention shall be paid by the prisoner through any health insurance policy … If the prisoner is not eligible for such health insurance benefits then the prisoner shall be liable for the payment of such medical attention, dental care, or medicine…

Electronically Filed - St Louis County - March 29, 2021 - 09:02 PM

Plaintiff's contention that the Missouri legislature enacted Section 221.120 to protect jail detainees and inmates, (Pet. at ¶ 94), contradicts the plain text and is contrary to the interpretation in *Hammer*. *See* 2007 WL 1565933, at \*3.  Because RSMo. Section 221.120 addresses medical care costs rather than detainee rights, Plaintiff's contention that "Defendants violated their duties of care, as established in § 221.120 Mo. Rev. Stat.," (Pet. at ¶ 95), is without merit.  Plaintiff does not allege any right being deprived from medical treatment costs or payments. (*See* Pet.). Taken on its face, Count II fails to state a claim upon which relief can be granted and should be dismissed.

## II.    Sovereign Immunity Bars Count II.

The doctrine of sovereign immunity generally creates immunity for government entities from tort liability. RSMo. § 537.600. "[P]ublic entities enjoy sovereign immunity … unless immunity is waived, abrogated, or modified by statute." *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. App. E.D. 2009). There are four statutory exceptions to the sovereign immunity presumption: (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment, RSMo. § 537.600.1(1); (2) where the injury is caused by the dangerous condition of government property, RSMo. § 537.600.1(2); (3) where the injury is caused by government performing a proprietary function as opposed to a governmental function, *State ex rel. Board of Trustees of the City of North Kansas City Memorial Hospital*, 843 S.W2d 353, 358 (Mo. banc 1993);[2] and (4) to the extent the government has procured

---

[2] "Generally, an act of a [government] performed for the common good of all is classified as a governmental function, *Parish v. Novus Equities Co.*, 231 S.W.3d 236, 242 (Mo. App. E.D. 2007), while "[a]n act of a municipality performed for the special benefit or profit of the [government] … is classified as a proprietary function," *Id.*

Electronically Filed - St Louis County - March 29, 2021 - 09:02 PM

insurance,[3] RSMo. § 537.610.  "Missouri Courts have routinely held … that the plaintiff bears the burden of pleading with specificity facts giving rise to an exception to sovereign immunity when suing a public entity.  *Richardson*, 293 S.W.3d at 137.

On the face of Plaintiff's Petition, there are no allegations that Decedent's injuries resulted from: (1) the use of a motor vehicle or (2) a dangerous condition of County property.  Moreover, jail operation is a government, not a proprietary, function, which does not waive sovereign immunity, and Plaintiff has not pled any facts for this Court to conclude otherwise.  Finally, Plaintiff has not pled any facts to allege the existence of any insurance policy causing sovereign immunity waiver and no such policy exists.  Ultimately, Plaintiff's Petition fails to allege facts that, if proven at trial, would waive sovereign immunity.

 To the extent Plaintiff's Petition describes an actual claim in Count II, sovereign immunity bars such claim.  As such, Count II fails to state a claim, and this Court should dismiss Count II.

III.    **The Department of Health and Department of Justice Services Lack Capacity to be Sued.**

Departments of local government are not suable entities. The incapacity of non-legislatively created entities to be sued has been consistently upheld in Missouri courts and federal courts applying Missouri law.  *See, e.g., Franklin v. Board of Police Com'rs*, 2015 WL 4131486 (E.D. Mo. July 8, 2015), *Jordan v. Kansas City*, 929 S.W.2d 822 (Mo. App. W.D. 1996); *White v. Camden County Sheriff's Dep't*, 106 S.W.3d 626 (Mo. App. S.D., 2003); *State ex rel. Gore v. Wochner*, 475 F. Supp. 274, 280 (E. D. Mo. 1979); *Bice v. Commission or Dirs. of Cape Girardeau City Police Dep't*, 2011 WL 766299 (E.D. Mo. Feb. 25 2011)(claim is legally frivolous because defendant is not a suable entity).

---

[3] "[W]hen a public entity purchases liability insurance for tort claims, sovereign immunity is waived **to the extent and for the specific purposes** of the insurance purchased."  *Fantasma v. Kansas City, Mo, Bd. of Police Comm'rs*, 913 S.W.2d 388, 391 (Mo. App. W.D. 1996) (emphasis added).

Electronically Filed - St Louis County - March 29, 2021 - 09:02 PM

In *Jordan*, a litigant attempted to sue the Kansas City Neighborhood and Community Services Department. The appellate court observed that the Department is not a legislatively created entity; rather it is "an administrative arm of the City which lacks legal identity apart from the City." *Jordan*, 922 S.W.2d at 888. With this principle in mind, the court held that the plaintiff failed to state a claim against the Kansas City Neighborhood and Community Service Department and dismissed the lawsuit. *Id.*

The Federal District Court of the Eastern District of Missouri has taken the same approach to political subdivisions. In *State of Mo. ex rel. Gore v. Wochner*, the District Court analyzed whether departments of the City of St. Louis's government had the capacity to be sued. 475 F.Supp. 274 (E.D. Mo. 1979). Noting that "[t]he Department … is an integral part of the City of St. Louis government, and is merely the administrative arm whereby employment functions are performed," *Id.* at 280, the District Court held that "[t]he Department … lacks a legal identity apart from that of the City of St. Louis, and as such is not a suable entity," *Id.*

Notably, this principle has been applied directly to St. Louis County. *Franklin v. Board of Police Com'rs*, 2015 WL 4131486 (E.D. Mo. July 8, 2015). In *Franklin*, the lawsuit brought against an arm of St. Louis County government was dismissed because in the absence of a statutory authorization (or some other authority that the entity was legislatively created as a distinct legal entity), a subdivision (i.e., a board or department) of a city or county is not a separate legal entity and cannot be sued. *Id.* at *2.

The St. Louis County Charter identifies "St. Louis County, Missouri" as a body corporate and politic and gives St. Louis County, Missouri the capacity to sue and be sued. (St. Louis County Charter, Article I, § 1.010). No separate statutory authorization exists for the County's various departments.

Electronically Filed - St. Louis County - March 29, 2021 - 09:02 PM

Because a subdivision of County government cannot be sued, the Court should dismiss the Department of Health and Department of Justice Services from the case at bar.

## CONCLUSION

Count II of Plaintiff's Petition references a statute that does not bestow rights on a detainee nor create a cause of action. *See Hammer*, 2007 WL 1565933 at *3. Moreover, to the extent Count II describes a cognizable cause of action, sovereign immunity bars the action. As such, Count II fails to state a claim upon which relief can be granted and should be dismissed.

Additionally, County departments have no identity separate from the County and cannot be sued. Therefore, claims brought against the Department of Public Health and the Department of Justice Services should be dismissed as a matter of law.

WHEREFORE, Defendant St. Louis County, Missouri prays this Court dismiss Count II of Plaintiff's Petition with prejudice, dismiss all claims brought against the St. Louis County Department of Public Health and the St. Louis County Department of Justice Services with prejudice, and for all other relief this Court deems just and proper.

Respectfully submitted,

BETH ORWICK
ST. LOUIS COUNTY COUNSELOR

*/s/ James C. "Jake" Thomeczek*
Catherine M. Robertson, #63200
James C. "Jake" Thomeczek, #70385
Office of the County Counselor
Lawrence K. Roos County Government Building
41 S. Central Avenue, Ninth Floor
Clayton, MO 63105
Phone: (314) 615-7042
Fax: (314) 615-3732
crobertson@stlouisco.com
jthomeczek@stlouisco.com

*Attorneys for Defendant*
*St. Louis County, Missouri*

7

Electronically Filed - St Louis County - March 29, 2021 - 09:02 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court and served on all counsel of record via the Court's electronic filing system on this 29th day of March, 2021.

*/s/ James C. "Jake" Thomeczek*

Electronically Filed - St Louis County - March 30, 2021 - 03:55 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
21st JUDICIAL CIRCUIT
STATE OF MISSOURI

MARGARET STARKS,           )
                          )
      Plaintiff,          )
                          )   Case No. 20SL-CC04077
v.                     )
                          )   Div. 10
ST. LOUIS COUNTY, MISSOURI, et. al.,   )
                          )
      Respondents.     )

## <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE that Defendant St. Louis County, Missouri will call for hearing its Partial Motion to Dismiss on **Tuesday, May 4, 2021 at 10:30 A.M.**, or as soon thereafter as the parties may be heard.

Defendant's motion will be heard via video conference (Webex).  This hearing was scheduled via the Court's online scheduling program.

Respectfully submitted,

BETH ORWICK
ST. LOUIS COUNTY COUNSELOR

*/s/ James C. "Jake" Thomeczek*
Catherine M. Robertson, #63200
James C. "Jake" Thomeczek, #70385
Office of the County Counselor
Lawrence K. Roos County Government Building
41 S. Central Avenue, Ninth Floor
Clayton, MO 63105
Phone: (314) 615-7042
Fax: (314) 615-3732
crobertson@stlouisco.com
jthomeczek@stlouisco.com

*Attorneys for Defendant*
*St. Louis County, Missouri*

Electronically Filed - St Louis County - March 30, 2021 - 03:55 PM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court and served on all counsel of record on this 30th day of March, 2021.

*/s/ James C. "Jake" Thomeczek*

Electronically Filed - St Louis County - March 30, 2021 - 03:23 PM

**IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY**
**TWENTY-FIRST JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MARGARET STARKS | ) | |
| | ) | |
| Plaintiff, | ) | 20SL-CC04077 |
| | ) | |
| v. | ) | Division 10 |
| | ) | |
| ST. LOUIS COUNTY, et al | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Plaintiff's First Request for Production to Defendant St. Louis County was sent by electronic mail this 30th day of March 2021, to counsel of record for Defendants.


Dated: March 30, 2021


_____
Mark J. Pedroli, MBE 50787
*PEDROLI LAW, LLC*
7777 Bonhomme Ave, Suite 2100
Clayton, Missouri 63105
314.669.1817
314-789.7400 Fax
Mark@PedroliLaw.com