IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
21ˢᵗ JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| MARGARET STARKS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) Case No. 20SL-CC04077 |
| v. | ) |
| | ) Div. 10 |
| ST. LOUIS COUNTY, MISSOURI, et. al., | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT
ST. LOUIS COUNTY, MISSOURI'S  PARTIAL MOTION TO DISMISS**

Defendant St. Louis County, Missouri (the "County") submits this Memorandum in Support of its Partial Motion to Dismiss.

## BACKGROUND

Plaintiff Margaret Starks ("Plaintiff") alleges her son Drexel Starks ("Decedent") was incarcerated at the Buzz Westfall Justice Center (Jail) from approximately August 4, 2015 to August 6, 2015. (Pet. at ¶ 17).  Plaintiff alleges Decedent underwent various withdrawal symptoms while incarcerated, (*Id.*, *passim.*), and died on August 6, 2015, (*Id.* at ¶ 70). Plaintiff alleges that Decedent's official cause of death was "unexpected death in patient withdrawing from heroin and cocaine with dehydration and cardiac dysrhythmia."  (*Id.* at ¶ 71).

Plaintiff filed this action on August 6, 2020, alleging three claims against the County. Count I, "Deprivation of Medical Care pursuant to the 8th and 14th Amendments and Cognizable under 42 US.C. 1983", while unclear, appears to be asserted against all named defendants. Count I alleges that the defendants "failed and/or refused to provide [Decedent] with medical care, treatment, and attention," (Pet. at ¶ 81), causing Decedent to suffer a variety of harms, including his eventual death. (*Id.* at ¶¶ 83-85).  Count II, "Negligence *Per Se* in Violation of § 221.120 Mo.

1

Rev Stat," and again, while unclear, appears to be asserted against all named defendants. Count II alleges the defendants violated a statutorily created duty of care, (Pet. at ¶ 95), causing Decedent to suffer various harms, including his eventual death, (*Id.* at ¶¶ 96-98). Count II attempts to apply negligence *per se* to hold the County liable. *(Id.* at ¶¶ 94-95). Count III, "Failure to Train, Supervise, and/or Discipline," is asserted against the County and two County administrative arms: the Department of Public Health and the Department of Justice Services. Count III alleges the County, by and through its departments, failed to train its employees and contractors to adequately treat drug abusers, *(Id.* at ¶¶ 103-104), causing Decedent to suffer various harms, including the deprivation of his constitutional rights and his eventual death. (*Id.* at ¶¶ 106-108).

## STANDARD FOR DISMISSAL

A motion to dismiss is intended to resolve claims early, to avoid the expense and burden of meritless claims, and to foster the efficient use of judicial resources. *Town & Country Appraisals, LLC v. Hart*, 244 S.W.3d 187, 189 (Mo. App. E.D. 2007). In reviewing a motion to dismiss, the Court examines the adequacy of the petition. *Grewell v. State Farm Mut. Auto. Ins. Co.*, 102 S.W3d 33, 36 (Mo. banc 2003). Where a plaintiff fails to state a cause of action or fails to state fats entitling the plaintiff to relief, the Court should dismiss the plaintiff's claim. *ITT Commercial Fin. Corp. v. Mid-Am Marine Supply Corp.*, 854 S.W2d 371, 376 (Mo. banc 1993).

## ARGUMENT

### I. Count II of Plaintiff's Petition Does Not State a Cognizable Cause of Action.

Missouri law defines negligence *per se* as "[n]egligence established as a matter of law, so that breach of the duty is not a jury question." *Eckelkamp v. Burlington N. Santa Fe Ry. Co.*, 298 S.W.3d 546, 553 (Mo. App. E.D. 2009) (citing *Black's Law Dictionary* 1135 (9th ed.2009)). "The test to determine whether a violation of a statute may constitute negligence *per se* depends on

**legislative intent**." *Lowdermilk v. Vescovo Bldg. and Realty Co., Inc.*, 91 S.W3d 617, 629 (Mo. App. E.D. 2002) (citing 65 CJA Negligence Section 135) (emphasis added). Statutes giving rise to claims for *per se* negligence are generally safety statutes. *Id.* at 628; *see also, Burns v. Frontier II Properties Ltd. P'ship*, 106 S.W.3d 1, 3 (Mo. App. E.D. 2003) ("Negligence per se arises when the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct[.]"). "Negligence per se is in effect a presumption that one who has violated a safety statute has violated his legal duty to use due care." *Lowdermilk*, 91 S.W.3d at 629 (quoting 571 AM.JUR 2d *Negligence* section 727 (1989)).

Section 221.120 describes the mechanism for medical treatment payment during pre-trial detention,[1] making prisoners financially liable for medical care provided to them while confined in a jail. *Hammer v. Stevens*, 2007 WL 1565933, at *3 (E.D. Mo. May 29, 2007). Section 221.120 does not bestow a cause of action upon prisoners or their survivors. Moreover, the Eastern District of Missouri district court, when confronted with this concept, found that "a fair reading of the statute indicates that it is designed to help jails defray the costs of providing medical care by shifting the financial burden to the detainee's private health insurance provider or, if lacking insurance, to the detainee." *Id.* (analyzing RSMo. § 221.120). Accordingly, Section 221.120 does not create a cause of action to detainees, much less a *per se* cause of action. *See, generally, Slade v. Hampton Rds Reg'l Jail*, 407 F.3d 243, 251-52 (4th Cir.2005) (pretrial detainee's rights not violated by having to contribute to the cost of his housing and care).

---

[1] RSMo. Section 221.120.1 states, in pertinent part:
   If any prisoner confined in the county jail is sick and in the judgment of the jailer, requires the attention of a physician, dental care or medicine, the jailer shall procure the necessary medicine, dental care or medical attention necessary or proper to maintain the health of the prisoner. The costs of such medicine, dental care, or medical attention shall be paid by the prisoner through any health insurance policy … If the prisoner is not eligible for such health insurance benefits then the prisoner shall be liable for the payment of such medical attention, dental care, or medicine…

Plaintiff's contention that the Missouri legislature enacted Section 221.120 to protect jail detainees and inmates, (Pet. at ¶ 94), contradicts the plain text and is contrary to the interpretation in *Hammer*. *See* 2007 WL 1565933, at *3. Because RSMo. Section 221.120 addresses medical care costs rather than detainee rights, Plaintiff's contention that "Defendants violated their duties of care, as established in § 221.120 MO. REV. STAT.," (Pet. at ¶ 95), is without merit. Plaintiff does not allege any right being deprived from medical treatment costs or payments. (*See* Pet.). Taken on its face, Count II fails to state a claim upon which relief can be granted and should be dismissed.

## II.   Sovereign Immunity Bars Count II.

The doctrine of sovereign immunity generally creates immunity for government entities from tort liability. RSMo. § 537.600. "[P]ublic entities enjoy sovereign immunity … unless immunity is waived, abrogated, or modified by statute." *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. App. E.D. 2009). There are four statutory exceptions to the sovereign immunity presumption: (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment, RSMo. § 537.600.1(1); (2) where the injury is caused by the dangerous condition of government property, RSMo. § 537.600.1(2); (3) where the injury is caused by government performing a proprietary function as opposed to a governmental function, *State ex rel. Board of Trustees of the City of North Kansas City Memorial Hospital*, 843 S.W2d 353, 358 (Mo. banc 1993);[2] and (4) to the extent the government has procured

---

[2] "Generally, an act of a [government] performed for the common good of all is classified as a governmental function, *Parish v. Novus Equities Co.*, 231 S.W.3d 236, 242 (Mo. App. E.D. 2007), while "[a]n act of a municipality performed for the special benefit or profit of the [government] … is classified as a proprietary function," *Id.*

4

insurance,[3] RSMo. § 537.610.  "Missouri Courts have routinely held … that the plaintiff bears the burden of pleading with specificity facts giving rise to an exception to sovereign immunity when suing a public entity.  *Richardson*, 293 S.W.3d at 137.

On the face of Plaintiff's Petition, there are no allegations that Decedent's injuries resulted from: (1) the use of a motor vehicle or (2) a dangerous condition of County property.  Moreover, jail operation is a government, not a proprietary, function, which does not waive sovereign immunity, and Plaintiff has not pled any facts for this Court to conclude otherwise.  Finally, Plaintiff has not pled any facts to allege the existence of any insurance policy causing sovereign immunity waiver and no such policy exists.  Ultimately, Plaintiff's Petition fails to allege facts that, if proven at trial, would waive sovereign immunity.

To the extent Plaintiff's Petition describes an actual claim in Count II, sovereign immunity bars such claim.  As such, Count II fails to state a claim, and this Court should dismiss Count II.

### III. The Department of Health and Department of Justice Services Lack Capacity to be Sued.

Departments of local government are not suable entities. The incapacity of non-legislatively created entities to be sued has been consistently upheld in Missouri courts and federal courts applying Missouri law.  *See, e.g., Franklin v. Board of Police Com'rs*, 2015 WL 4131486 (E.D. Mo. July 8, 2015), *Jordan v. Kansas City*, 929 S.W.2d 822 (Mo. App. W.D. 1996); *White v. Camden County Sheriff's Dep't*, 106 S.W.3d 626 (Mo. App. S.D., 2003); *State ex rel. Gore v. Wochner*, 475 F. Supp. 274, 280 (E. D. Mo. 1979); *Bice v. Commission or Dirs. of Cape Girardeau City Police Dep't*, 2011 WL 766299 (E.D. Mo. Feb. 25 2011)(claim is legally frivolous because defendant is not a suable entity).

---

[3] "[W]hen a public entity purchases liability insurance for tort claims, sovereign immunity is waived **to the extent and for the specific purposes** of the insurance purchased."  *Fantasma v. Kansas City, Mo, Bd. of Police Comm'rs*, 913 S.W.2d 388, 391 (Mo. App. W.D. 1996) (emphasis added).

Electronically Filed - St Louis County - March 29, 2021 - 09:02 PM

In *Jordan*, a litigant attempted to sue the Kansas City Neighborhood and Community Services Department. The appellate court observed that the Department is not a legislatively created entity; rather it is "an administrative arm of the City which lacks legal identity apart from the City." *Jordan*, 922 S.W.2d at 888. With this principle in mind, the court held that the plaintiff failed to state a claim against the Kansas City Neighborhood and Community Service Department and dismissed the lawsuit. *Id.*

The Federal District Court of the Eastern District of Missouri has taken the same approach to political subdivisions. In *State of Mo. ex rel. Gore v. Wochner*, the District Court analyzed whether departments of the City of St. Louis's government had the capacity to be sued. 475 F.Supp. 274 (E.D. Mo. 1979). Noting that "[t]he Department … is an integral part of the City of St. Louis government, and is merely the administrative arm whereby employment functions are performed," *Id.* at 280, the District Court held that "[t]he Department … lacks a legal identity apart from that of the City of St. Louis, and as such is not a suable entity," *Id.*

Notably, this principle has been applied directly to St. Louis County. *Franklin v. Board of Police Com'rs*, 2015 WL 4131486 (E.D. Mo. July 8, 2015). In *Franklin*, the lawsuit brought against an arm of St. Louis County government was dismissed because in the absence of a statutory authorization (or some other authority that the entity was legislatively created as a distinct legal entity), a subdivision (i.e., a board or department) of a city or county is not a separate legal entity and cannot be sued. *Id.* at *2.

The St. Louis County Charter identifies "St. Louis County, Missouri" as a body corporate and politic and gives St. Louis County, Missouri the capacity to sue and be sued. (St. Louis County Charter, Article I, § 1.010). No separate statutory authorization exists for the County's various departments.

Because a subdivision of County government cannot be sued, the Court should dismiss the Department of Health and Department of Justice Services from the case at bar.

## CONCLUSION

Count II of Plaintiff's Petition references a statute that does not bestow rights on a detainee nor create a cause of action.  *See Hammer*, 2007 WL 1565933 at *3.  Moreover, to the extent Count II describes a cognizable cause of action, sovereign immunity bars the action.  As such, Count II fails to state a claim upon which relief can be granted and should be dismissed.

Additionally, County departments have no identity separate from the County and cannot be sued.  Therefore, claims brought against the Department of Public Health and the Department of Justice Services should be dismissed as a matter of law.

WHEREFORE, Defendant St. Louis County, Missouri prays this Court dismiss Count II of Plaintiff's Petition with prejudice, dismiss all claims brought against the St. Louis County Department of Public Health and the St. Louis County Department of Justice Services with prejudice, and for all other relief this Court deems just and proper.

Respectfully submitted,

BETH ORWICK
ST. LOUIS COUNTY COUNSELOR

*/s/ James C. "Jake" Thomeczek*
Catherine M. Robertson, #63200
James C. "Jake" Thomeczek, #70385
Office of the County Counselor
Lawrence K. Roos County Government Building
41 S. Central Avenue, Ninth Floor
Clayton, MO 63105
Phone: (314) 615-7042
Fax: (314) 615-3732
crobertson@stlouisco.com
jthomeczek@stlouisco.com

*Attorneys for Defendant
St. Louis County, Missouri*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court and served on all counsel of record via the Court's electronic filing system on this 29th day of March, 2021.

*/s/ James C. "Jake" Thomeczek*