**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARGARET STARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:21-cv-00435-RLW |
| v. | ) | |
| | ) | |
| ST. LOUIS COUNTY, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT FAISAL KHAN'S**
**MOTION TO DISMISS PLAINTIFF'S PETITION**

COMES NOW Defendant Faisal Khan ("Khan"), by and through counsel, and pursuant to

Local Rule 4.01(A), files this Memorandum in Support of his Motion to Dismiss Plaintiff's

Petition for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and pursuant to

the Doctrine of Qualified Immunity.

**PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

On August 6, 2020, Plaintiff filed her three-count Petition in the Circuit Court of St. Louis

County, therein requesting monetary damages for the death of her son, Drexel Starks ("Decedent"),

allegedly caused by the actions/inactions of Defendants while Decedent was in the custody of the

St. Louis County Justice Center ("SLCJC").  *See generally*, Pl.'s Pet.

Counts I and II of Plaintiff's Petition are directed against several Defendants, including

Khan.  *See* Pl.'s Pet., Counts I-II.  Count III is not directed against Khan.  *Id.*, Count III.  Count I

attempts to assert a claim under 42 U.S.C. § 1983 based on Decedent's alleged "deprivation of

medical care."[1]   *Id.*, Count I.   Count II attempts to state a claim for negligence *per se* due to Defendants' alleged violations of § 221.120 of the Missouri Revised Statutes.   *Id.*, Count II.

The purported "Factual Allegations" in Plaintiff's Petition allege that Decedent arrived at SLCJC on August 4, 2015 and was placed on "Clonidine Protocol" due to his history of drug use. *See* Pl.'s Pet., ¶¶ 18-19, 21, 23-26.   Plaintiff alleges there were two primary areas of concern with SLCJC's "Clonidine Protocol": (1) SLCJC's "standing orders" for "Clonidine Protocol" were "inexhaustive," "vague," "overly-technical" and contradictory to SLCJC's "dosing log;" and (2) SLCJC's nurses and correctional officers were "not properly skilled and trained to effectively manage the 'Clonidine Protocol.'"   *Id.*, ¶¶ 27-36.   Plaintiff alleges that these issues led to the improper administration of Clonidine to Decedent.   *Id.*, ¶¶ 40-44.   Plaintiff also alleges that certain correctional officers denied Decedent's initial request to visit SLCJC's infirmary and that SLCJC medical staff failed to promptly attend to Decedent's serious medical needs.   *Id.*, ¶¶ 45-69, 73. Finally, Plaintiff alleges that Decedent died on August 6, 2015 and the reported cause of death was "unexpected death from patient withdrawing from heroin and cocaine with dehydration and cardiac dysrhythmia."   *Id.*, ¶¶ 70-71.

With regard to Plaintiff's allegations against Khan, Khan is only identified by name in Paragraphs 6, 74, 75 and 76 of Plaintiff's Petition.   *See* Pl.'s Pet., ¶¶ 6, 74-76.   Paragraph 6 alleges, in relevant part, that Khan "was … the Director of Defendant Public Health" and, "[f]or purposes of [Plaintiff's] § 1983 claims … Khan is named in his individual capacity."   *Id.*, ¶ 6.   Paragraphs 74 through 76 allege that, "[o]n information and belief, Defendants St. Louis County, Public Health, Justice Services, Khan, and/or Bernsen knew and/or should have known" the following:

---

[1] Khan removed Plaintiff's case to this Court pursuant to 28 U.S.C. §1441(b) based on this Court's original jurisdiction over Count I of Plaintiff's Petition under 28 U.S.C. § 1331. *See* Not. of Removal, Doc # 1.

(a) "[T]hat inmates were reporting health concerns but being denied access to the infirmary."

(b)  "[T]hat the jail staff … [was] not following the 'Clonidine Protocol.'"

(c) "[T]hat the jail staff … [was] not properly trained to properly follow and manage the 'Clonidine Protocol.'"

*See id.*, ¶¶ 74-76.  The allegations in Counts I and II of Plaintiff's Petition are generally asserted against "All Individual Defendants," collectively, and these counts do not assert any defendant-specific allegations.  *See generally*, Pl.'s Pet., Counts I-II.

## PLAINTIFF'S PLEADING REQUIREMENTS UNDER FEDERAL RULE 12(B)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to assert a defense for failure to state a claim upon which relief can be granted by motion prior to pleading a responsive pleading. Fed. R. Civ. P. 12(b)(6).  While great precision in pleadings is not required, the factual allegations in a plaintiff's complaint must be more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Kaprielian v. Stringer*, 2016 U.S. Dist. LEXIS 52729, *1-2 (E.D. Mo. April 20, 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Gregory v. Dillard's*, 494 F.3d 694, 709 (8th Cir. 2007)).  Indeed, the United States Supreme Court "instructs courts to begin the motion-to-dismiss analysis by 'identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Ball-Bey v. Chandler*, 415 F. Supp. 3d 884, 894 (E.D. Mo. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## COUNT I OF PLAINTIFF'S PETITION FAILS TO STATE A CLAIM AGAINST KHAN AND KHAN IS ENTITLED TO QUALIFIED IMMUNITY

### A. Supervisor Liability Under 42 U.S.C. § 1983 and Qualified Immunity

The general standard for alleging a "deprivation of medical care" under the Eighth and Fourteen Amendments requires that a plaintiff "prove both an objective and subjective element." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). Specifically, the plaintiff must show he suffered from a serious medical need and the defendant had "actual knowledge" of the serious medical need, "yet disregarded," the need. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004); *Wilson v. Ferguson*, 2017 U.S. Dist. LEXIS 87786, at *8, Fn. 1 (E.D. Mo. June 8, 2017).

In the event a plaintiff brings a § 1983 claim against an individual in his capacity as a supervisor, as opposed to a treating nurse or an assigned correctional officer, the supervisor "may only be liable under § 1983 if he or she (1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take sufficient remedial action; (4) proximately causing injury to plaintiff." *Kaprielian* 2016 U.S. Dist. LEXIS at *5 (citing *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012)).

This Court and the United States Supreme Court have applied the "supervisor standard" in the context of both Rule 12(b)(6) motions to dismiss and motions to dismiss based on qualified immunity. *See Ashcroft*, 556 U.S. at 666; *compare Kaprielian*, 2016 U.S. Dist. LEXIS 52729 with *White v. City of St. Louis*, 2019 U.S. Dist. LEXIS 222875 (E.D. Mo. December 31, 2019). "Qualified immunity shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *White*, 2019 U.S. Dist. LEXIS at *10 (quoting *Rogers v. King*, 885 F.3d 1118, 1121 (8th Cir. 2018)). Thus, a government official is protected from § 1983 claims based on qualified immunity, unless (1) plaintiff "establishes a violation of a constitutional or statutory right," and (2) "the right was clearly established at the time of the violation." *Id.*

Regardless of whether Plaintiff's § 1983 claim is analyzed under Rule 12(b)(6), qualified immunity, or both, in order to survive a motion to dismiss, Plaintiff is required to plead, for *each* supervisor defendant, (1) "a causal link to" plaintiff's alleged deprivation of rights, and (2) that the defendant's "own individual actions" were "direct responsibility for" the alleged constitutional violation(s). *Kaprielian* 2016 U.S. Dist. LEXIS at \*5 (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Ashcroft*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.); *see also Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (a supervisor is "directly responsible" for an alleged constitutional deprivation only if the supervisor had the "power" or "authority" to remedy the alleged violation)  With regard to the "notice" requirement, "[a]llegations of generalized notice are insufficient." *White*, 2019 U.S. Dist. LEXIS at \*11.

In *Kaprelian*, a 2016 decision from this Court, the plaintiff brought a § 1983 claim against several supervisors, including "the Director of the Missouri Department of Mental Health." 2016 U.S. Dist. LEXIS at \*2.  The plaintiff, a male-to-female transgendered person, alleged that the defendants created policies that violated her constitutional right to an "individualized" treatment plan or "encouraged others to violate her 'rights'" by "hav[ing] subjected [her] to various harms because of her gender[.]" *Id*., at \*2-3.  The Court found "the allegations in the complaint to be vague and conclusory," and held that the plaintiff's § 1983 claim did not contain (a) "any factual allegations showing that any of the defendants had notice of a pattern of constitutional acts committed by their subordinates who were responsible for plaintiff's treatment," or (b) "non-conclusory allegations showing that any of the defendants directly violated plaintiff's

constitutional rights[.]" *Id.*, at \*3, 5-6. As a result, the Court granted the defendants' motions to dismiss plaintiff's § 1983 count for failure to state a claim under Rule 12(b)(6). *Id.*, at \*6, 8.

This Court in *Kaprelian* further held that the supervisor defendants were also entitled to dismissal based on qualified immunity. 2016 U.S. Dist. LEXIS at \*6-8. The Court noted that, "[i]n her 'Statements of Fact,' plaintiff alleges that 'defendants each, individually and collectively, have subjected plaintiff to punishment, reprisal, physical abuse . . . sexual abuse . . . [and] physical harm . . . solely because plaintiff is a transgendered female person.'" *Id.*, at \*7. However, the Court found such allegations to be "wholly conclusory and unsupported by factual allegations, which if proved, would entitle plaintiff to relief." *Id.* As a result, the Court held that the plaintiff had "failed to demonstrate" a constitutional violation by defendants and thus defendants were entitled to dismissal based on qualified immunity. *Id.*

## B. Pleading Deficiencies in Count I of Plaintiff's Petition and Khan's Entitlement to Qualified Immunity

Plaintiff's § 1983 claim against Khan in Count I of Plaintiff's Petition fails to state a claim for relief and Khan is immune from civil liability because (1) Plaintiff fails to provide any factual support for his conclusory allegations against Khan, and (2) Plaintiff fails to plead allegations sufficient to support the elements of a § 1983 claim against Khan in his capacity as a supervisor.

### (i) Plaintiff's Allegations Against Khan are Wholly Conclusory and Lack Any Factual Support

Just as the plaintiff in *Kaprelian* failed to provide any factual support for his § 1983 claims, Plaintiff's Petition in this case contains ***absolutely zero factual allegations*** to support Plaintiff's claim that Khan violated Decedent's constitutional rights. *See generally*, Pl.'s Pet. (emphasis added).

Plaintiff's purported "Factual Allegations" against Khan in Paragraphs 74 through 76 of her Petition are wholly conclusory and lack any factual support, as Plaintiff sets forth no facts demonstrating how Khan "knew and/or should have known" that inmates were "being denied access to the infirmary," that "jail staff" was "not following 'Clonidine Protocol,'" or that jail staff was "not properly trained." *See* Pl.'s Pet., ¶¶ 74-76. Plaintiff certainly provides no factual allegations establishing that Khan received "actual notice" of a "pattern of unconstitutional actions." *Id.*

Plaintiff's allegations in Count I, which are asserted generally against "All Individual Defendants," are also conclusory and void of factual support. *See* Pl.'s Pet., Count I, ¶¶ 78-87. Even Paragraph 79, which is the only allegation in Count I that could conceivably be interpreted as something other than a pure legal conclusion, is conclusory, as Plaintiff provides no factual support for his conclusions that (a) SLCJC's "Clonidine Protocol" made Defendants, much less Khan, aware of Plaintiff's medical needs, (b) Defendants, much less Khan, were privy to unidentified "statements made by Plaintiff," and/or (c) Defendants, much less Khan, conducted his "own medical examination" of Decedent. *Id.*, ¶ 79.

### (ii) *Count I of Plaintiff's Petition Fails to Plead Allegations Sufficient to Support a § 1983 Claim against a Supervisor*

Notwithstanding the fact that all of the allegations in Plaintiff's Petition against Khan are conclusions and are "not entitled to the assumption of truth," even Plaintiff's conclusory allegations also fail to sufficiently plead the elements of supervisor liability under § 1983 against Khan in his capacity as "the Director of Public Health." *See* Pl.'s Pet., ¶ 6; *see also Kaprielian* 2016 U.S. Dist. LEXIS 52729 (Director of the Missouri Department of Health was a "supervisor" for purposes of the plaintiff's § 1983 claim). Specifically, Plaintiff's allegations against Khan fail to sufficiently state a § 1983 claim against Khan  for the following reasons:

(1) Plaintiff is required to plead each individual supervisor defendant's unconstitutional acts, but Count I of Plaintiff's Petition contains only general allegations against "All Individual Defendants," collectively, and fails to plead any allegations regarding Khan's individual acts that allegedly violated Decedent's constitutional right(s).  *See Kaprielian* 2016 U.S. Dist. LEXIS at *5 (quoting *Ashcroft,* 556 U.S. 662).

(2) Plaintiff is required to plead that Khan had "actual knowledge" of Decedent's alleged serious medical condition or a "pattern of unconstitutional acts" by SLCJC employees, but Plaintiff alleges only that Khan and/or other defendants "knew and/or should have known" of infirmary denials, the SLCJC staff's ignorance of "Clonidine Protocol," and/or the improper training of SLCJC staff.  *See Colburn*, 371 F.3d at 457; *Ferguson*, 2017 U.S. Dist. LEXIS at *8, Fn. 1; *Kaprielian*, 2016 U.S. Dist. LEXIS at *5 (citing *Livers*, 700 F.3d at 355).

(3) Plaintiff's allegations that Khan "and/or" four other Defendants ""knew and/or should have known" about infirmary denials, SLCJC staff's ignorance of "Clonidine Protocol," and/or improper training of SLCJC staff, in addition to being conclusory, constitute nothing more than "generalized notice" of purported unconstitutional acts, which is insufficient to support a § 1983 claim against a supervisor.  *See White*, 2019 U.S. Dist. LEXIS at *11.

(4) Plaintiff is required to plead that Khan "had notice of a pattern of unconstitutional acts committed by [his] subordinates who were responsible for [Decedent's] treatment," but Plaintiff's Petition fails to allege a "pattern of unconstitutional acts," that any such acts/omission were committed by Khan's "subordinates," or that any such

acts/omissions were committed by SLCJC staff "who were responsible for Decedent's treatment." *See Kaprielian*, 2016 U.S. Dist. LEXIS at *3, 5-6.

(5) Plaintiff is required to establish that Khan had the "power" and/or "authority" to remedy SLCJC staff's denial of infirmary visits, ignorance of the "Clonidine Protocol," and/or inadequate training, but Plaintiff's Petition contains no such allegations.  *See Mayorga*, 442 F.3d at 1132.  In fact, Plaintiff's Petition specifically implies that Khan did not have such power or authority, as Count III of Plaintiff's Petition for "Failure to Train, Supervise, and/or Discipline" specifically alleges that such power and authority was held exclusively by Defendants St. Louis County, Public Health, and Justice Services, not Khan.  *See* Pl.'s Pet., Count III.

## COUNT II OF PLAINTIFF'S PETITION FAILS TO STATE A CLAIM AGAINST KHAN FOR NEGLIGENCE *PER SE*

Count II of Plaintiff's Petition, which purports to state a claim for negligence per se against "All Individual Defendants," alleges that Defendants violated §221.120 of the Missouri Revised Statutes and that this/these violations were "the direct and proximate result" of Plaintiff and Decedent's injuries. *See generally*, Pet., Count II.  Mo. Rev. Stat § 221.120 states, in relevant part:

> If any prisoner confined in the county jail is sick and in the judgment of the jailer, requires the attention of a physician, dental care, or medicine, the jailer shall procure the necessary medicine, dental care or medical attention necessary or proper to maintain the health of the prisoner … [the cost of which] shall be paid by the prisoner[.]

Mo. Rev. Stat. § 221.120.1 (1995).

Count II of Plaintiff's Petition fails to state a claim against Khan because (1) Khan is not a "jailer" under § 221.120, and (2) § 221.120 does not create a right to a private civil cause of action for individuals such as Plaintiff.

### A.  Khan is Not a Jailer under Mo. Rev. Stat. § 221.120

Missouri Court's interpretation of § 221.120, while minimal, has found that the term "jailor" as used in the statute refers to the county Sheriff. *See Jones v. Houser*, 489 F. Supp. 795, 798 (E.D. Mo. 1980) ("The responsibility for care of the prisoners appears to fall squarely on the shoulders of the county Sheriff."). Since Plaintiff does not allege that Khan was the St. Louis County Sheriff at the time of Decedent's death, Plaintiff fails to establish that Khan is a "jailer" under 221.120, and Count II of Plaintiff's Petition must be dismissed for failure to state a claim for relief against Khan.

**B. <u>Mo. Rev. Stat. § 221.120 Does Not Create a Civil Cause of Action</u>**

Missouri law defines negligence *per se* as "[n]egligence established as a matter of law, so that breach of the duty is not a jury question." *Eckelkamp v. Burlington N. Santa Fe Ry. Co.*, 298 S.W.3d 546, 533 (Mo. App. E.D. 2009) (citing *Black's Law Dictionary* 1135 (9th ed. 2009)). "The test to determine whether a violation of a statute may constitute negligence *per se* depends on **<u>legislative intent</u>**." *Lowdermilk v. Vescovo Bldg. and Realty Company., Inc.*, 91 SW.3d 617, 629 (Mo. App. E.D. 2002) (citing 65 CJA Negligence Section 135) (emphasis added). Statues giving rise to claims for *per se* negligence are generally safety statutes. *Id.* at *628;* see also, *Burns vs. Frontier II Properties, Ltd. P'ship,* 106 S.W.3d 1, 3 (Mo. App. E.D. 2003) ("Negligence *per se* arises when the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct[.]"). "Negligence *per se* is in effect a presumption that one who has violated a safety statute has violated his legal duty to use due care." *Lowdermilk,* 91 S.W.3d at 629 (quoting 571 AMJUR 2d *Negligence* Section 727 (1989)).

Section 221.120 describes the mechanism for medical treatment payment during pre-trial detention, making prisoners financially liable for medical care provided to them when confined in

a jail. *Hammer v. Stevens,* 2007 U.S. Dist. LEXIS 38798, at *3 (E.D. Mo. May 29, 2007).  Section 221.120 does not bestow a cause of action upon prisoners or their survivors.  Moreover, the Eastern District of Missouri District Court, when confronted with this concept, found that "a fair reading of the statute indicates that it is designed to help jails defray the costs of providing medical care by shifting the financial burden to the detainee's private health insurance provider or, if lacking insurance, to the detainee," *Id.* (analyzing RSMo. § 221.120).  Accordingly, Section 221.120 does not create a cause of action to detainees, much less a *per se* cause of action.  *See generally, Slade v. Hampton Rds Reg'l Jail,* 407 F.3d 243, 251-52 (4th Circuit Court. 2005) (pretrial detainee's rights not violated by having to contributed to the cost of his housing and care).

Plaintiff's contention in Paragraph 94 of her Petition that the Missouri legislature enacted Section 221.120 to protect jail detainees and inmates contradicts the statute's plain text and is contrary to this Court's interpretation in *Hammer.  See* 2007 WL 1565933, at *3.  Because Section 221.120 addresses medical care costs rather than detainee rights, Plaintiff's contention that "Defendants violated their duties of care, as established in § 221.120 Mo. Rev. Stat." is without merit.  *See* Pl.'s Pet, ¶ 95.  Plaintiff does not allege any right being deprived from medical treatment costs or payments.  *See generally*, Pl's Pet., Count II.

Since Mo. Rev. Stat. § 221.120 does not bestow a cause of action upon prisoners or their survivors, Plaintiff is barred as a matter of law from maintaining her negligence *per se* claim against Khan and Count II of Plaintiff's Petition must be dismissed.

### CONCLUSION

For the reasons set forth herein, Count I of Plaintiff Petition fails to allege facts sufficient to state a claim under § 1983 against Khan and/or defeat Khan's entitlement to qualified immunity,

and thus Count I of Plaintiff's Petition against Khan must be dismissed as a matter of law.  *See*

*Kaprielian*, 2016 U.S. Dist. LEXIS 52729; *White*, 2019 U.S. Dist. LEXIS 222875.

Also for the reasons set forth herein, Count II of Plaintiff's Petition fails to state a cause of

action against Khan because Khan is not a "jailer" under § 221.120 and § 221.120 does not permit

Plaintiff to bring a private civil action for monetary damages against Khan.  As a result, Plaintiff

is legally barred from pursuing her negligence *per se* claim against Khan and thus Count II of

Plaintiff's Petition must be dismissed.  *See Eckelkamp*, 298 S.W.3d. at 553.

WHEREFORE, Defendant Faisal Khan respectfully requests that this Court dismiss

Counts I and II of Plaintiff's Petition against Khan with prejudice, and for such further relief as

this Court deems just and appropriate under the circumstances.

<div style="margin-left: 40%;">

**Respectfully submitted,**

**WIEDNER & McAULIFFE**

*/s/ Gregory D. DeBeer*
C. Zachary Vaughn, # 56408MO
Gregory D. DeBeer, # 62129MO
8000 Maryland, Suite 550
Clayton, MO 63105
(314) 721-3400 (telephone)
(314) 725-5755 (facsimile)
czvaughn@wmlaw.com
gddebeer@wmlaw.com

*Attorneys for Defendant Faisal Khan*

</div>

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on April 25, 2021, a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record.

*/s/ Gregory D. DeBeer*