## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARGARET STARKS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:21-CV-435 RLW |
| | ) |
| ST. LOUIS COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Margaret Starks's Amended Motion to Compel Discovery. (ECF No. 92). Defendant St. Louis County (the "County"), the party to which the motion is directed, failed to respond to the motion, and the time to do has expired. For the reasons that follow, the Plaintiff Margaret Starks's motion is granted.

This cause of action arises from the death of Drexel Starks, who died while detained at the St. Louis County Justice Center. Plaintiff Margaret Starks, Mr. Starks's mother, alleges the defendants failed to provide her son with adequate medical care, including failing to provide him with medical care or attention for approximately 29 hours, despite the fact he was obviously in medical distress, which should have been apparent even to a layperson. The Second Amended Complaint names a number of defendants, including the County; Defendant Faisal Khan, the Director of St. Louis County Public Health; Delores Gunn, a licensed physician for the County, who had signed "standing orders" regarding treatment for drug withdrawal; Fred Rottnek, a licensed physician for the County, who had signed "standing orders" regarding treatment for drug withdrawal; Melissa Susman, medical staff at the County Justice Center, who had some supervisory authority at the time of Mr. Starks's death; Ericka Criss, medical staff at the County

Justice Center, who had some supervisory authority at the time of Mr. Starks's death; and William Trachsel, an employee at the County Justice Center.  In the Second Amended Complaint, Plaintiff also alleges Defendant Unknown Guards ignored her son's requests for help and medical care, and they did know or should have known that he was in medical distress and needed medical attention, and that Unknown Nurses and/or Medical Providers failed or refused to provide her son with medical care, despite his obvious and apparent medical needs.

On August 2, 2021, the Court ordered, among other things, that Plaintiff was granted leave to conduct discovery to ascertain the identity of the Unknown Defendants.  (ECF No. 39).  Plaintiff was ordered to amend her complaint to add them as parties and to file proof of service on them by October 1, 2021. The named and served defendants were ordered to cooperate with Plaintiff in the discovery process.  Plaintiff complied with the Court's Order and promptly served written discovery requests on the County on August 5, 2021.[1]

On September 7, 2021, the day its responses to the discovery requests were due, the County filed a motion for a 30-day extension of time to respond.  The County cited "the press of business" as the reason it was requesting the extension. (ECF No. 49).  On September 14, 2021, the Court granted the County's motion.  (ECF No. 50).  The County was granted until October 7, 2021, to respond to Plaintiff's written discovery, and Plaintiff was given until November 1, 2021, to identify and serve the Unknown Defendants.

On October 7, 2021, the County filed a second motion for extension of time to respond to Plaintiff's written discovery requests.  The County again asked for a 30-day extension of time and

---

[1] Plaintiff states in her Motion that while this matter was pending before the state court, she propounded almost identical written discovery requests seeking information from the County that would allow her to ascertain the identities of previously unidentified John Does, and the County failed to respond to this discovery.

2

generically cited "the press of business" as the reason for the request. (ECF No. 71). In its motion, the County stated that Plaintiff was willing to consent to its motion but requested that if the motion were granted, the Court also grant Plaintiff 45 days from the date of the County's responses to review records, identify additional defendants, seek leave to amend the Complaint, and effect service upon any new defendants.

The Court granted the County's second motion for extension of time. The County was given until November 8, 2021, to respond to Plaintiff's written discovery, and Plaintiff was to identify the Unknown Defendants and file proof of service upon them by December 23, 2021. (ECF No. 79). The County was warned that the Court "will not grant Defendant St. Louis County any further extensions of time to respond to Plaintiff's August 5, 2021 discovery requests." (Id.)

Plaintiff filed her Amended Motion to Compel on November 16, 2021. (ECF No. 91). Plaintiff asserts in her Motion that the County failed to respond to any of her discovery requests. The County did not file a response to Plaintiff's Motion, and the time to do so has expired.

On December 2, 2021, pursuant to the Case Management Order, the parties filed a Joint Proposed Scheduling Plan. (ECF No. 93). That same day, the parties filed a joint motion for the entry of a protective order. (ECF No. 94). On December 3, 2021, counsel for the County, Daniel James, informally informed the Court that he was prepared to provide Plaintiff's counsel with responses to her August 5, 2021 discovery requests as soon as the Court entered the parties' proposed protective order.

The Court finds the County has been derelict in its duties in this matter. The case was initially filed in state court more than 15 months ago. It was removed to this Court on April 15, 2021. Since its filing, there has been little to no progress in the case. The discovery Plaintiff seeks, such as the identity of nurses and guards who were working the day of Drexel Starks's death,

3

should have been kept in the normal course of business and be readily available.  The County ignored its discovery deadline and failed to respond to Plaintiff's motion to compel.  The Court, therefore, will grant Plaintiff's Amended Motion to Compel and order the County to fully respond to Plaintiff's discovery responses, without objections, within three (3) days of the date of this Memorandum and Order.

The parties' motion for the entry of a protective order was filed well after the County's discovery responses were due.  As stated above, the County filed two motions for extension of the discovery deadline on September 7 and October 7, 2021, and it neither requested the entry of a protective order nor stated that its discovery responses were contingent or conditioned upon the entry of a protective order.  The Court will take up the parties' motion for a protective order in due course, however, the County shall provide responses to Plaintiff's discovery requests within the deadline set forth in this Memorandum and Order, with or without a protective order.

In her Motion, Plaintiff also requests an award of attorneys' fees as well as additional sanctions.  Plaintiff's counsel represents that the County has caused Plaintiff to incur unnecessary attorney's fees as a result of this discovery dispute.  Based on the County's actions in this case, the Court finds it appropriate to award Plaintiff her attorneys' fees.  Therefore, Plaintiff shall file a verified motion for attorneys' fees, with an itemized statement of the time incurred, on or before December 13, 2021.  Defendant St. Louis County may respond to the motion for attorneys' fees within the time allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

As for the imposition of additional sanctions, Plaintiff asks the Court to strike the County's pleadings and/or fine the County a reasonable and sufficient amount of money per day until all responsive discovery is produced. Under Rule 37, the Court may impose additional sanctions for discovery violations such as "(i) directing that the matters embraced in the order or other designated

facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A). In light of the fact that the County is a public entity, the Court is not inclined to impose additional sanctions at this time. The Court, however, may take up the matter of additional sanctions should the County not fully respond to Plaintiff's discovery request within the time allowed by this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Margaret Starks's Amended Motion to Compel is **GRANTED**. [ECF No. 92]. On or before **December 10, 2021,** Defendant St. Louis County shall fully respond to Plaintiff's August 5, 2021 discovery requests, without objections.

**IT IS FURTHER ORDERED** that on or before **December 13, 2021**, and consistent with the terms of this Memorandum and Order, Plaintiff shall file a verified motion for attorneys' fees, with an itemized statement of the time incurred. Defendant St. Louis County may respond to Plaintiff's motion for attorneys' fees within the time allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**IT IS FURTHER ORDERED** that the Rule 16 scheduling conference in this matter is **reset to December 16, 2021, at 1:30 p.m.,** by telephone (Dial 1-888-278-0296, Access Code 5718240). The Order Setting Rule 16 Scheduling Conference previously issued on November 4, 2021, shall otherwise remain in full force and effect with respect to the new date.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of December 2021.