IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGARET STARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:21-cv-00435-RLW |
| v. ) | |
| ) | |
| ST. LOUIS COUNTY, et. al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS ST. LOUIS COUNTY AND WILLIAM TRACHSEL MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO F.R.C.P. RULE 12(c)**

COMES NOW, the Defendants, St. Louis County and William Trachsel, by and through counsel and in support of the Motion for Judgment on the Pleadings Pursuant to F.R.C.P. Rule 12(c), submits the following Memorandum of Law.

**FACTUAL BACKGROUND**

Plaintiff Margaret Starks ("Plaintiff") alleges that her son Drexel Starks ("Decedent") was incarcerated at the St. Louis County Buzz Westfall Justice Center (the "Jail") from approximately August 4, 2015 to August 6, 2015. (Doc. 52, ¶14). Plaintiff alleges Decedent was given a medical examination and interviewed on August 4, 2015. (Doc. 52, ¶15) During his intake examination and interview, it was noted that Decedent had a history of drug use. (Doc. 52, ¶18). On August 6, 2015, at approximately 2:00 p.m., Decedent was found on the floor of his cell with a small pool of clear saliva by his face. (Doc. 52, ¶60). After various attempts to provided medical attention to the Decedent (Doc. 52, ¶¶62, 65, 67, 68-80), Decedent was pronounced dead at St. Mary's Hospital at 3:51 p.m. (Doc. 52, ¶81). His cause of death was listed as "unexpected death in patient withdrawing from heroin and cocaine with dehydration and cardiac dysrhythmia." (Doc. 52, ¶82).

Plaintiff filed her Petition for Damages (the "Petition") in the Circuit Court for St. Louis County on August 6, 2020 – five years after Decedent's death. (Doc. 4). The action was properly removed to this Court pursuant to Section 1331.  Plaintiff filed her Second Amended Petition on September 14, 2021 (Doc. 52).

Plaintiff brings several claims against St. Louis County and William Trachsel, amongst other defendants in this case.  Count I of the Petition is titled "Deprivation of Medical Care Pursuant to the 8th and 14th Amendments and Cognizable under 42 U.S.C. 1983," against Defendants Susman, Criss, Trachsel, Unknown Guards, and Unknown Nurses and/or Medical Providers (hereinafter referred to as the Count I Defendants).  (Doc. 52, ¶¶ 92-102).  Count I alleges that the Count I Defendants "failed and/or refused to provide [Decedent] with medical care, treatment, and attention, even when directly requested by him," (Doc. 52, ¶96), and that these actions or omissions were the direct and proximate cause of Decedents "loss of life…"  (Doc. 52, ¶ 99).

Count II of the Petition is titled "Negligence *Per Se* in Violation of § 221.120 Mo. Rev. Stat." (Doc. 52, ¶¶103-114).  Count II alleges Defendants Gunn, Rottnek, Susman, Criss, Trachsel, Unknown Guards, and Unknown Nurses and/or Medical Providers (hereinafter referred to as the Count II Defendants) violated a statutorily created duty of care, (Doc. 52, ¶ 108), and, as a result, Decedent suffered "loss of life…"  (Doc. 52, ¶113).

Count III is titled "Unlawful Policy – *Monell Liability Against Defendant St. Louis County*. (Doc. 52, ¶¶115-121).  Count III alleges the County, by and through its departments, denied detainees reasonable and adequate medical care (Doc. 52, ¶117) and that said acts of Defendant St. Louis County were the direct and proximate cause [of Decedents] loss of life." (Doc. 52, ¶119).

Count IV is titled, "Unlawful Pattern, Practice, and/or Custom – *Monel Liability Against Defendant St. Louis County."* (Doc. 52, ¶¶ 122-128). Count IV alleges the County, by and through its departments, authorized by and undertook pursuant to practice and/or customs that were so pervasive and well-known as to constitute standard operating procedures to… deny detainees reasonable and adequate medical care (Doc. 52, ¶124) and that said acts of Defendant St. Louis County were the "direct and proximate cause [of Decedents] loss of life." (Doc. 52, ¶ 126).

Count VI[1] is titled "Failure to Train, Supervise, and/or Discipline – *Monell Liability Against Defendants St. Louis County, Khan, Gunn, and Rottnek."* (Doc. 52, ¶¶ 129-139) Count VI alleges St. Louis County, Khan, Gunn and Rottnek's (hereinafter referred to as the Count VI Defendants) training, supervisory and/or disciplinary policies were inadequate to prevent the individually named Defendants from continuing to engage in actions which violated the constitutional protections afforded to inmates of the jail, (Doc. 52, ¶133), and as the direct and proximate result of the actions of the individually named Defendants and the Count VI Defendants, Decedent suffered devastating personal injuries, physical pain and suffering, emotional distress and mental anguish and, ultimately death. (Doc. 52, ¶136).

## STANDARD OF REVIEW

Federal Rules of Civil Procedure, Rule 12(c), states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." While the Defendants argue that the Plaintiff has failed to state a claim for which relief can be granted, which would normally fall under F.R.C.P. Rule 12(b)(6), the Eighth Circuit has allowed a Rule 12(b)(6) analysis on Rule 12(c) Motions for Judgment on the Pleadings in certain circumstances. "[A] Rule

---

[1] The Second Amended Complaint alleges Count IV (Doc 52, p. 21) followed by Count VI (Doc 52, p. 23). There is no Count V in the Second Amended Complaint. As such, Defendants will continue to refer to the last count as Count VI as listed in the Second Amended Complaint.

12(b)(6) motion cannot be filed after an answer has been submitted. *See* Fed.R.Civ.P. 12(b). But since Rule 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted" may be advanced in a motion for judgment on the pleadings under Rule 12(c), we will treat the [Defendant's] motion as if it had been styled a 12(c) motion." *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990). This analysis continues to be the rule in the 8th Circuit and the lower courts. *See Pittman v. Scholastic, Inc.,* 2021WL5999256 (W.D.Mo. 2021)*; McLean v. Bruce,* 2021WL4783257 (W.D. Mo. 2021)*; and Collins-Myers v. Triangle Trucking, Inc.,* 2020WL1445703 (E.D. Mo. 2020).

Applying the analysis of Rule 12(b)(6), Federal Rules of Civil Procedure, a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A court should dismiss a complaint where a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content...allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Distributing Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ARGUMENT OF LAW

Plaintiff's claims fail to state a claim upon which relief can be granted for three reasons. First, Count II "Negligence *per se"* in violation of Mo.Rev.Stat. § 221.120, relies upon a statute that does not create a private cause of action. Second, the claims asserted in Plaintiff's original Petition and Second Amended Petition are barred by the statute of limitations. Finally, Plaintiff brings multiple causes of action against the same defendant in violation of Mo.Rev.Stat. §537.080. Based upon these reasons, Defendants St. Louis County and William Trachsel are entitled to

judgment as a matter of law and all of Plaintiff's Counts in the Second Amended Complaint should be dismissed.

1. **The claim Count II "Negligence *per se* in Violation of §221.120 Mo.Rev.Stat." relies upon a statute that does not provide a private cause of action and, thus, fails to state a claim for which relief can be granted.**

Plaintiff's Count II is titled "Negligence *per se* in Violation of §221.120 Mo.Rev.Stat." and is asserted against Defendants Gunn, Rottnek, Susman, Criss, Trachsel, Unknown Guards, and Unknown Nurses and/or Medical Providers. Plaintiff claims Mo.Rev.Stat §221.120.1 requires that a jailer shall "procure the necessary medicine, dental care or medical attention necessary and proper to maintain the health of the prisoner."(Doc. 52, 104), and that this requirement to "procure necessary medicine, dental care or medical attention" creates a negligence *per se* private cause of action.

"The test to determine whether a violation of a statute may constitute negligence per se depends on legislative intent." *Lowdermilk v. Vescovo Building and Realty Co., Inc,* 91 S.W.3d 617, 629 (Mo.App. 2002).  The only Missouri cases to address the legislative intent on Mo.Rev.Stat. §221.120, is *Miller v. Owsley,* 422 S.W.2d 39 (Mo. banc 1967).  In *Miller,* the Missouri Supreme Court stated that "He [the Sheriff] also has certain duties relative to medical attention for prisoners imposed by § 221.120."  However, this case was not based on a claim for negligence.  Instead, it was based on a claim for breach of the official bond.  Thus, the issue as to whether Mo.Rev.Stat § 211.120 creates a private cause of action for negligence has not been directly addressed by Missouri courts.

However, the Eastern District of Missouri, in a recent opinion, has held that, "[I]t does not follow that § 221.120 is a statute 'on which negligence per se may be premised.'" *Malcich v. St.*

*Louis County,* 2021 WL 3633703 (E.D.Mo 2021) citing *Lowdermilk, Id.,* 91 S.W.3d 617, 628 (Mo. App. 2002).  In *Malcich*, the Eastern District of Missouri held:

> Section 221.120 fails to establish specific conduct that violates the statute.  Instead, it states that a jailer must procure medical care when an inmate is sick and in the judgment of the jailer requires such care.  § 221.120.  Because the determination of when an inmate requires care is left to the judgment of the jailer, the statute does not indicate conduct that constitutes a violation.  Inasmuch as § 221.120 cannot be the basis of a negligence *per se* claim.

*Id.* (internal quotations removed).  The Court in Malcich then dismissed the count of the plaintiff's petition alleging negligence per se on the basis of § 221.120.  Plaintiff here relies on the exact same claim in reliance on the exact same statute addressed by the Court in *Malcich.*  Based upon the ruling in *Malcich*, this Court should dismiss Count II in the present cases for failing to state a claim for which relief can be granted.

    **2.  <u>Plaintiff's claims are barred by the statute of limitations.</u>**

Plaintiff's claims in is the remained of the Petition are based upon alleged violations of the decedent's rights under 42 U.S.C. § 1983. Count I is described as a claim for "Deprivation of Medical Care Pursuant to the 8th and 14th Amendments and Cognizable under 42 U.S.C. 1983." Counts III, IV, and VI are listed as *Monell Liability.*  As described in *Monell v. Department of Social Services of City of New York,* 98 S.Ct 2018 (1978), the U.S. Supreme Court found that, "Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 2035-2036.  Therefore, all four of the remaining claims come under the auspice of §1983.

Since §1983 does not have its own statute of limitations, "the Court must apply the forum state's statute of limitations for the most analogous cause of action. *See Myers v. Sander*, No.

4:13CV2192, 2014WL709081, at 15 (E.D. Mo. Feb. 3, 2014) ("courts should always use the forum state's statute of limitations," and the most applicable state cause of action for claims arising under 42 U.S.C. § 1981-1983 is the Missouri statute governing personal injury claims)." *Lewis v. Jackson County, 2021WL5867649* (W.D. Mo. Dec 10, 2021). Thus, the Court needs to look to the authority under Missouri law to determine the appropriate statute of limitations.

Under Missouri personal injury law, the sole source of a cause of action where the injuries sustained by the decedent caused the decedent's death is the Missouri wrongful death statute, Mo.Rev.Stat §537.080. *See Andrew v. Neer,* 253 F.3d 1052, 1058 (8th Cir. 2001). Section 537.080 states as follows:

> "1. Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:
> (1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;
> (2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;
> (3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem. Such plaintiff ad litem shall be appointed by the court having jurisdiction over the action for damages provided in this section upon application of some person entitled to share in the proceeds of such action. Such plaintiff ad litem shall be some suitable person competent to prosecute such action and whose appointment is requested on behalf of those persons entitled to share in the proceeds of such action. Such court may, in its discretion, require that such plaintiff ad litem give bond for the faithful performance of his duties.
> 2. Only one action may be brought under this section against any one defendant for the death of any one person." Mo.Rev.Stat. §537.080.
> The statute of limitation for a suit under Mo.Rev.Stat §537.080 is set out in Mo.Rev.Stat.

§537.100, which provides, "1.  Every action instituted under section 537.080 shall be commenced

within three years after the cause of action shall accrue;...".[2] The Missouri Supreme Court holds that a wrongful death cause of action accrues at the moment of death. *State ex rel. Goldsworthy v. Kanatzar,* 543 S.W.3d 582 (Mo. banc, 2018). An examination of Plaintiff's Second Amended Petition reveals that Plaintiff alleges that the actions in each count of the Petition caused the death of the Decedent. As such, the three-year statute of limitations would apply, barring Plaintiff's claims against Defendants County and Traschel.

Specifically, Plaintiff's Second Amended Petition makes the following allegations, in relevant part:

In Count I "Deprivation of Medical Care Pursuant to the 8th and 14th Amendments and Cognizable under 42 U.S.C. 1983," Plaintiff specifically states, "As the direct and proximate result of the acts and omissions of Defendants and their deliberate indifference to the serious medical needs of Mr. Starks, while acting alone or acting in concert, decedent Drexel Starks suffered ***the loss of life,*** loss of future enjoyment of life, and loss of further income." (Doc. 52, ¶ 99)(emphasis added).

In Count II, "Negligence *per se* in Violation of §221.120 Mo.Rev.Stat." against Defendants Gunn, Rottnek, Susman, Criss, Trachsel, Unknown Guards, and Unknown Nurses and/or Medical Providers, Plaintiff claims Mo.Rev.Stat §221.120.1 requires that a jailer shall "procure the necessary medicine, dental care or medical attention necessary and proper to maintain the health of the prisoner."(Doc. 52, 104), and "As the direct and proximate result of Defendants' acts and omissions, as alleged herein, Drexel Starks suffered devastating personal injuries, physical pain

---

[2] The statute goes on to add a provision for tolling if a defendant is absent from the state so that personal service cannot be had on that defendant for time period in which the defendant is absent from the state, and allows for the filing of an action when the Plaintiff has suffered a non-suit within one year from that non-suit. Mo.Rev.Stat §537.100. Neither circumstance allowing for the tolling of the limitations period is present in this instance.

and suffering, emotional distress and mental anguish, and ***ultimately death***."³ (Doc. 52, ¶ 111)(emphasis added).

In Count III, "Unlawful Policy – *Monell Liability Against Defendant St. Louis County*," Plaintiff specifically states, "As a direct and proximate consequence of the acts of Defendant St. Louis County, Mr. Starks suffered damages in the form of, inter alia, deprivation of his constitutional rights as guaranteed under the Eighth and Fourteenth Amendments, cognizable pursuant to 42 U.S.C. § 1983; physical pain and suffering; severe anxiety, fear, and mental anguish; lost a substantial chance of survival, and ***loss of life***." (Doc 52, ¶ 119)(emphasis added).

In Count IV - "Failure to Train, Supervise, and/or Discipline – *Monell Liability Against Defendants St. Louis County, Khan, Gunn, and Rottnek*," Plaintiff specifically states, "As a direct and proximate consequence of the acts of Defendant St. Louis County, Mr. Starks suffered damages in the form of, inter alia, deprivation of his constitutional rights as guaranteed under the Eighth and Fourteenth Amendments, cognizable pursuant to 42 U.S.C. § 1983; physical pain and suffering; severe anxiety, fear, and mental anguish; lost a substantial chance of survival, and. ***loss of life***." (Doc. 52, ¶ 126)(emphasis added); further, "As the result of the actions of Defendants Gunn, Rottnek, Susman, Criss, Trachsel, Unknown Guards and Unknown Nurses and Medical Providers, and/or St. Louis County, Mr. Starks has suffered in the form of, inter alia, deprivation of his constitutional rights as guaranteed under the Eighth and Fourteenth Amendments, cognizable pursuant to 42 U.S.C. § 1983; physical pain and suffering; severe anxiety, fear, and mental anguish; and ***loss of life***."  (Doc. 52, ¶ 127)(emphasis added).

---

³ Defendants contest Plaintiff's interpretation and application of Rev.Stat.Mo §221.120, and that Count II fails to state a claim for which relief can be granted as argued in Section 1 above. However, for purposes of Section 2 of Defendants' Motion for Judgment on the Pleadings, the County submits that, because Plaintiff alleges the claim led to the death of Decedent, the Missouri wrongful death statute applies regardless of the purpose of Rev.Stat.Mo §221.120.

Finally, in Count VI - "Unlawful Pattern, Practice, and/or Custom – *Monel Liability Against Defendant St. Louis County*," Plaintiff specifically states, "As the direct and proximate results of the actions of the individually-named Defendants and Defendants St. Louis County, Khan, Gunn, and Rottnek, Drexel Starks suffered devastating personal injuries, physical pain and suffering, emotional distress and mental anguish, and ***ultimately death***." (Doc. 52, ¶ 136)(emphasis added).

In reviewing a case for statute of limitation issues, the Court looks to the most applicable statute of limitations. *Myer, id*. "Under § 1983, state actors who infringe the constitutional rights of an individual are liable 'to the party injured.'" *Andrews v. Neer,* 253 F.3d 1052, 1056 (8th Cir. 2001). In this case, Plaintiff alleges that the rights of the decedent were violated based upon the actions of the Defendants. Since Plaintiff alleges that the violations of the decedent's rights were the cause of his death, the Missouri wrongful death statute is "the sole source of a cause of action in Missouri where the injuries sustained by the decedent cause the decedent's death." *Id.* at 1058. *See also Wollen v. DePaul Health Ctr.,* 828 S.W.2d 681, 685 (Mo. banc 1992)(The survivorship statute applies when the injury did *not* cause death, and the wrongful death statute applies when the injury did cause death).

Further, the Missouri courts have held that Mo.Rev.Stat. § 537.100 (wrongful death statute of limitations) is a "special statute of limitations" and is within the precise terms of Mo.Rev.Stat §516.300, which excludes from the operation of a general statute any action which is "otherwise limited by a statute."[4] *See Frazee v. Partney,* 314.S.W.2d 915 (Mo. 1958). Therefore, under Missouri law, all actions which alleged to have caused the death of the decedent fall under the three-year statute of limitations under Mo.Rev.Stat. § 537.100.

---

[4] Mo.Rev.Stat. § 516.300 states, "The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute."

Applied to this case, in each Count, Plaintiff alleges that the death of the Decedent was either "the direct and proximate result," a "direct and proximate consequence of," a "result of the actions of," or "as the direct and proximate result of" the actions of the Defendants.  It is without question that Plaintiff's Second Amended Petition alleges that the actions of the Defendants caused the death of Drexel Starks, thereby placing each of Plaintiff's claims under the purview of Missouri's Wrongful Death statute, Mo.Rev.Stat §537.080, and subject to the three years statute of limitations found in Mo.Rev.Stat §537.100.

In reviewing a Rule 12(b)(6) failure to state a claim based upon statute of limitations, "[a] court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011).  The record in this case demonstrates the Decedent died on August 6, 2015 (Doc. 52, ¶ 60); as a matter of law, the statute of limitations for any action based upon his death began to accrue as of the same date. *See State ex rel. Goldsworthy v. Kanatzar,* 543 S.W.3d 582 (Mo. banc 2018) (a Missouri wrongful death cause of action accrues at the moment of death).  The record also shows that the original Petition asserting claims based on Decedents death was filed in St. Louis County Circuit Court on August 6, 2020. (Doc. 4).  As such, a period of five years passed from the date of the Decedent's death until a petition asserting claims based upon his death was filed in St. Louis County Circuit Court.  Clearly, the three year time period set out in Mo.Rev.Stat. §537.100, expired on August 6, 2018, two (2) years prior to the filing of Plaintiff's petition.  Therefore, Plaintiff's claims asserted in Counts I, II, III, IV, and VI were not timely filed within the prescribed limitation period of Mo.Rev.Stat. §537.100, and should be dismissed as a matter of law.

3. **Plaintiff's Counts I, II, III, IV and VI constitute multiple causes of action against the same defendant in violation of Mo.Rev.Stat. §537.080.**

Although it is clear each of Plaintiff's claims set forth in the Second Amended Petition are barred by the statute of limitations and no further analysis is required, any confusion as to whether one or more of the claims could survive is further dispelled by the single-action provision of Missouri's wrongful death statute. Mo.Rev.Stat. § 537.080.2 specifically states that, "2.  Only one action may be brought under this section against any one defendant for the death of any one person."  While the Plaintiff, as Drexel Starks mother, is a person identified under §537.080.1(1) as someone who is authorized to bring an action for wrongful death, Plaintiff is bound by the limitations of §537.080.2 stating, "2. Only one action may be brought under this section against any one defendant for the death of any one person."  In *Davis v. Wilson,* 804 S.W.2d 392 (Mo. App. 1991), the Court of Appeals for the Western District stated, in regard to one action being filed for the wrongful death of a person, that, "It is likewise obvious that when enacting § 537.080(3) [now §537.080.2], the Missouri General Assembly intended the limitation of one action against any one defendant for the death of any one person." *Id.* at 395.

No amount of artful pleading by Plaintiff can multiply a clear wrongful death claim into five separate avenues for relief. Applying this rule to the present case, Plaintiff's five counts (Counts I, II, III, IV, and IV), merge into one claim for wrongful death.  Furthermore, regardless of whether there is one count of wrongful death or five counts as listed in the Second Amended Complaint, Plaintiff's claims are plainly barred by the three-year statute of limitations period set forth in §537.100 and firmly recognized under Missouri law.  As such, Plaintiff's Second Amended Complaint fails to state a claim for relief, and should be dismissed as a matter of law.

## **CONCLUSION**

Based upon the foregoing and a thorough review of the pleadings, Plaintiff's filing of the original petition in St. Louis County Circuit Court 5 years after the decedent's death was untimely and failed to meet the three-year statute of limitations period required under Missouri's wrongful death law.  Plaintiff's claim for any relief based upon the death of Decedent began to accrue at the time of his death, and the present claims are time-barred for being filed two years out of time.  Further, Defendants have shown that Mo.Rev.Stat. §221.120 does not create a private cause of action and should be dismissed.  Finally, since all claims raised by Plaintiff allege that the acts of the Defendants were the proximate cause of the decedent's death, only one action is allowed against one defendant pursuant to Mo.Rev.Stat. § 537.080.

Wherefore, Defendants St. Louis County and William Trachsel are entitled to judgment as a matter of law.

Respectfully submitted,

BETH ORWICK

ST. LOUIS COUNTY COUNSELOR

_/s/ Daniel E. James_

Daniel E. James, #53370MO
Associate County Counselor
Office of the County Counselor
41 S. Central, Ninth Floor
Clayton, MO 63105
Phone:  (314) 615-7055
DJames@stlouiscountymo.gov
*Attorney for the Defendants St. Louis County and William Trachsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2022, a copy of the foregoing Defendants St. Louis County and William Trachsel's Motion for Judgment on the Pleadings Pursuant to F.R.C.P. Rule 12(c) was filed with the Court's Electronic Filing System which sent notice to all counsel of record.

Daniel E. James
Associate County Counselor