**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARGARET STARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-435 RLW |
| | ) |
| ST. LOUIS COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendants St. Louis County (the "County") and William Trachsel for judgment on the pleadings pursuant to Rule12(c) of the Federal Rules of Civil Procedure. (ECF No. 105). Plaintiff opposes this motion, which is fully briefed and ripe for review.[1] For the reasons that follow, the defendants' motion is denied.

### *I.    Background*

This case arises from the death of Drexel Sparks, who died on August 6, 2015, while detained at the St. Louis County Justice Center. Plaintiff Margaret Starks, Mr. Starks's mother, alleges the defendants in this case failed to provide her son with adequate medical care, including failing to provide him with medical care or attention for approximately 29 hours, despite the fact that he was obviously in medical distress, which should have been apparent even to a layperson.

---

[1] On March 18, 2022, Plaintiff filed a Motion for Leave to File Surreply. (ECF No. 113). Plaintiff aruges that additional briefing is necessary, because the defendants introduced new arguments and citations of law, and irrelevant references to unrelated cases in their reply brief. First, although Plaintiff seeks leave to file a surreply, a memorandum filed following a reply is properly designated a surresponse, which itself may be followed by a surreply. Second, the Court has carefully reviewed the briefing by the parties that is provided for under the Federal Rules of Civil Procedure and the Local Rules of this Court and finds it does not require the benefit of a surresponse in order to address the issues at bar. Plaintiff's motion is denied.

Plaintiff originally filed suit on August 6, 2020, in Missouri state court. Defendants removed the cause of action to federal court on April 15, 2021, on the basis of federal question subject matter jurisdiction, pursuant to 28 U.S.C. § 1331. Following removal, Plaintiff filed a Second Amended Complaint in which she names a number of defendants, including the County; Defendant Faisal Khan, the Director of St. Louis County Public Health; Delores Gunn and Fred Rottnek, licensed physicians for the County, who signed "standing orders" regarding treatment for drug withdrawal; Melissa Susman and Ericka Criss, medical staff at the County Justice Center, who had some supervisory authority; and William Trachsel, an employee at the County Justice Center. Plaintiff also alleges Defendant Unknown Guards ignored her son's requests for help and medical care, and they or should have known that he was in medical distress and needed medical attention, and that Unknown Nurses and/or Medical Providers failed or refused to provide her son with medical care, despite his obvious and apparent medical needs.

In her Second Amended Complaint, Plaintiff alleges the following civil rights violations under 42 U.S.C. § 1983: deprivation of medical care under the Eighth and Fourteen Amendments against defendants Susman, Criss, Trachsel, Unknown Guards, Unknown Nurses and/or Medical Providers (Count I); Monell liability against the County for unlawful policy (Count III); Monell liability against the County for unlawful pattern, practice and/or custom (Count IV); and failure to train, supervise and/or discipline against the County, Defendants Khan, Gunn, and Rottnek (Count V).[2] Plaintiff also brings a Missouri state law claim for negligence per se in violation of Mo. Rev. Stat. § 221.120 against Defendants Gunn, Rottnek, Susman, Criss, Trachsel, Unknown Guards,

---

[2] Count V is mislabeled as "Count VI." (ECF No. 52 at 23). There are only five counts in Plaintiff's Second Amended Complaint. The Court shall refer to Plaintiff's § 1983 claim of failure to train, supervise and/or discipline as Count V.

Unknown Nurses and/or Medical Providers (Count II). Plaintiff brings claims against the individual defendants in their individual capacities.

In their Motion for Judgment on the Pleadings, the County and Defendant Trachsel make the following three arguments: (1) Plaintiff's claims under § 1983 are barred by the applicable statute of limitations; (2) Plaintiff has failed to state a claim in Count II, III, IV, and V, in that Plaintiff brings multiple causes of action against the same defendants in violation of Mo. Rev. Stat. § 537.080; and (3) Plaintiff failed to state a claim for negligence per se in Count II, because, among other things, Mo. Rev. Stat. § 221.120 does not provide a private right of action.

## II.     Legal Standard

A motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). Ellis v. City of Minneapolis, 860 F.3d 1106, 1109 (8th Cir. 2017). To state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). The facts alleged must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader

is entitled to relief.  Id. at 555–56; Fed. R. Civ. P. 8 (a)(2).  The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations.  Id.

### III.   Discussion

#### A.   Statute of Limitations

In their motion, the County and Defendant Trachsel argue that Plaintiff's claims are time-barred.  The defendants argue that Plaintiff brings Counts I, III, IV, and V of her Second Amended Complaint under of § 1983, but the claims are in essence wrongful death claims.  The County and Defendant Trachsel further argue that Missouri's three-year statute of limitations for wrongful death claims under Mo. Rev. Stat. § 537.100 should apply to these claims.

The defendants' argument is contrary to clearly established law from the United States Supreme Court and the Eighth Circuit Court of Appeals.  There is no general federal statute of limitations applicable to claims brought under § 1983.  There is, however, a bright-line rule addressing the appropriate statute of limitations to be applied to § 1983 claims for violations of federal civil rights.  In Wilson v. Garcia, 471 U.S. 261 (1985) and Owens v. Okure, 488 U.S. 235, 249–50 (1989), the Supreme Court established that § 1983 claims should borrow the general tort statute of limitation from the forum state in which the claim is brought.  In Missouri, the relevant limitations period for general personal injury torts is five years.  Mo. Rev. Stat. § 516.120(4) ("for the recovery of specific personal property, or for any other injury to the person or rights of another . . . must be brought within five years of the date of injury.")  The Eighth Circuit unequivocally held that five years is the applicable limitations period for claims brought under § 1983 in Missouri.

4

Sulik v. Taney Cty., Mo., 393 F.3d 765, 767 (8th Cir. 2005).  See also Bell v. Missouri, 253 F. App'x 606 (8th Cir. 2007) (affirming dismissal of prisoners' § 1983 action because the five-year limitations period had expired).  Other district courts in Missouri have applied the five-year statute of limitation for § 1983 cases involving the death of an injured party.  See, e.g., Holt by & through Holt v. Glenn, No. 07-5106-CV-SW-JCE, 2009 WL 10704658, at *1 (W.D. Mo. Apr. 2, 2009) (finding Missouri's five-year statute of limitation applied to § 1983 claim involving death of inmate in county jail).

The cases the defendants cite in support of their motion, such as Andrews v. Neer, 253 F.3d 1052 (8th Cir. 2001), involve the issue of who has standing to sue under § 1983 when the injured party dies, not the applicable statute of limitations, which is an entirely separate line of inquiry.[3]  These cases are simply inapplicable to the issue at hand.

Thus, the Court has no basis to find that Missouri's three-year statute of limitation for wrongful death should apply in this case.  Following clearly established law as expressed by Supreme Court and the Eighth Circuit, the Court finds Plaintiff's § 1983 claims are subject to a five-year statute of limitations.  Because Plaintiff's suit was filed within the applicable five-year statute of limitations, the Court finds that it was timely filed.  Plaintiff's § 1983 claims are not time-barred.

---

[3] In their reply brief, the defendants make the argument that if Plaintiff is not pursuing a claim for wrongful death pursuant to Mo. Rev. Stat § 537.080, then her claims must fail under Missouri's survivor statute, Mo. Rev. Stat. § 527.020.  This state statute provides that tort claims that do not result in the death of the decedent can be pursued only by the personal representative of the injured party, which the defendants contend Plaintiff has not established she is.  There is nothing in the Second Amended Complaint that would indicate Plaintiff is pursuing tort claims that did not result in death, and the defendants have provided no legal authority for their argument that Mo. Rev. Stat. § 527.020 would apply in this case.  The defendants' argument is without merit.

### B.      Mo. Rev. Stat. § 537.080 Does Not Preclude Plaintiff's § 1983 Claims

The County and Defendant Trachsel further argue all of the claims in Plaintiff's Second Amended Complaint constitute multiple causes of action against the same defendants in violation of Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080.  Quoting the language of the state statute, the defendants argue that "'only one action may be brought under [the statute] against any one defendant for the death of any one person.'"  (ECF No. 106 at 12) (quoting Mo. Rev. Stat. § 537.080.2).

Plaintiff is "the master of [her] complaint," Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002), and it is clear from the Second Amended Complaint that she is not bringing a state law wrongful death claim under Mo. Rev. Stat. § 537.080 and, therefore, the prohibition found in § 537.080.2 does not apply in this case.  Plaintiff alleges four claims under § 1983 against various defendants based on different theories of liability, which at this stage of the case she is entitled to do.  See Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). The defendants have provided no authority in support of their argument that Plaintiff's § 1983 claims are somehow subsumed by or transformed into state law wrongful death claims, or that she is prohibited from bringing more than one § 1983 claim.  The defendants' argument that Plaintiff bringing multiple § 1983 claims against the various defendants is in violation of Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080.2, is entirely without merit.

### C.      Count II, Negligence Per Se

Finally, the defendants argue that Plaintiff fails to state a claim in Count II in that there is no private right of action under Mo. Rev. Stat § 221.120, the statute under which Plaintiff brought her negligence per se claims.

6

On October 4, 2021, Plaintiff filed a Notice of Voluntary Dismissal as to Count II of her Second Amended Complaint as to Defendant Rottnek, (ECF No. 67), and on October 18, 2021, Plaintiff filed a second Notice of Voluntary Dismissal as to Count II with regard to Defendants Gunn, Susman, Criss, Trachsel, Unknown Guards, and Unknown Nurses and/or Medical Providers. (ECF No. 77). As Plaintiff has voluntarily dismissed all the defendants against whom she was asserting a claim in Count II, defendants' motion to dismiss Count II for failure to state is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Surreply, which the Court construes as a motion for leave to file a surresponse, is **DENIED**. (ECF No. 113)

**IT IS FURTHER ORDERED** that Defendants St. Louis County and William Trachsel's Motion for Judgment on the Pleadings is **DENIED**. Consistent with the terms of this Memorandum and Order, the defendants' motion with regard to Count II of the Second Amended Complaint is **DENIED as moot.** In all other respects, the motion is **DENIED on the merits.** (ECF No. 105).

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of April 2022.