# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| MARGARET STARKS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:21-CV-435 RLW |
| ) | |
| ST. LOUIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Margaret Starks's Second Motion to Compel Discovery and for Sanctions against Defendants St. Louis County ("the County") and William Trachsel. (ECF No. 103). Plaintiff moves the Court to sanction the County for failing to comply with the Court's discovery order dated December 7, 2021. Plaintiff also moves the Court to compel the County and Defendant Trachsel to respond to subsequent discovery requests. The County and Defendant Trachsel failed to respond to the motion, and the time to do has expired. For the following reasons, the Court will grant Plaintiff's motion to compel and hold in abeyance its ruling on Plaintiff's motion for sanctions.

### *Background*

The allegations in Plaintiff's Second Amended Complaint are serious in nature. The cause of action arises from the death of Drexel Starks, who died while detained at the St. Louis County Justice Center. Plaintiff Margaret Starks, Mr. Starks's mother, alleges the defendants failed to provide her son with adequate medical care for approximately 29 hours, despite the fact he was

obviously in medical distress.[1]  Plaintiff alleges her son died of dehydration while shackled in the County's custody.

On August 2, 2021, the Court granted Plaintiff leave to conduct discovery to ascertain the identity of the Unknown Defendants.  (ECF No. 39).  Plaintiff served her First Interrogatories and Requests for Production of Documents on the County on August 5, 2021.[2]  On September 7, 2021, the day its responses to the discovery requests were due, the County filed a motion for a 30-day extension of time to respond.  The County cited "the press of business" as the reason it was requesting the extension. (ECF No. 49).  On September 14, 2021, the Court granted the County's motion.  (ECF No. 50).  The County was granted until October 7, 2021, to respond to Plaintiff's written discovery, and Plaintiff was given until November 1, 2021, to identify and serve the Unknown Defendants.

On October 7, 2021, the County filed a second motion for extension of time to respond to Plaintiff's written discovery requests.  The County again asked for a 30-day extension of time and generically cited "the press of business" as the reason for the request.  (ECF No. 71). In its motion, the County stated that Plaintiff was willing to consent to its motion but requested that if the motion were granted, the Court also grant Plaintiff 45 days from the date of the County's responses to

---

[1]In addition to the County and Defendant Trachsel, Plaintiff brings claims against Faisal Khan, the Director of St. Louis County Public Health; Delores Gunn, a licensed physician for the County; Fred Rottnek, a licensed physician for the County; Melissa Susman, medical staff at the St. Louis County Justice Center; Unknown Guards; Unknown Nurses; and Unknown Medical Providers.

[2]Plaintiff states in her Motion that while this matter was pending before the state court, she propounded almost identical written discovery requests seeking information from the County that would allow her to ascertain the identities of previously unidentified John Does, and the County failed to respond to this discovery.

review records, identify additional defendants, seek leave to amend the Complaint, and effect service upon any new defendants.

The Court granted the County's second motion for extension of time. The County was given until November 8, 2021, to respond to Plaintiff's written discovery, and Plaintiff was to identify the Unknown Defendants and file proof of service upon them by December 23, 2021. (ECF No. 79). The County was warned that the Court "will not grant Defendant St. Louis County any further extensions of time to respond to Plaintiff's August 5, 2021 discovery requests." (Id.)

On November 16, 2021, Plaintiff filed a motion to compel discovery responses. (ECF No. 91). In her motion, Plaintiff asserted that the County failed to respond to any of her discovery requests. The County never filed a response to Plaintiff's motion to compel.

On December 2, 2021, Plaintiff Starks served the following written discovery: Plaintiff's Second Set of Interrogatories Directed to Defendant St. Louis County; Plaintiff's First Set of Interrogatories Directed to Defendant Trachsel; and Plaintiff's Second Request for Production Directed to Defendant St. Louis County. Defendants' responses to Plaintiff's discovery requests were due on or before January 3, 2022. According to Plaintiff, the County and Defendant Trachsel have neither produced any responses to Plaintiff's December 2, 2021 discovery requests nor sought any extensions from the Court.

In a Memorandum and Order dated December 7, 2021, the Court granted Plaintiff's motion to compel. (ECF No. 95). The Court ordered the County to fully respond to Plaintiff's August 5, 2021 discovery requests, without objections, within three (3) days of the date of the Memorandum and Order. The Court declined to impose sanctions against the County at that time, but the County was warned that "should the County not fully respond to Plaintiff's discovery request within the time allowed by this Memorandum and Order, the Court may impose additional sanctions for

3

discovery violations such as '(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.' Fed. R. Civ. P. 37(b)(2)(A)." (ECF No. 95 at 4-5). The County failed to respond to Plaintiff's August 5, 2021 discovery within the time allowed.

On December 16, 2021, the Court held a Rule 16 scheduling conference in chambers. At the conference, the Court warned counsel for the County, who arrived approximately 45 minutes late, that the Court would not tolerate its orders being ignored, and that the County was to respond to Plaintiff's discovery without objection.

The following day, the County produced some documents in response to Plaintiff's document requests and submitted answers to Plaintiff's First Set of Interrogatories. In her first set of interrogatories, Plaintiff posed 18 interrogatories, and the County failed to provide specific answers to all but four of the interrogatories. Instead, the County referred Plaintiff to documents it had produced.

On December 17, 2021, Plaintiff's counsel informed County's counsel that he believed the County's interrogatory responses were incomplete. Plaintiff's motion states that her counsel expressed concerns that the documents produced did not contain written witness statements and audio interviews, both of which were referenced in the County's own internal affairs investigatory report. Plaintiff's counsel also pointed out that no documents were produced that identified the

correctional officer(s) who first contacted a medical provider regarding Mr. Starks's condition, or the identity of the person(s) who found Mr. Starks lying on the floor of his cell.  Plaintiff argues the County's answers to Interrogatories Nos. 6, 7, 8, 9, 11, 13 cannot be determined through the documents provided.  In addition, Plaintiff argues that the County failed to fully answer Interrogatory No. 1 and provide the identity of the person(s) answering Plaintiff's interrogatories on the County's behalf.

According to Plaintiff's motion, on December 20, 2021, the County was served with Plaintiff's Third Requests for Production, which she characterizes as "a limited set of eight (8) requests, … which … sought additional documentation of issues and/or references contained in Defendant St. Louis County's responses to Plaintiff's first discovery requests."[3]  (ECF No. 103 at 8).  The County's responses to Plaintiff's third discovery requests were due on or before January 20, 2022.  According to Plaintiff, the County has neither produced any responses to Plaintiff's third discovery requests nor sought any extension from this Court.

According to the motion at bar, Plaintiff's counsel has been in contact with the County's counsel on a number of occasions, and despite assurances from the County's counsel that the County would amend its answers to Plaintiff's First Set of Interrogatories, the County has failed to provide any amendments to its answers.  The County supplemented its responses to Plaintiff's first document requests in which it stated that the County did not have a "Morbidity and Mortality Review" related to Mr. Starks's death.  Plaintiff also states that the County has represented to

---

[3] In her filings with the Court, Plaintiff labeled two exhibits as her Third Set of Requests for Production of Documents, Exhibit 6 to her Motion and Exhibit 4 to her Memorandum in Support.  Exhibit 6 to the Motion, however, is a document titled "Plaintiffs' [sic] Third Set of Interrogatories Directed to Defendant St. Louis County," and Exhibit 4 to the Memorandum in Support, (which is mislabeled as Exhibit 5), is titled "Plaintiffs' [sic] Second Set of Interrogatories Directed to Defendant St. Louis County."  (ECF Nos. 103, Ex. 6, and 104, Ex. 4).  The Court was not provided a copy of Plaintiff's Third Set of Requests for Production of Documents.

Plaintiff's counsel that there are no internal affairs audio interviews, internal affairs written witness statements, or previous revisions to the County's Department of Health Corrections Medicine policy CM-11. According to Plaintiff, the fact that these documents do not exist "crystalizes the importance of proper answers to Plaintiff's interrogatories . . . and the prejudice to Plaintiff for failing to do so." (ECF No. 103).

*Discussion*

In her Motion, Plaintiff argues that the County continues to be in violation of the Court's December 7, 2021 Memorandum and Order and moves that the Court sanction the County for its failure to fully respond to her first set of interrogatories. Plaintiff asks that the Court sanction the County under Fed. R. Civ. P. 37 by (a) granting Plaintiff a default judgment against the County and/or striking its pleading, (b) compelling and ordering the County to immediately and fully respond to all her discovery requests without objection; (c) ordering the County to pay Plaintiff her reasonable expenses, including attorneys' fees; (d) finding the County in contempt of this Court's previous order and imposing a daily fine, of a reasonable and sufficient sum, until such time as all responsive discovery is answered and produced without objection; (e) issuing a stay of Plaintiff's February 10, 2022 deadline to join additional parties; and (f) imposing any and all further sanctions and relief, pursuant to Fed. R. Civ. P. 37(b)(2)(A), that this Court deems just and appropriate.

The County eventually responded to Plaintiff's first set of interrogatories, but Plaintiff argues the County's responses were not complete and, therefore, the County remains in violation of the Court's December 7, 2021 Memorandum and Order. The Court has reviewed the County's responses to the interrogatories, and it did provide written responses to all of them. In all but four of its responses, however, the County merely referred Plaintiff to documents it had produced.

6

Plaintiff acknowledges that Fed. R. Civ. P. 33(d) does provide an option to produce business records in lieu of specific answers to interrogatories, but the rule expressly limits this option, requiring that (1) the answer must be capable of determination by "examining, auditing, compiling, abstracting, or summarizing a party's business records" and (2) "the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). According to Plaintiff, she is incapable of determining the answers to her interrogatories from the produced and cited records. The Court agrees. As an example, in Interrogatory 9, Plaintiff asked the County to "[i]dentify all guards that interacted with Mr. Starks, and for each guard identified, provide the dates, times, and description of the interaction." (ECF No. 103, Ex. 1 at 4). The County did not provide any names, but rather it referred Plaintiff to employee schedules and duty logs for the dates Mr. Starks was in custody. While the employee schedules and duty logs may indicate who was possibly in the jail building, it cannot be ascertained from these documents who interacted with Mr. Starks.

The County's reference to documents, rather than providing specific written answers, does not allow Plaintiff to determine the answers to Interrogatories Nos. 6, 7, 8, 9, 11, and 13. The County also did not fully answer Interrogatory No. 1. The Court finds the County failed to comply with the Court's December 7, 2021 Memorandum and Order in that it did not fully respond to Plaintiff's first set of discovery requests.

Rule 37(b)(2) of the Federal Rules of Civil Procedure allows the Court to impose sanctions upon parties who fail to comply with discovery orders. Under Rule 37, the Court has a number of options for addressing discovery violations, including: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing

7

designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.  Fed. R. Civ. P. 37(b)(2)(A).

In addition to a wide array of options, the Court has broad discretion to impose sanctions for a party's failure to comply with discovery requests.  United States v. Big D Enterprises, Inc., 184 F.3d 924, 936 (8th Cir. 1999); Collins v. Burg, 169 F.3d 563, 565 (8th Cir. 1999).  But the Court's discretion "is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and 'relate to the claim at issue in the order to provide discovery.'"  Hairston v. Alert Safety Light Prod., Inc., 307 F.3d 717, 719 (8th Cir. 2002) (quoting Avionic Co. v. Gen. Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992)).

The sanction of a default judgment, which is one of the remedies Plaintiff seeks here, is authorized under Rule 37.  The sanction of a default judgment is a harsh means of relief that should be reserved for those instances where the discovery abuses are committed in bad faith, or are deliberate, intentional, or willful.  See Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992).  See also Savola v. Webster, 644 F.2d 743 (8th Cir. 1981) (where sanction of dismissal or default is levied, the district court's discretion is narrower, and the offending party's noncompliance must be willful or done in bad faith).  Moreover, default judgments are not favored in the law.  "There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, . . . particularly when monetary damages sought are substantial."  Swink v. City of Pagedale, 810 F.2d 791, 792 n.2 (8th Cir. 1987) (case citation omitted) (citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2693, at 482–85

8

(2d ed. 1983)). The entry of judgment by default is a drastic remedy which should be used only in extreme situations. Int'l Bhd. of Elec. Workers v. Hope Elec. Corp., 380 F.3d 1084, 1105 (8th Cir. 2004). The entry of default judgment may only be considered as a sanction if there is: (1) an order compelling discovery; (2) a willful violation of the discovery order; and (3) prejudice to the other party. Comstock v. UPS Ground Freight, Inc., 775 F.3d 990, 992 (8th Cir. 2014).

The Court is a stroke of the pen away from striking the County's pleadings and entering default judgment against it. The County's conduct in this case has been at best lackadaisical and careless, and at worst unscrupulous and dishonest. The County's counselor has failed to respond to motions; was extremely late to the Rule 16 conference with the Court; filed a motion for judgment on the pleadings that bordered on frivolity; and all the while, stonewalled the timely progression of discovery in an apparent attempt to avoid admitting that crucial documents were missing. That being said, the County is a public entity and there is a strong public policy in favor of deciding cases on the merits, especially in a case such as this where the allegations are so serious, and Plaintiff is seeking a significant amount in damages. The Court therefore will not enter default judgment at this time but will withhold ruling on Plaintiff's motion for sanctions and will examine the County's future conduct with the strictest scrutiny. No further delay or discovery violations will be tolerated.

First, the Court grants Plaintiff's motion to the extent she is seeking to compel the County to respond to her Second Set of Interrogatories, Second Requests for Production and Third Requests for Production, and to compel Defendant Trachsel to respond to her First Set of Interrogatories. On or before June 27, 2022, the County and Defendant Trachsel shall fully respond to Plaintiff's discovery requests, <u>without any objections</u>.

9

Second, on or before June 27, 2022, the County shall provide Plaintiff with amended answers to her First Set of Interrogatories. The County shall fully and completely respond to Interrogatories Nos. 1, 6, 7, 8, 9, 11, and 13. As the purpose of this discovery was to ascertain the identity of the unknown defendants, the County shall respond to these interrogatories by providing names, where applicable. Furthermore, in providing its amended answers, the County shall not refer Plaintiff to documents it produced. The Court finds Fed. R. Civ. P. 33(d) is inapplicable here. The answers to these interrogatories cannot be ascertained through schedules and duty logs, and the County is certainly in a superior position for providing the information Plaintiff seeks.

On or before June 30, 2022, Plaintiff shall provide written notice to the Court as to whether the County has complied with these terms. Plaintiff shall attach to her written notice the County's amended answers to her First Set of Interrogatories, if they were provided. If the County fails to amend its answers, or if its answers are not complete, the Court will strike the County's pleadings and enter default judgment against it in this case. The Court will also sanction the County if it fails to respond to Plaintiff's Second Set of Interrogatories, Second Requests for Production, and Third Requests for Production.

Finally, in her Motion, Plaintiff requests an award of attorneys' fees and that the Court amend deadlines in the Case Management Order ("CMO"). Based on the County's actions in this case, the Court finds it appropriate to award Plaintiff her attorneys' fees, which are in addition to those she incurred prior to the December 7, 2021 Memorandum and Order. On or before July 15, 2022, Plaintiff shall file a verified motion for attorneys' fees, with an itemized statement of the time incurred preparing this motion and communicating with defense counsel regarding the defendants' failure to respond to her discovery requests. Defendants may respond to the motion for attorneys' fees within the time allowed by the Federal Rules of Civil Procedure and the Local

Rules of this Court. As for the CMO, the Court will amend appropriate deadlines in the CMO after the Court receives notice from Plaintiff regarding the County's compliance with the terms of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Margaret Starks's Second Motion to Compel Discovery against Defendants St. Louis County and William Trachsel is **GRANTED**, and as set forth herein, ruling on Plaintiff's motion for sanctions against Defendant St. Louis County is **held in abeyance.** [ECF No. 103].

**IT IS FURTHER ORDERED** that on or before **June 27, 2022**, and consistent with terms of this Memorandum and Order, Defendant St. Louis County shall respond to Plaintiff's Second Set of Interrogatories, Second Requests for Production, and Third Requests for Production, and Defendant William Trachsel shall respond to Plaintiff's First Set of Interrogatories, all <u>without objections</u>.

**IT IS FURTHER ORDERED** that on or before **June 27, 2022**, and consistent with terms of this Memorandum and Order, Defendant St. Louis County shall amend its answers to Plaintiff's First Set of Interrogatories and <u>fully and completely</u> respond to Interrogatories Nos. 1, 6, 7, 8, 9, 11, and 13, <u>without objections</u>.

**IT IS FURTHER ORDERED** that on or before **June 30, 2022**, Plaintiff shall provide written notice to the Court as to whether the Defendant St. Louis County has complied with the terms of this Memorandum and Order. Plaintiff shall attach to her Notice Defendant St. Louis County's amended answers to her First Set of Interrogatories, if they were provided.

**IT IS FURTHER ORDERED** that on or before **July 15, 2022**, and consistent with the terms of this Memorandum and Order, Plaintiff shall file a verified motion for attorneys' fees, with

11

an itemized statement of the time incurred.  Defendants may respond to Plaintiff's motion for attorneys' fees within the time allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**Defendant St. Louis County's failure to comply fully and timely with the terms of this Memorandum and Order shall result in the imposition of sanctions.  Specifically, the Court will strike St. Louis County's pleadings and enter default judgment against it.**

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of June 2022.