UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARGARET STARKS,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        No. 4:21-CV-435 RLW
                                    )
ST. LOUIS COUNTY, et al.,           )
                                    )
            Defendants.             )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Margaret Starks's Verified Motion for Attorneys' Fees. (ECF No. 157). Defendant St. Louis County (the "County"), the party to which the motion is directed, failed to respond to the motion, and the time to do has expired.[1] For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

### I.    *Background*

This cause of action arises from the death of Drexel Starks, who died while detained at the St. Louis County Justice Center. Plaintiff Margaret Starks, Mr. Starks's mother, alleges the defendants failed to provide her son with adequate medical care. Since the case was removed to federal court, a number of discovery disputes have arisen. In August 2021, Plaintiff was granted leave to conduct discovery to ascertain the identity of the Unknown Defendants. Plaintiff promptly served written discovery requests on the County. Despite being granted a number of extensions

---

[1] Plaintiff's motion is also directed at Defendant William Trachsel. Defendant Trachsel, a County employee, was ordered to respond to interrogatories in the Court's Order dated June 21, 2022. However, in her motions to compel and for sanctions, Plaintiff moved for attorneys' fees against the County only. See ECF Nos. 92 at 5, & 103 at 12. Furthermore, the Court's Orders allowing for attorneys' fees were directed at the County and its counsel's conduct in this case. See ECF Nos. 95 at 4, & 138 at 10. As such, the Court will not award any attorneys' fees against Defendant Trachsel.

of time, the County failed to respond to these discovery requests, and Plaintiff filed a motion to compel, to which the County also did not respond.  In an Order dated December 7, 2021, the Court granted Plaintiff's Amended Motion to Compel and ordered the County to fully respond to Plaintiff's written discovery requests without objections.  (ECF No. 95).  The Court found that based on the County's actions, it was appropriate to award Plaintiff her attorneys' fees, and Plaintiff was directed to file a verified motion for attorneys' fees.

Plaintiff filed a motion for extension of time to file a verified motion for attorneys' fees and shortly thereafter filed a second motion to compel and for sanctions against the County.  The County also failed to respond to Plaintiff's second motion to compel.  In a Memorandum and Order dated June 21, 2022, the Court found that the County failed to comply with the Court's December 7, 2021 Memorandum and Order in that it did not fully respond to Plaintiff's first set of discovery requests.  Despite finding that the County's counsel had engaged in dilatory tactics, the Court did not enter default judgment against the County pursuant to Rule 37 of the Federal Rules of Civil Procedure.  The Court did order, among other things, that the County provide Plaintiff with amended answers to her First Set of Interrogatories.  Plaintiff was ordered to provide written notice to the Court as to whether the County had complied with the terms of its order.  The Court further found Plaintiff was entitled to an award of attorneys' fees based on the County's actions, which was in addition to the fees she incurred prior to the Court's December 7, 2021 Memorandum and Order.

Plaintiff was ordered to file a verified motion for attorneys' fees with an itemized statement of the time incurred preparing the motions to compel and communicating with defense counsel regarding the County's failure to respond to her discovery requests.  The Court stated that the County could respond to Plaintiff's motion for attorneys' fees within the time allowed under the

Federal Rules of Civil Procedure.  Plaintiff filed her motion, which is presently before the Court, but the County did not file a response.

## II.    *Discussion*

Upon the granting a motion to compel, Rule 37(a)(5)(A) authorizes the Court to award "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  "The party seeking litigation fees bears the burden to provide 'evidence of the hours worked and the rate claimed.'"  E.E.O.C. v. McConnell, No. 4:12-CV-1498 JAR, 2013 WL 1867580, at *2 (E.D. Mo. May 3, 2013) (quoting Saint Louis Univ. v. Meyer, No. 4:07-CV-1733 CEJ, 2009 WL 482664, at *1 (E.D. Mo. Feb. 25, 2009)).  The party seeking the award must submit evidence supporting the requested hours and rates, making a good faith effort to exclude from a fee request hours that are "excessive, redundant, or otherwise unnecessary[.]" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

"To calculate attorney's fees, courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates." Bryant v. Jeffrey Sand Co., 919 F.3d 520, 529 (8th Cir. 2019) (citing Brewington v. Keener, 902 F.3d 796, 805 (8th Cir. 2018)).  Courts may consider a number of factors in determining a reasonable attorney's fee, including the time and labor required to litigate the case, the novelty and difficulty of the questions involved, the skill required to perform the services properly, customary fees, the results obtained, and awards in similar cases.  See McDonald v. Armontrout, 860 F.2d 1456, 1459 & n.4 (8th Cir. 1988). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Bryant, 919 F.3d at 529 (quoting Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)).

Plaintiff seeks attorneys' fees in the amount of $40,010.00.  Plaintiff submits the following concerning her attorneys' hourly rates and the hours expended on the discovery disputes:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Mark J. Pedroli | 41.9 | $650 | $27,235.00 |
| Daniel J. Kolde | 36.5 | $350 | $12,775.00 |
| | 78.4 | | $40,010.00 |

Plaintiff's motion is supported by affidavits signed by each of her attorneys describing their backgrounds and experience and providing details of their hours billed.  (ECF No. 157, Exs. 1 & 2).  Plaintiff's counsel did not provide evidence of the prevailing rates in the community for attorneys of the same experience and reputation as themselves.

### A.  Billing Rates

Plaintiff seeks $650 per hour for Mr. Pedroli's work and $350 per hour for Mr. Kolde.  In recent years, this Court has frequently found rates for attorneys in civil rights cases to be in the range of $250-$575 an hour for the St. Louis market.  See, e.g., Willson v. City of Bel-Nor, Mo., No. 4:18-CV-003 RLW, 2021 WL 2255003, at *6 (E.D. Mo. June 3, 2021) (approving hourly rates between $250 and $410 an hour for civil rights litigators); Fernandez v. St. Louis Cnty., Mo., 538 F. Supp. 3d 888, 892 (E.D. Mo. 2021) (approving hourly rates of $575 and $475 per hour for experienced civil rights attorneys in a First Amendment case); Robinson v. City of St. Louis, Mo., No. 4:17-CV-156 PLC, 2020 WL 4673823, at *3 (E.D. Mo. Aug. 12, 2020) (awarding an hourly rate of $400 to one attorney admitted to the Missouri bar in 2008 who practiced civil rights law since 2014, and to another attorney who was admitted in 2010 and practiced civil rights and employment law; a 2012 bar admittee in the same case was awarded fees of $350 per hour.); Sharpe Holdings, Inc. v. United States Dep't of Health & Hum. Servs., No. 2:12-CV-92 DDN, 2018 WL

3772223, at *6 (E.D. Mo. Aug. 9, 2018) (experienced civil rights attorneys received an hourly rate of $450, while a newer attorney's hourly rate was $250).

The Court finds the proposed rate for Mr. Pedroli is too high.  An attorney in the <u>Fernandez</u> case was awarded fees at a rate of $575 an hour, but the attorney graduated from law school in 1982.  Mr. Pedroli graduated in 1998.  The Court believes Mr. Pedroli's experience is more on par with an attorney in the <u>Willson</u> case, who received an hourly rate of $410 an hour.  The Court therefore will award Mr. Pedroli a rate of $450 an hour, which takes into account inflation.  The Court believes this hourly rate is reasonable.  As for Mr. Kolde, who graduated in 2012, the Court believes his rate should be comparable to the rate of an attorney in the <u>Willson</u> case who also graduated in 2012 and was awarded fees at a rate of $300 per hour.  Accordingly, the Court will award Mr. Kolde an hourly rate of $330 an hour, which takes into account inflation, and the Court believes this rate is reasonable.

### B.  Number of Hours Billed

As for the number of hours billed, the Court finds 78.4 hours for a discovery dispute, even one that required more than one motion and involved dilatory conduct by opposing counsel, to be extraordinarily high.  The Court has presided over cases where attorneys have billed 200 hours or less through a ruling on the merits of a case.  <u>See</u>, <u>e.g.</u>, <u>Yates v. Symetra Life Ins. Co.</u>, No. 4:19-CV-154 RLW, 2022 WL 1618787, at *4 (E.D. Mo. May 23, 2022), <u>aff'd</u>, 60 F.4th 1109 (8th Cir. 2023) (approving approximately 140 billable attorney hours through summary judgment); <u>Willson</u>, 2021 WL 2255003, at *6 (approving approximately 200 billable attorney hours through summary judgment).  Based on its review of the billing records Plaintiff's counsel provided, the Court finds there are entries that are excessive, redundant, or unnecessary.  While the Court agrees there were a number of issues involved in the discovery dispute, and Plaintiff was required to file

two motions, both of the motions to compel were uncontested.  Further, Plaintiff's attorneys have billed for matters that were unrelated to or only tangentially connected to the discovery dispute. For example, on December 16, 2021, Mr. Pedroli claims 3.9 hours for "Travel & attend hearing in-person."  (ECF No. 157, Ex. 1 at 5).  Mr. Pedroli also spent 2.5 hours preparing for this "hearing."  (Id.).  December 16, 2021, however, was the date of the Rule 16 conference in this case.  While the discovery dispute was briefly discussed at conference, Plaintiff's counsel would be required to attend a Rule 16 conference in any event.  The billings records also appear to reflect a significant amount of duplicate work between Mr. Pedroli and Mr. Kolde.

The Court declines to go through each and every attorney entry and instead believes an overall 25% discount on the number of hours requested is reasonable in this case.  See Fox v. Vice, 563 U.S. 826, 838 (2011) (an award of attorneys' fees does not require "auditing perfection."); see also Ramshaw v. Ehret, No. 4:20-CV-359 NAB, 2022 WL 2915557, at *3 (E.D. Mo. July 25, 2022) (imposing 10% reduction in hours on a motion to compel); Dunne v. Res. Converting, LLC, No. 4:16-CV-1351 DDN, 2018 WL 1858156, at *2 (E.D. Mo. Apr. 18, 2018) (finding hours requested excessive and reducing amount by 50%).

### III.     Conclusion

Calculating the attorneys' fees based on the revised hourly rates and the 25% discounted number of hours, the Court will award Mr. Pedroli 31.4 hours of work at a rate of $450 an hour for $14,130.00 in fees, and Mr. Kolde 27.4 hours of work at a rate $330 an hour for $9,042.00 in fees.  In sum, having carefully reviewed the time records and the hourly rates claimed in connection with the Plaintiff's motions to compel and the County's noncompliance with discovery rules and the Court's orders, the Court concludes that Plaintiff is entitled to a reasonable award of attorneys' fees in the amount of $23,172.00.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff Margaret Starks's Verified Motion for Attorneys' Fees is **GRANTED in part** and **DENIED in part.**  [Doc. 157].  The motion is **GRANTED** to the extent that Defendant St. Louis County shall pay Plaintiff Margaret Starks the sum of Twenty-Three Thousand One Hundred Seventy-Two Dollars ($23,172.00) in attorneys' fees by **April 18, 2023**, twenty (20) days from the date of this Memorandum and Order.  In all other respects, the motion is **DENIED**.


_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>29th</u> day of March 2023.