IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MARGARET STARKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Cause No.: 4:21-cv-00435-RLW |
| v. | ) |
| | ) |
| **ST. LOUIS COUNTY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS ST. LOUIS COUNTY AND CEDRIC IVY'S
MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXCLUDE THE TESTIMONY OF
ROSS HELLER, M.D.**

COME NOW, Defendants St. Louis County, Missouri ("Defendant County") and Cedric Ivy ("Officer Ivy") (collectively "County Defendants"), and hereby submit this memorandum in support of their motion to exclude the testimony of Ross Heller, M.D., pursuant to Federal Rule of Evidence 702, stating as follows:

Plaintiff filed her Fourth Amended Complaint on June 21, 2023.  (Doc. 269).  Plaintiff alleges Officer Ivy was deliberately indifferent to Decedent Drexel Starks' serious medical needs by failing to provide him with medical care.  (Doc. 269, pp. 16-17).  Plaintiff further alleges Defendant County had an unlawful policy, practice, and custom, and failed to properly train, supervise, and/or discipline its employees thereby violating Decedent Starks' constitutional rights. (Doc. 269, pp. 20-27).

Plaintiff identified one retained expert witness in this case, Ross Heller, M.D.  County Defendants assert his testimony must be excluded as it does not meet the requirements of Federal Rule of Evidence 702.

Federal Rule of Evidence 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

1

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Here, by his own admission, Dr. Heller's testimony is not based on "sufficient facts or data" and therefore, is not reliable. (Exhibit 1, Deposition of Dr. Heller Volume 1, pp. 56-57, 61; Exhibit 2, Deposition of Dr. Heller Volume II, pp. 210, 211, 212, 215, 223, 224, 225, 227, 229, 242, 245, 250, 251). Dr. Heller repeatedly stated he had never provided medical treatment in a jail (Exhibit 2, p. 206); had never worked in a jail (Exhibit 2, p. 205); had never toured the St. Louis County Jail (the "Jail") (Exhibit 2, p. 206); did not receive a complete set of documents, including the event logs, from which to develop his opinion (Exhibit 2, p. 207); based his opinion on his own use of Clonidine in his medical practice, not on any national protocol (Exhibit 2, p. 242); and testified repeatedly that he wished he had the testimony of other individuals to review as well as other materials prior to giving his deposition. (Exhibit 1, pp. 56-57; Exhibit 2, p. 246). Despite these statements, however, Dr. Heller never provided any additional reports or opinions in this case.

The Eighth Circuit has held, "'[d]ecisions concerning the admission of expert testimony lie within the broad discretion of the trial court, and these decisions will not be disturbed on appeal absent an abuse of that discretion.'" *Anderson v. Raymond Corp*, 340 F.3d 520, 523 (8th Cir. 2003) (quoting *Peitzmeier v. Hennessy Indus., Inc.*, 97 F. 3d 293, 296 (8th Cir. 1996)). The Eighth Circuit has further noted, "[u]nder *Daubert v. Merell Dow Pharmaceuticals, Inc.,* 509 U.S. 579…, district courts must act as gatekeepers to 'insure that proffered expert testimony is both relevant and reliable.'" *Id.* citing *Dancy v. Hyster Co.,* 127 F.3d 649, 652 (8th Cir. 1997). Here, there is insufficient evidence to show that Dr. Heller's opinions are reliable. (Exhibit 1, Deposition of Dr. Heller Volume I; Exhibit 2, Deposition of

Dr. Heller Volume II, p. 125-128; Exhibit 3, November 2022 report of Dr. Heller; Exhibit 4, January 2023 Report of Dr. Heller).

Additionally, the Eighth Circuit has found that "'courts must guard against invading the province of the jury on a question which the jury was entirely capable of answering without the benefit of expert opinion.'" *American Auto. Ins. Co. v. Omega Flex, Inc.,* 783 F.3d 720, 725 (8th Cir. 2015) (quoting *Robertson v. Norton Co.,* 148 F. 3d 905, 908 (8th Cir. 1998)). Dr. Heller initially opined that Officer Ivy and other employees of the Jail were "deliberately indifferent," and then changed his opinion in his supplemental report to finding they were "completely indifferent" towards Decedent Starks, both of which invade the province of the jury on one of the ultimate issues in the case. (Exhibit 2, Deposition of Dr. Heller Volume II, p. 125-128; Exhibit 3, November 2022 report of Dr. Heller, p. 3; Exhibit 4, January 2023 Report of Dr. Heller, p. 6). Dr. Heller testified that the reason for the change was based on discussions with Plaintiff's counsel and that the meaning behind his opinion had not changed, but it was his understanding he could not use the phrase "deliberately indifferent" since it was a legal phrase. (Exhibit 2, pp. 126-128). However, the phrase "completely indifferent" does not have the desired curative effect, as Dr. Heller's opinion would still usurp the jury's role as the fact finder in this case.

Furthermore, without any foundation for his opinion, Dr. Heller opined that Officer Ivy should have started CPR and called 911 for Decedent Starks based merely on Officer Ivy's CPR training, even though a nurse was called to assist Decedent Starks and Decedent Starks was observed talking and interacting with both nursing and correctional staff during and after his interactions with Officer Ivy. (Exhibit 2, pp. 216, 223-225). Moreover, Dr. Heller refused to acknowledge that Officer Ivy was in the same position as a juror who was not a medical professional. (Exhibit 2, pp. 223-225). Dr. Heller testified he would need to explain the meaning of Decedent Starks' symptoms as observed and noted by Nurse Dalcour to the jury but would not agree that Officer Ivy was in the same position as a juror.

3

(Exhibit 2, pp. 223-225).  Dr. Heller simply would not equate Officer Ivy, a non-medical professional, with a juror, someone who also may not have understood the alleged significance of Decedent Starks' symptoms.  (Exhibit 2, pp. 223-225).

Ultimately, as Dr. Heller's opinion regarding Officer Ivy being "completely indifferent" towards Decedent Starks is not based on any particular evidence, other than his belief that Officer Ivy should have started CPR and called 911, it is not reliable and would only confuse the jury as to the ultimate issues in this case. (Exhibit 4, p. 6).  Based on all of this information, Dr. Heller's testimony should be excluded.

WHEREFORE, County Defendants respectfully request the Court exclude the testimony of Plaintiff's purported expert, Ross Heller, M.D., and for any further relief the Court deems just and proper under the circumstances.

Respectfully Submitted,

**DANA T. REDWING
COUNTY COUNSELOR**

By: /s/ Portia Britt
Portia Britt, #69016
Rachel D. Schwarzlose, 57269
Associate County Counselors
Office of the County Counselor
41 S. Central Avenue
Clayton, Missouri 63105
(314) 615-7038
(314) 615-3732 (fax)
PBritt@stlouiscountymo.gov
rschwarzlose@stlouiscountymo.gov
*Attorneys for Defendants St. Louis County and Ivy*

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **MARGARET STARKS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: 4:21-cv-00435-RLW |
| v. | ) |
| | ) |
| **ST. LOUIS COUNTY, et al.,** | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2023, Defendants' Memorandum in Support of their Motion to Exclude the Testimony of Ross Heller, M.D. was filed and served to all counsel of record via the Court's CM/ECF electronic case management system.

Respectfully Submitted,

**DANA T. REDWING**
**COUNTY COUNSELOR**

By:   /s/ Portia Britt
Portia Britt, #69016
Rachel D. Schwarzlose, 57269
Associate County Counselors
Office of the County Counselor
41 S. Central Avenue
Clayton, Missouri 63105
(314) 615-7038
(314) 615-3732 (fax)
PBritt@stlouiscountymo.gov
rschwarzlose@stlouiscountymo.gov
*Attorneys for Defendants St. Louis County and Ivy*

5