# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET STARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-435 RLW |
| | ) | |
| ST. LOUIS COUNTY, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants St. Louis County (the "County") and Cedric Ivy's Bill of Costs and Defendants Faye Crancer, Rita Hendrix, Reginald Tinoco, and Debra Tucker's Bill of Costs. (ECF No. 386 and 391). The County and Defendant Ivy seek $13,632.35, and Defendants Crancer, Hendrix, Tinoco, and Tucker seek $11,936.01 in costs. Plaintiff opposes both bills of costs. The County and Defendant Ivy filed a reply memorandum in response to Plaintiff's opposition, however, Defendants Crancer, Hendrix, Tinoco, and Tucker did not file a reply, and the time to do so has expired. For the reasons that follow, the Court denies Defendants Crancer, Hendrix, Tinoco, and Tucker's claimed costs. The Court awards, in part, the County and Defendant Ivy's claimed costs.

### *I. Legal Standard*

It is presumed that a prevailing party is entitled to costs. See Federal Rule of Civil Procedure 54(d); In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005). "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal

quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal citation and quotation omitted).

Allowable costs are generally limited to the categories set forth in 28 U.S.C. § 1920, Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC, 93 F.4th 408, 422 (8th Cir. 2024), which include the following:

    (1)    Fees of the clerk and marshal;

    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Parties may also obtain reimbursement for certain witness expenses under 28 U.S.C. § 1821. Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873, 878 (2019). Expenses not enumerated in the statutes must be borne by the party incurring them. Id. ("[a] statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect.").

District courts are directed to carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. Nat'l Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982); Davis v. Parratt, 608 F.2d 717, 718 (8th Cir. 1979).

## *II. Discussion*

A.     **Defendants Crancer, Hendrix, Tinoco, and Tucker's Bill of Cost**

Plaintiff argues Defendants Crancer, Hendrix, Tinoco, and Tucker's Bill of Costs was untimely. The Court agrees. Local Rule 8.03(A)(1) provides that a bill of costs must be filed within 21 days after the entry of judgment. The Court entered judgment in this case on March 5, 2024. These four defendants filed their Bill of Costs on April 2, 2024, 28 days after the entry of judgment. The defendants neither requested leave to file their Bill of Costs out of time, nor filed a reply in response to Plaintiff's timeliness argument. The Court denies Defendants Crancer, Hendrix, Tinoco, and Tucker's Bill of Costs as untimely.

B.     **The County and Defendant Ivy's Bill of Costs**

Plaintiff opposes the County and Defendant Ivy's Bill of Costs on a number of grounds. Plaintiff argues the Court should deny the two defendants their costs because their misconduct increased "exponentially" the costs of this litigation. Plaintiff also argues that she is unable to pay Defendants' costs without substantial hardship, and an award of costs would be contrary to the broad remedial purpose of 42 U.S.C. § 1983. Finally, Plaintiff argues the County and Defendant Ivy are not entitled to recover private investigatory costs, delivery costs, or an expert's appearance fee.

1.     <u>Allegations of misconduct</u>

Plaintiff does not dispute that the County and Defendant Ivy are prevailing parties in this suit. As the losing party, Plaintiff bears the burden of showing an award of costs would be inequitable under the circumstances. Plaintiff argues that it would be inequitable to award costs to the County and Defendant Ivy because they refused to respond to discovery, misidentified witnesses, and "generally hid[] the ball" during the course of this litigation and before the suit was

3

filed.  (ECF No. 392 at 3).  The Court will not deny the County and Defendant Ivy their costs based on Plaintiff's general claims of misconduct.

As is apparent from the docket sheet, this case has not been a model of efficient litigation, and Court has no doubt that litigating this case cost more than it should.  Plaintiff would lay all the blame at the two defendants' feet.  Certainly, counsel for the County is partially to blame for unreasonably multiplying these proceedings, especially in the beginning.  But the County and its counsel does not bear all the responsibility.  Being intimately familiar with the record in this case, including the pleadings, motions, written discovery requests, and deposition transcripts, it is the Court's view that following the initial discovery dispute, counsel from both sides were responsible for unnecessarily multiplying these proceedings.  The Court will not deny outright the County and Defendant Ivy their costs based on Plaintiff contention that they engaged in misconduct.  The Court will, however, disallow costs associated with a deposition.

During the course of discovery, the County identified Teresa Pierce as the nurse who was scheduled to pass medication in Mr. Starks's housing unit on August 5 and 6, 2015.  The County later amended its interrogatory responses to state that Ms. Pierce did not pass medications on those dates, but not before Plaintiff's counsel took her deposition.  In a Memorandum and Order dated April 25, 2023, the Court found the County's conduct in misidentifying Ms. Pierce in its June 27, 2022 interrogatories responses was not willful or deliberate, although it was perhaps careless.  (ECF No. 239 at 14).  The County should bear the costs of the misidentification, and the Court will disallow costs related to Mr. Pierce's deposition.  In all other respects, Plaintiff's request that that Court disallow the County and Defendant Ivy their costs based on their conduct in this case is denied.

4

2.      Financial hardship

As for Plaintiff's contention that an award of costs would be a substantial hardship, the Court may consider a losing party's indigency as a factor when determining whether to tax costs, and it may be a valid reason for not awarding them. Bolderson v. City of Wentzville, No. 4:13-CV-2223 CEJ, 2016 WL 1449531, at *1 (E.D. Mo. Apr. 13, 2016) (citing Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003); Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir. 1982)). However, a losing party's poverty does not require an automatic waiver of costs. Moore v. Mercier, 242 F.3d 376 (table), 2000 WL 1511402 (8th Cir. 2000) (citing McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir.1994)). "The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs." Bolderson, 2016 WL 1449531, at *1 (citation omitted).

In support of her assertion that she would be unable to pay, Plaintiff submitted the declaration of her counsel, Mr. Pedroli, who avers that Plaintiff is an 81-year-old widow whose only source of income is Social Security. No other financial information is provided, including Plaintiff's assets or debts or whether she received any payments from the defendants who she voluntarily dismissed from this case. Plaintiff does state in her memorandum that she intends to supplement her opposition to the bill of costs with her own declaration. Plaintiff, however, never requested leave to submit her own declaration. Furthermore, Plaintiff did not seek to proceed in this case in forma pauperis. The Court finds Plaintiff has provided insufficient documentation to show that she would be unable to pay an award of costs, and it will not decline an award of costs on this basis.

5

3. Costs for prevailing defendants under Section 1983

Plaintiff further argues that an award of costs in the County and Defendant Ivy's favor would be contrary to the remedial purpose of 42 U.S.C. § 1983. Plaintiff argues that Section 1983 "provides a vital mechanism for the citizenry to keep their state and its officials in check and acting within the limitations imposed by the Constitution." (ECF No. 392 at 6). The Court does not disagree that Section 1983 is a remedial statute, but costs for prevailing defendants in Section 1983 actions are allowed and, unlike attorney's fees, costs for prevailing defendants are not subject to a different, heightened standard. Burgett v. Gen. Store No Two Inc., 826 F. App'x 579 (8th Cir. 2020); Wilson v. Evans, 18 F. App'x 442, 443 (8th Cir. 2001); Jackson v. Unknown Smith, 116 F.3d 480 (8th Cir. 1997). See also Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) (affirming costs in medical malpractice case over plaintiff's argument that taxing costs will deter poor individuals from seeking redress). It is presumed that prevailing parties are entitled to their costs, even prevailing defendants in § 1983 suits, and Plaintiff fails to meet her burden to show an award of costs would be inequitable under these circumstances. Concord Boat Corp., 309 F.3d at 498.

4. Taxable costs

Finding the County and Defendant Ivy are entitled to their costs, the Court now turns to the costs for which they seek reimbursement. The County and Defendant Ivy request $10,598.10 for deposition transcripts and court reporter fees; $2,000.00 for the appearance fee for Plaintiff's expert, Ross Heller, M.D.; $975.00 in investigative costs; and $59.25 in delivery costs. As stated above, allowable costs are generally limited to the categories set forth in 28 U.S.C. § 1920 and § 1821. The costs of an investigation and delivery costs are not allowable under these statutory provisions. Smith, 436 F.3d at 889. As for the fee paid to Dr. Heller, the Eighth Circuit does allow

6

reimbursement of the cost for an appearance fee paid to an opposing party's expert witness. Stanley v. Cottrell, Inc., 784 F.3d 454, 464 (8th Cir. 2015) ("[r]ead together, [Section 1920 and Federal Rule of Civil Procedure 26(b)(4)(A) and (E)] allow for the recovery of witness fees related to the deposition of [the opposing party's expert witness].")  The Court will award the County and Defendant Ivy their share of the appearance fee paid to Dr. Heller.  The Court will also award costs for court reporter fees and deposition transcripts, which the Court finds were necessarily obtained for use in the case, minus costs associated with Ms. Pierce's deposition.  In sum, the Court will direct the Clerk of the Court to tax costs in favor of the County and Defendant Ivy and against Plaintiff in the amount of $11,975.10.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants St. Louis County and Cedric Ivy's Motion for Bill of Costs is **GRANTED in part and DENIED in part**.  The motion is **GRANTED** in that the Clerk of the Court shall tax costs of this matter in favor of Defendants St. Louis County and Cedric Ivy and against Plaintiff Margaret Starks in the amount of Eleven Thousand Nine Hundred Seventy-Six Dollars and Ten Cents ($11,976.10) for printed or electronically recorded transcripts necessarily obtained for use in the case and Plaintiff's expert witness's appearance fee.  In all other respects, the motion is **DENIED**. [ECF No. 386]

**IT IS FURTHER ORDERED** that Defendants Faye Crancer, Rita Hendrix, Reginald Tinoco, and Debra Tucker's Motion for Bill of Costs is **DENIED.**  [ECF No. 391]

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   25th   day of June, 2024.