**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARGARET STARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-435 RLW |
| | ) |
| ST. LOUIS COUNTY, et al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Margaret Starks's Motion for Relief from Judgment and/or Reconsideration Pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (ECF No. 389). Defendants Faye Crancer, Rita Hendrix, Reginald Tinoco, and Debra Tucker oppose the motion and filed a Motion to Strike the Declaration of Ross Heller, M.D. (ECF No. 394). Defendant St. Louis County, Missouri ("the County") and Cedric Ivy also oppose Plaintiff's motion and filed a Motion to Join the Motion to Strike the Declaration of Ross Heller, M.D. (ECF No. 399). All the motions are ripe for review. For the reasons that follow, the Court denies Plaintiff's Motion for Relief from Judgment and/or Reconsideration Pursuant to Rules 59(e) and 60(b). The Court grants the County and Defendant Ivy's Motion to Join the Motion to Strike the Declaration of Ross Heller, M.D., but denies the Motion to Strike.

*I. Background*

This case arises from the death of Drexel Starks, who was detained at the St. Louis County Justice Center (the "Jail"). Mr. Starks was taken from the Jail in critical condition in an ambulance and died shortly thereafter at the hospital. Plaintiff Margaret Starks, Mr. Starks's mother, alleged the defendants in this case failed to provide her son with medical care, despite the fact he was

obviously in medical distress. Defendant Ivy is a correctional officer, who was employed at the Jail at the time of Mr. Starks's death. Defendants Tinoco and Tucker were nurses at the Jail and worked in the unit in which Mr. Starks was housed. Defendants Hendrix and Crancer were nurse supervisors at the Jail.

As of November 2023, the following claims remained in this case: Deprivation of Medical Care in violation of the Eighth and Fourteenth Amendments against Defendants Tinoco, Tucker, and Ivy (Count I); Unlawful Policy – Monell Liability against the County (Count II); Unlawful Pattern, Practice, and/or Custom – Monell Liability against the County (Count III); and Failure to Train, Supervise, and/or Discipline against the County, Defendant Crancer, and Defendant Hendrix (Count IV). All four claims were brought pursuant to 42 U.S.C. § 1983.[1]

In November 2023, Plaintiff, the County, and Defendant Ivy filed motions for summary judgment.[2] The County and Defendant Ivy filed a Motion for Summary Judgment as to all claims against them. (ECF No. 330). Plaintiff filed a Motion for Summary Judgment as to liability against the County and a separate Motion for Summary Judgment as to liability against Defendants Tinoco, Tucker, and Hendrix. (ECF No. 321 and 322).

On March 5, 2024, following extensive briefing, the Court granted the County and Defendant Ivy's Motion for Summary Judgment. The Court denied Plaintiff's Motions for Summary Judgment against the County and against Defendants Hendrix, Tinoco, and Tucker.

---

[1] The Court's Memoranda and Orders dated June 21, 2022, April 25, 2023, and March 5, 2024 contain more detailed summaries of the case and its proceedings. (ECF Nos. 138, 239, and 384).

[2] Also pending at the time was Defendants Crancer and Hendrix's Joint Motion to Dismiss and Defendants Tinoco and Tucker's Joint Motion to Dismiss. (ECF Nos. 285 and 287).

Based on the record before it, the Court found Plaintiff had not shown any of the remaining individual defendants were deliberately indifferent to Mr. Starks's serious medical needs. More specifically, the Court found Plaintiff had not shown the nurses, Defendants Tinoco or Tucker, or the correctional officer, Defendant Ivy, knew that Mr. Starks was facing a substantial risk of serious harm and did not respond to that risk. Perry v. Adams, 993 F.3d 584, 587 (8th Cir. 2021). As for the supervisory defendants, because Plaintiff failed to establish that Defendants Tucker or Tinoco – or any other employee – had violated Mr. Starks's constitutional rights, and because there was no evidence that Defendant Hendrix had notice of prior constitutional violations committed by either Tucker or Tinoco – or anyone else, the Court found that Plaintiff's claims against Defendant Hendrix as a supervisor failed. S.M. v. Krigbaum, 808 F.3d 335, 340 (8th Cir. 2015) (supervisory defendants must have notice of constitutional violations); Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996) (supervisor may be liable under section 1983 if their "failure to properly supervise and train the offending employee caused a deprivation of constitutional rights."). Further, because Defendant Crancer, who was also a nurse supervisor, was similarly situated to Defendant Hendrix, the Court found Defendant Crancer was also entitled to summary judgment because her potential liability turned on the same issues as Defendant Hendrix. Glob. Petromarine v. G.T. Sales & Mfg., Inc., 577 F.3d 839, 844 (8th Cir. 2009) (holding district court may grant summary judgment sua sponte in favor of non-moving party where the non-moving parties' right to summary judgment turned on the same issue presented by the motion of the moving party). The Court entered summary judgment against Plaintiff and in favor of the remaining individual defendants, Ivy, Crancer, Hendrix, Tinoco, and Tucker.

As for the County, the Court found Plaintiff failed to set forth evidence from which a factfinder could reasonably conclude the County was liable under § 1983, because she did not

3

argue there were unconstitutional policies that led to Mr. Starks's death.  Further, Plaintiff pointed to no evidence from which a factfinder could reasonably conclude there was a pattern or practice of constitutional violations at the Jail, and that County officials were aware of the pattern or practice, or that it failed to properly train, supervise, or discipline its employees.  The Court also entered summary judgment against Plaintiff and in favor of the County.

In the motion presently before the Court, Plaintiff seeks relief from and/or reconsideration of the Court's March 5, 2024 Memorandum and Order.  Plaintiff argues that the Court: (1) granted summary judgment to non-movants in violation of Rule 56(f); (2) erroneously found Plaintiff had abandoned claims she was pursuing against the County; and (3) made improper conclusions of law, including holding that a "serious medical need" must be diagnosed by a physician.  In support of her motion, Plaintiff attaches the declaration of her expert, Ross Heller, M.D., which is dated April 2, 2024, after the Court's ruling.  Defendants oppose Plaintiff's motion and also move to strike Dr. Heller's new declaration.

## II. Discussion

Plaintiff moves for relief from the final summary judgment order pursuant to Rules 59(e) and 60(b).  "Federal Rule of Civil Procedure 59(e) allows any party aggrieved by a judgment to file a motion to alter or amend the judgment 'no later than 28 days after' the judgment has been entered." Chapman v. Hiland Partners GP Holdings, LLC, 862 F.3d 1103, 1111 (8th Cir. 2017) (quoting Fed. R. Civ. P. 59(e)).  Motions pursuant to Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018) (quotation omitted).

4

Federal Rule of Civil Procedure 60(b) allows for relief final judgment based on six specific grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of NE, 207 F.3d 480, 487 (8th Cir. 2000). A Rule 60(b) motion is not for the purpose of rearguing, more fully, the merits of a claim. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

Plaintiff fails to identity the grounds upon which she is seeking relief under Rule 59(e) or Rule 60(b). On this basis alone, the motion is denied. The Court, however, will address some of the arguments Plaintiff raises in her motion.

        **A.**      **The Entry of Summary Judgment as to Non-Moving Parties**

First, Plaintiff argues that the Court improperly granted summary judgment sua sponte to four nonmovants, Defendants Tinoco, Tucker, Hendrix and Crancer. Plaintiff contends that she was not provided notice or given a reasonable time to respond under Rule 56(f). Plaintiff's argument is without merit. The Eight Circuit has held that sua sponte summary judgment is proper where "the party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted.'" Figg v. Russell, 433 F.3d 593, 597 (8th Cir. 2006) (quotations omitted).

5

Here, Plaintiff moved for summary judgment as to liability against Defendants Tinoco, Tucker, and Hendrix. The issue of whether Defendants Tinoco and Tucker were deliberately indifferent to Mr. Starks's serious medical needs was squarely before the Court. Having raised the issue of liability herself, clearly Plaintiff was on notice that she needed to come forward with all of her evidence to avoid the entry of summary judgment. McClure v. Am. Fam. Mut. Ins. Co., 223 F.3d 845, 856 (8th Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)). See also Barkley, Inc. v. Gabriel Bros., Inc., 829 F.3d 1030, 1041 (8th Cir. 2016) (affirming summary judgment against party who moved for summary judgment and in favor of non-moving party); Advantage Consulting Grp., Ltd. v. ADT Sec. Sys., Inc., 306 F.3d 582, 588 (8th Cir. 2002) (same); Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir. 1992) (because, the plaintiff's right to summary judgment and the cross-defendants right to summary judgment turned on the same issue, "the district court had no reason to delay the entry of judgment for the [cross-defendants]."). Therefore, it was not improper for the Court to have entered summary judgment in favor of the nurses, Defendants Tinoco and Tucker.

The same can be said of Defendant Hendrix, a nursing supervisor. Plaintiff moved for summary judgment and argued that Defendant Hendrix was liable as a supervisor for her failure to train, supervise, and/or discipline subordinates, who allegedly violated Mr. Starks's constitutional rights. Plaintiff was clearly on notice that the Court might find Defendant Hendrix's subordinates did not commit constitutional violations or that Defendant Hendrix did not have notice of any such violations, as these issues were briefed extensively by Plaintiff and the Defendants. Thus, the Court did not err in entering summary judgment in Defendant Hendrix's favor as to liability. Id.

6

With regard to Defendant Crancer, Plaintiff did not move for summary judgment as to this defendant, but the Court found that as a nursing supervisor she was similarly situated to Defendant Hendrix and was entitled to summary judgment as well. The Court acknowledged that it was granting summary judgment in Defendant Crancer's favor sua sponte and wrote the following:

> The Eighth Circuit has approved a sua sponte grant of summary judgment in favor of non-moving parties where the losing party had sufficient notice in the form of the summary judgment motion filed by another party, and the non-moving parties' right to summary judgment turned on the same issue presented by the motion of the moving party. Global Petromarine v. G.T. Sales & Mfg., Inc., 577 F.3d 839, 844 (8th Cir. 2009). See, e.g., Anzaldua v. Ne. Ambulance & Fire Prot. Dist., 793 F.3d 822, 837 (8th Cir. 2015) ("Once the district court determined no First Amendment violation had occurred, it was proper for the district court to enter summary judgment for all defendants facing identical First Amendment claims."); Madewell v. Downs, 68 F.3d 1030, 1050 (8th Cir. 1995) (there is no reason to delay entry of judgment for similarly situated parties).

(ECF No. 384 at 32). Plaintiff may disagree with the Court's conclusion that Defendant Crancer's liability turns on the same issue as Defendant Hendrix's but in the filings before the Court on summary judgment, Plaintiff failed to show that Defendant Crancer was otherwise situated, and she has not done so now. Finally, as to all four defendants – Defendants Tinoco, Tucker, Hendrix, and Crancer – Plaintiff does not set forth in her current motion what arguments she would have made and/or what evidence she would have submitted had she known the Court was considering entering summary judgment in favor of these defendants. In sum, Plaintiff is not entitled to relief from the entry of summary judgment based on the argument that she did not have proper notice pursuant to Rule 56(f).

**B.      The Court's Findings Regarding Abandoned Claims Against the County**

Plaintiff also argues that she is entitled to relief from judgment because the Court erred in finding that she had abandoned certain claims against the County. In its Motion for Summary Judgment, the County argued that Plaintiff failed to establish facts sufficient to demonstrate the

7

County (1) had an unlawful or unconstitutional policy; (2) had an unlawful pattern, practice, or custom; (3) failed to train, supervise, or discipline its employees; or (4) had employees who were deliberately indifferent to the medical needs of Mr. Starks or violated his constitutional rights.  In other words, the County moved for summary judgment as to all claims Plaintiff asserted against it.

In response to these arguments, Plaintiff did not argue there were County policies that were facially unconstitutional.  In addition, in responding to the County's Motion for Summary Judgment – in which the County moved that all claims against it be dismissed, and judgment be entered in its favor – Plaintiff focused on the nurses' failure to follow standing orders and, more specifically, their failure to conduct assessments and provide Mr. Starks with medications.

In its Memorandum and Order dated March 5, 2024, the Court found Plaintiff failed to establish § 1983 liability as to the County. The Court wrote, "Plaintiff points to no policy that is unconstitutional, and there is no evidence of a custom or pattern and practice of employees committing constitutional violations."  (ECF No. 384).  In reaching this conclusion, the Court noted that Plaintiff, in moving for and responding to the County's motion for summary judgment, had focused almost exclusively on the nurses' failure to do assessments and distribute medications to inmates in the housing units.  The Court acknowledged that during the course of this litigation Plaintiff had raised other theories of liability against the County.  With regard to these other theories of liability, the Court wrote the following:

> [I]n [Plaintiff's] Fourth Amended Complaint, the statements of facts, and Dr. Heller's expert reports there are references to other conduct and circumstances at the Jail that contributed to Mr. Starks's death. For example, Dr. Heller opined that the 45-minute delay between when Mr. Starks was found on the floor of his cell and when he was treated at the infirmary contributed to his death. Dr. Heller criticized corrections and medical staff for not calling 911 immediately when Mr. Starks was found on the floor of his cell and for the long delay getting him to the infirmary. He was also critical of Ms. Heitman for not sending Mr. Starks to the

8

> infirmary upon intake, and of Nurse Susman for not doing more when he had a low blood pressure reading the morning of August 5. Plaintiff has abandoned all claims based on this conduct, however. She failed to join in this case or dismissed the defendants who were involved in these events, and in responding to the County's Motion for Summary Judgment, did not argue that conduct during these events amounted to constitutional violations, that such conduct was taken pursuant to an official municipal policy, or that it was part of a custom, or pattern and practice. Leftwich ex rel. Leftwich v. Cnty. of Dakota, 9 F.4th 966, 974 (8th Cir. 2021); Corwin [v. City of Indep., Mo., 829 F.3d 695, 699 (8th Cir. 2016)].

(ECF No. 384 at 33).

Plaintiff now argues that she did not abandon these claims. She argues that the County did not seek to dismiss claims based these policies and/or conduct in its Motion for Summary Judgment. Plaintiff's argument is without merit. The County clearly moved for the entry of summary judgment as to <u>all</u> claims against it. Plaintiff may disagree with the Court's findings, but they are supported by the summary judgment record. Furthermore, in her motion to reconsider or for relief from judgment, Plaintiff does not argue the County had policies that were unconstitutional on their face, and, once again, Plaintiff's focus is on the nurse's failure to do assessments and distribute medication. Plaintiff is not entitled to relief under Rules 59(e) or 60(b) on this basis.

    **C.**    **The Court Will Neither Consider the Submission of New Evidence Nor Revisit Its Conclusions of Law.**

In support of her Motion for Relief from Judgment and/or Reconsideration Pursuant to Rules 59(e) and 60(b), Plaintiff submits a declaration signed by her expert, Dr. Heller. The declaration was executed on April 2, 2024, after the Court entered summary judgment in Defendants' favor.

Plaintiff states that she is offering Dr. Heller's declaration so that the doctor can clarify testimony the Court misconstrued in its March 5, 2024 Memorandum and Order. In addition, Dr. Heller's declaration details a number of opinions that were not set forth in his prior reports or

9

deposition testimony.  Plaintiff contends these new opinions are based on documents Defendants produced after the close of discovery and Dr. Heller had been deposed.

Defendants move to strike Dr. Heller's April 2, 2024 declaration. Defendants argue Plaintiff is seeking to introduce new evidence in violation of Rules 59(e) and 60(b).  They also argue that the introduction of undisclosed expert opinions is in violation of Rule 26(a)(2) and the operative Case Management Order.

Defendants' motion to strike Dr. Heller's declaration will be denied because a motion to strike may be directed only against pleadings.  Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P.  "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly."  2 James W. Moore, et al., Moore's Federal Practice § 12.37[2] (3rd ed. 2018). "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."  Id.  See also Cowden v. BNSF Ry. Co., No. 4:08-CV-1534 ERW, 2013 WL 5442952, at *2 (E.D. Mo. Sept. 30, 2013) (declaration could not be attacked with a motion to strike); Khamis v. Bd. of Regents, Se. Mo. State Univ., No. 1:09-CV-145 RWS, 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2010) (affidavit attached to memorandum in opposition could not be attacked by a motion to strike).

That said, the Court agrees with the reasoning in Defendants' motion and will not consider Dr. Heller's declaration dated April 2, 2024, because it is new evidence.  A party seeking to introduce new evidence on a Rule 59(e) or Rule 60(b) motion must show that "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a

10

different result." Ryan, 889 F.3d at 508 (citing Miller v. Baker Implement Co., 439 F.3d 407, 414 (8th Cir. 2006)).  See also United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 n.3 (8th Cir. 2006) ("Rule 59(e) or Rule 60(b)(2) are analyzed identically").

Dr. Heller's declaration was executed after the Court ruled on the motions for summary judgment. While Plaintiff contends Dr. Heller is responding to evidence Defendants produced after the close of discovery, Defendants produced the evidence prior to the summary judgment motion deadline.  Upon receipt of the late discovery, Plaintiff could have sought relief from the Court. Instead, she filed for summary judgment and responded to the defendants' motion for summary judgment.  In other words, Plaintiff chose to wait and raise the issue of the County's late discovery disclosures by filing a new declaration after the Court entered summary judgment in Defendants' favor.  Plaintiff did not exercise due diligence, and the Court will not consider the new evidence. U.S. W. Fin. Servs., Inc. v. Buhler, Inc., 150 F.3d 929, 935 (8th Cir. 1998) (district court did not abuse its discretion in denying Rule 59(e) motion where the party admitted that the evidence was available before the entry of judgment).

Finally, Plaintiff devotes the majority of her Motion and Memorandum in Support arguing that the Court should reconsider its findings that Plaintiff failed to establish that the remaining individual defendants were deliberately indifferent to Mr. Starks's serious medical needs.  Plaintiff disagrees with the Court's application of the law to the facts of this case.  But as stated above, Rule 59(e) and Rule 60(b) motions are not vehicles to raise or refine arguments that could have been made prior to the entry of summary judgment. Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998); Broadway, 193 F.3d at 990.  The Court will not entertain arguments Plaintiff could have made in support of her motions for summary judgment or in response to Defendants' motion for summary judgment.

11

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Margaret Starks's Motion for Relief from Judgment and/or Reconsideration Pursuant to Rule 59(e) and Rule 60(b) is **DENIED.** [ECF No. 389].

**IT IS FURTHER ORDERED** that Defendants St. Louis County, Missouri and Cedric Ivy's Motion to Join Motion to Strike the Declaration of Ross Heller, M.D. is **GRANTED**. [ECF No. 399]

**IT IS FURTHER ORDERED** that Defendants Fay Crancer, Rita Hendrix, Reginald Tinoco, and Debra Tucker's Motion to Strike the Declaration of Ross Heller, M.D., is **DENIED.** [ECF No. 394]

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   26th   day of June, 2024.